UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>Plaintiff )<br>  )<br>v. )<br>  )<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, )<br>PAUL GALLAGHER, WILLIAM WALLACE, )<br>DONALD PATTULLO, CHARLES HESELTINE )<br>and PATRICK KEEFE, Individually and )<br>as Police Officers of Their Respective )<br>Municipalities, LT. RIORDON and )<br>the TOWN OF NORTH ANDOVER, )<br>THE TOWN OF ANDOVER, )<br>and MERRIMACK COLLEGE )<br>Defendants )<br>  ) | **05-11354 JLT**<br><br>CIVIL ACTION NO.<br>RECEIPT #_____<br>AMOUNT $_____ 250.00 _____<br>SUMMONS ISSUED___ 13 _____<br>LOCAL RULE 4.1_____<br>WAIVER FORM _____<br>MCF ISSUED_____<br>BY DPTY. CLK.___ M.P. _____<br>DATE_____ 6/27/2005 _____<br><br>**MAGISTRATE JUDGE** JGD |

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

1.    This action for damages and attorneys' fees is brought pursuant to 42 U.S.C. §§

1983, 1985 and 1988 against police officers who, under color of law, deprived Plaintiff of his

rights, privileges and immunities secured by the Constitution and law of the United States.

Moreover, this is an action for damages and attorneys' fees brought pursuant to the above

sections of the United States Code against two municipalities, and a college, which promoted,

conspired, promulgated and adopted policies and procedures for use by its law enforcement

officers which were the direct and proximate cause of the intimidation, physical abuse and

wrongful arrest of Plaintiff without probable cause, and which policies and procedures under the

color of law deprived Plaintiff of his rights, privileges and immunities secured by the

Constitution and laws of the United States and a college which aided and abetted the law

enforcement officers. The action is also brought against a safety officer at the college for his wrongful conduct in violating Plaintiff's privacy rights. This complaint seeks damages to compensate Plaintiff for personal injuries and mental anguish caused by the defendants' wrongful actions in depriving Plaintiff of his civil rights while acting under color of law. Additionally, Plaintiff seeks punitive damages, interests, costs and attorneys' fees.

2.    In Counts I through VII of this Verified Complaint and Request for Jury Trial, Plaintiff seeks to recover for the damages he suffered, including, but not limited to, significant physical, academic and emotional injuries, for the abridgment of the state and federal civil rights of Plaintiff by the defendants while acting under color of the law pursuant to 42 U.S.C. §§1983 and 1985 and M.G.L. c. 12 §11H and 11I. Additionally, Plaintiff seeks to recover attorneys' fees pursuant to 42 U.S.C. §§1988 and M.G.L. c.12 §11I and punitive damages. In Counts VIII through XIV, Plaintiff seeks to recover from the defendants for the damages caused by the defendants' false imprisonment, assault and battery, intentional/negligent infliction of emotional distress, negligence, violation of M.G.L.c. 214 § 1B, and breach of contract.

## JURISDICTION

3.    Counts I through IV of this Complaint set forth civil actions brought to redress deprivations, under color of state law, of rights secured by the Constitution of the United States and by an Act of Congress pursuant to 42 U.S.C. §§1983 and 1985, respectively, and this Court has jurisdiction pursuant to 18 U.S.C. §1343(a)(3). Additionally, pursuant to 28 U.S.C. §1331, district courts have original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

4.    Counts V through XIV of this Complaint aver causes of action which are related to the causes of action set forth in Counts I through IV and arise out of the subject matter of those counts. This court has jurisdiction over these Counts by virtue of the doctrine of pendent jurisdiction and 28 U.S.C. §1367(a).

5.    This Court further has jurisdiction over all Counts pursuant to 28 U.S.C. § 1332, where Plaintiff is a resident of New Jersey. Defendants, upon information and belief, are

residents of, or incorporated in, the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000.

## PARTIES

6.     Plaintiff Brett S. Godette is citizen of the United States and a resident of East Brunswick, New Jersey. Mr. Godette is an African-American.

7.     The defendant Richard Stanley (hereinafter, "Stanley") is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Stanley was employed as the Chief of Police of the Town of North Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as Chief of Police. His act(s) and/or omissions as Chief of Police were performed under color of rules, regulations, ordinances, custom and usage of the Town of North Andover and the Statutes of the Commonwealth of Massachusetts.

8.     The defendant Diane Heffernan (hereinafter, "Heffernan") is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Heffernan was employed as a police detective of the Town of North Andover, Massachusetts, and was acting in her individual capacity and/or her official capacity as a police detective. Her act(s) and/or omissions as a police detective were performed under color of rules, regulations, ordinances, custom and usage of the Town of North Andover and the Statutes of the Commonwealth of Massachusetts.

9.     The defendant Paul J. Gallagher (hereinafter, "Gallagher") is an individual and, upon information and belief, resides at an address presently unknown to Plaintiff. At all times relevant, Gallagher was employed as a police lieutenant of the Town of North Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as a police lieutenant. His act(s) and/or omissions as a police lieutenant were performed under color of rules, regulations, ordinances, custom and usage of the Town of North Andover and the Statutes of the Commonwealth of Massachusetts.

10. The defendant Daniel G. Cronin is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Cronin was employed as a police detective of the Town of North Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as a police detective. His act(s) and/or omissions as a police detective were performed under color of rules, regulations, ordinances, custom and usage of the Town of North Andover and the Statutes of the Commonwealth of Massachusetts.

11. The defendant Donald Pattullo is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Pattullo was employed as a police sergeant of the Town of Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as a police sergeant. His act(s) and/or omissions as a police sergeant were performed under color of rules, regulations, ordinances, custom and usage of the Town of Andover and the Statutes of the Commonwealth of Massachusetts.

12. The defendant William Wallace is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Wallace was employed as a police detective of the Town of Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as a police detective. His act(s) and/or omissions as a police detective were performed under color of rules, regulations, ordinances, custom and usage of the Town of Andover and the Statutes of the Commonwealth of Massachusetts.

13. The defendant Charles Heseltine is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Heseltine was employed as a police detective of the Town of Andover, Massachusetts, and was acting in his individual capacity and/or his official capacity as a police detective. His act(s) and/or omissions as a police detective were performed under color of rules, regulations, ordinances, custom and usage of the Town of Andover and the Statutes of the Commonwealth of Massachusetts.

14. The defendant Patrick Keefe is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Keefe was employed as a police detective of the Town of Andover, Massachusetts, and was acting in his individual capacity and/or his official

capacity as a police detective. His act(s) and/or omissions as a police detective were performed under color of rules, regulations, ordinances, custom and usage of the Town of Andover and the Statutes of the Commonwealth of Massachusetts.

15.     The defendant Lieutenant Riordon is an individual and resides at an address presently unknown to Plaintiff. At all times relevant, Riordon was employed as a police lieutenant of the Merrimack College Police Services, and was acting in his individual capacity and/or his official capacity as a police lieutenant. His act(s) and/or omissions as a police lieutenant were performed under color of rules, regulations, ordinances, custom and usage of Merrimack College and the Statutes of the Commonwealth of Massachusetts.

16.     The defendant Town of North Andover ("Town of North Andover") is a municipality established under the General Laws of Massachusetts with its Town Hall located at 120 Main St., North Andover, Massachusetts, 01845. At all times relevant, the Town of North Andover promulgated and otherwise adopted under color of law certain rules, practices, procedures and policies for use by its law enforcement officers as well as certain ordinances, by-laws, custom and usages which deprived the plaintiff of his rights and privileges under the Constitution and laws of the United States.

17.     The defendant Town of Andover ("Town of Andover") is a municipality established under the General Laws of Massachusetts with its Town Hall located at 36 Bartlet St., Andover, Massachusetts, 01810. At all times relevant, the Town of Andover promulgated and otherwise adopted under color of law certain rules, practices, procedures and policies for use by its law enforcement officers as well as certain ordinances, by-laws, custom and usages which deprived the plaintiff of his rights and privileges under the Constitution and laws of the United States.

18.     The defendant Merrimack College is a private college located in North Andover, Massachusetts.

5

## FACTS

19.   At all times relevant, Plaintiff Brett Godette (hereinafter, "Mr. Godette") was a student at Merrimack College and a member of the men's basketball team.

20.   During the early morning of March 26, 2003, Mr. Godette wore a blue "doo-rag" and a gray Merrimack Basketball fleece jacket. At some point before 11:00 a.m. that morning, Mr. Godette removed his blue "doo-rag."

21.   At approximately 8:15 a.m. on that date, Mr. Godette was present in the cafeteria in the Sakowitch Student Center on the campus of Merrimack College in order to study for a Business Calculus examination (hereinafter, the "examination") with a fellow student named Gina Bertelli.

22.   From approximately 8:30 a.m. to 10:00 a.m. on that date, Mr. Godette, Bertelli and others studied together in preparation for the examination. At approximately 10:00 a.m. on that date, Bertelli left the cafeteria in order to attend a class.

23.   From approximately 10:00 a.m. to 10:50 a.m. on that date, Mr. Godette remained in the cafeteria and studied with a fellow student named Lightfoot Taylor.

24.   At approximately 10:50 a.m. on that date, Mr. Godette left the cafeteria and traveled directly to his Business Calculus class. From approximately 11:00 a.m. to 11:50 a.m. on that date, Godette was present at his Business Calculus Class taking a written examination.

25.   At approximately 11:30 a.m. on that date, upon information and belief, an individual robbed a bank in North Andover, Massachusetts.

26.   At approximately 11:55 a.m. on that date, Mr. Godette completed his examination and proceeded directly to his Strategic Marketing class, which he attended from noon to approximately 12:50 p.m.

27.   At approximately 12:50 p.m. on that date, Mr. Godette proceeded directly to the cafeteria in order to eat lunch. He remained in the cafeteria eating with friends until approximately 1:30 p.m.

6

28.     At approximately 1:30 p.m. on that date, Mr. Godette left the cafeteria and proceeded to the Office of Residence Life in order to reschedule an appointment, then scheduled for that afternoon, so that he could attend a workout with the Merrimack College varsity basketball team.

29.     At approximately 2:00 p.m. on that date, upon information and belief, Riordon of the Merrimack College Police Services, after receiving information about a suspect in the robbery, falsely reported to North Andover Police via telephone that, among other things, Mr. Godette was wearing the same clothes as the suspected robber. Shortly thereafter, on that day, Riordon met with various police officers, including, without limitation, Heffernan, Stanley, Cronin and Gallagher. At the meeting, Riordon displayed to the officers a photograph of Mr. Godette, whom, upon information and belief, Riordon believed to be the suspect. Upon information and belief, Riordon displayed Mr. Godette's identification photograph to North Andover police and/or assisted in locating Mr. Godette on campus. Upon information and belief, at no time between 11:30 a.m. and 3:10 p.m. on March 26, 2003 did any of the defendants take any steps to investigate Mr. Godette's whereabouts at the time of the alleged robbery.

30.     At approximately 2:00 p.m. on that date, Mr. Godette, who was not aware of the robbery or that Riordon had identified him as a suspected robber, returned to his room in the Monican dormitory and then proceeded directly to a friend's room in the same dormitory.

31.     At approximately 2:55 p.m. on that date, Mr. Godette left his friend's room. He thereafter returned directly to his own room in order to gather his belongings in order to attend a workout with the basketball team.

32.     At approximately 3:10 p.m. on that date, Mr. Godette walked out of the Monican dormitory and was immediately surrounded by several police officers from the Andover, North Andover and Merrimack Police Departments, including, without limitation, Heffernan, Chief Stanley, Gallagher, Cronin, Wallace, Pattullo, Heseltine and Keefe. A male officer violently pushed Mr. Godette against a wall. Several officers yelled orders at Mr. Godette, some of which contradicted one another.

33.     During the confrontation, Heffernan put her hand on her gun and told the terrified
Mr. Godette he was under arrest, while, at the same time, a male officer peppered Mr. Godette
with a rapid series of questions. At no time did Mr. Godette hear the officers provide him with
any Miranda warnings.

34.     Heffernan held Mr. Godette's wrists and arms tightly and, in a rough manner,
placed Mr. Godette in handcuffs. Without first seeking consent, Heffernan then began to search
Godette's book bag. When the book bag became entangled in the handcuffs, Mr. Godette was
pulled away from the wall, and then another officer violently pushed Mr. Godette back against
the wall.

35.     For approximately fifteen minutes, in full view of onlookers, these police officers
detained Mr. Godette in and around the lobby area of the Monican dormitory.

36.     Without first seeking consent from Mr. Godette, a male officer searched
Godette's person and asked Mr. Godette whether he had any weapons. Mr. Godette denied
possession of any weapons, and the officer found no weapons. At no time did any of the other
officers physically present take any steps to prevent the wrongful, unconsented to physical
touching of Mr. Godette.

37.     Shortly thereafter, Mr. Godette heard Heffernan say, in words or substance, "It's
in his pocket." An officer reached inside Mr. Godette's pants, without consent, and pulled his
left pocket inside out, pulling Mr. Godette's pants down to his knees in the process in full view
of several onlookers who had gathered around the Monican lobby. The officer asked Mr.
Godette what was in his pocket and felt the object in order to determine what it was. Mr. Godette
told the officer the object was a keychain. An officer removed the keychain and then quickly
placed it back in Mr. Godette's pocket.

38.     While the officers searched Mr. Godette's person, a third officer pointed his
finger in a menacing manner in Mr. Godette's face and told Mr. Godette, in words or substance,
that Mr. Godette was in trouble. The officer told Mr. Godette, in essence, that he (Mr. Godette)
was better off telling the police everything.

8

39.     To Mr. Godette's great surprise, the other male officer then accused Mr. Godette of having robbed a bank. In an intimidating manner, the officer asked Mr. Godette a number of questions in rapid succession, without waiting for Mr. Godette's answers thereto. The officers told Mr. Godette, erroneously and falsely, that they possessed a surveillance videotape which depicted his face.

40.     Mr. Godette attempted to describe his whereabouts to the officers, whereupon one officer flatly and wrongfully accused Mr. Godette of lying. The officers also interrupted Mr. Godette's answers several times in order to ask him more questions.

41.     After an officer questioned and intimidated Mr. Godette for approximately fifteen minutes in or around the lobby of the Monican dormitory, a male officer told Mr. Godette that the officers wanted to visit his dormitory room. Initially, Mr. Godette refused, but, in an effort to get away from the crowd of onlookers, and to limit his embarrassment, Mr. Godette, while under duress, succumbed to officers' pressure to permit them to invade his room.

42.     Mr. Godette experienced extreme humiliation and embarrassment as the officers led him in handcuffs past several onlookers through the dormitory to his dormitory room.

43.     Upon arriving at Mr. Godette's dormitory room, which he shared with another student, the officers began to conduct an illegal, unconsented to, search of the entire room while Cronin conducted an intense and intimidating interrogation of Mr. Godette. The officer did not inform Mr. Godette of the time of the alleged robbery during the course of the interrogation. As a result of the search, Mr. Godette's room was left in a state of disarray.

44.     The search and interrogation in the room lasted for approximately forty-five minutes. During that time, more than ten officers stood outside the room.

45.     The officers found no contraband or evidence of the robbery during their search of Mr. Godette's room. Cronin then began taking notes of his conversation with Mr. Godette. For the first time since Mr. Godette was placed under arrest, Cronin asked Mr. Godette, in the presence of Heffernan, specific questions about his whereabouts on that day, repeating many of

the questions which Mr. Godette had already answered. Cronin warned Mr. Godette in a threatening manner that Mr. Godette needed to be accurate with his responses.

46.     While still handcuffed, Mr. Godette provided detailed information about his whereabouts that day to the officer. After five to ten minutes, Heffernan left the room, apparently to confirm Mr. Godette's whereabouts.

47.     Mr. Godette then remained handcuffed and seated for approximately thirty minutes in his dormitory room with a male officer.

48.     At that point, Heffernan returned to Mr. Godette's room and told Mr. Godette that the police had confirmed Mr. Godette's whereabouts and that he was no longer under arrest. Heffernan released Mr. Godette from handcuffs, which he had been wearing for almost three hours. Without even an apology, the officers then left Mr. Godette's room.

49.     At or around this time, Heffernan showed Mr. Godette four grainy and unclear photographs of the suspected bank robber wearing a white "doo-rag" and white hat.

50.     After looking at the photographs and conversing briefly with Heffernan, Mr. Godette walked out of his room and out of the dormitory past several onlookers who asked Mr. Godette questions about what had happened.

51.     On or about March 27, 2003, President of Merrimack College Richard Santagati approached Mr. Godette and invited Mr. Godette to join him for lunch. Mr. Godette agreed to have lunch with President Santagati. Mr. Godette, then a junior, had never been invited to lunch with the President throughout his college career before that date.

52.     During the lunch that day, Santagati apologized to Mr. Godette and, further, told Mr. Godette, in essence, that the individual accountable for the wrongdoing would be disciplined. Santagati also told Mr. Godette, falsely, that Merrimack College Public Safety had nothing to do with the arrest and that the arrest was the result of all outside police work.

53.     In or around March, 2003, at the request of Merrimack College Men's Basketball Coach Bert Hammel, Mr. Godette spoke with a counselor at the school about the trauma and humiliation he had endured in the incident.

10

54.    As a direct and proximate result of the wrongful action of the Defendants in falsely arresting, handcuffing, interrogating and detaining Mr. Godette without probable cause, in using excessive and unnecessary force, and in causing Mr. Godette to suffer extreme humiliation and embarrassment, Mr. Godette has suffered from, and will continue to suffer from, injuries to both body and mind, including, without limitation, emotional distress, mental anguish and physical harm.

54 a.    On October 5, 2004, Godette, through counsel, forwarded presentment letters pursuant to M.G.L. c. 258 § 4 to the appropriate town officials for the Town of Andover and the Town of North Andover.  (See copy of letter dated October 5, 2004 directed to Town of North Andover, and two sets of copies of Domestic Return Receipts and Certified Mail Receipts attached hereto as **Exhibits A, B and C**; see also copy of letter dated October 5, 2004 directed to Town of Andover, and two sets of copies of Domestic Return Receipts and Certified Mail Receipts attached hereto as **Exhibits D, E and F**.) Godette has received no timely responses to those letters within six months.

## COUNT I
## CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983
### (Godette v. Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine and Keefe)

55.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 54a of the Verified Complaint as if expressly set forth herein.

56.    This count is brought against defendants Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine, and Keefe (Collectively, "Defendant Police Officers"), all individually, for civil rights violations pursuant to 42 U.S.C. §1983.

57.    The actions of the Defendant Police Officers, including, but not limited to, (a) detaining and handcuffing Mr. Godette in full view of a crowd of onlookers and personnel, (b) using excessive force, (c) leading Mr. Godette through the dormitory in a humiliating and

embarrassing fashion in full view of said crowd, (d) searching his dormitory room without consent, (e) discriminating against Mr. Godette on the basis of his race, (f) falsely and unjustly accusing Mr. Godette, one of only a few African Americans on the Merrimack Campus, of heinous criminal acts, (g) wrongfully threatening, intimidating and coercing Godette, (h) failing to conduct a proper investigation, and (i) violating Godette's privacy rights, were done maliciously, intentionally and/or recklessly under color of law and without justification, or probable cause.

58.     Said conduct thereby obstructed the course of justice and deprived Mr. Godette of numerous federal constitutional rights, including, but not limited to, freedom from unreasonable seizure of his person under the Fourth Amendment, freedom from false accusations, due process and equal protection under the Fifth and Fourteenth Amendments, privileges and immunities under Article IV and the Fourteenth Amendment, freedom from racial discrimination, freedom from malicious prosecution and freedom from intimidation and humiliation.

59.     As a direct and proximate result of the aforesaid acts of the Defendant Police Officers who were acting under color of law, Plaintiff has suffered from, and will continue to suffer from, physical injuries, mental anguish and other damages.

**WHEREFORE**, the plaintiff Mr. Godette demands the following:

1. That Plaintiff be awarded judgment against the defendant Richard Stanley, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That Plaintiff be awarded judgment against the defendant Diane Heffernan, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That Plaintiff be awarded judgment against the defendant Daniel Cronin, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4. That Plaintiff be awarded judgment against the defendant Paul Gallagher,

12

individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5. That Plaintiff be awarded judgment against the defendant William Wallace, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6. That Plaintiff be awarded judgment against the defendant Donald Pattullo, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

7. That Plaintiff be awarded judgment against the defendant Charles Heseltine, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

8. That Plaintiff be awarded judgment against the defendant Patrick Keefe, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

9. That Plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

10. That Plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to 42 U.S.C. §1988.

11. That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT II
## CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO
## 42 U.S.C. §1985
### (Godette v. Stanley, Heffernan, Gallagher, Cronin,)
### (Wallace, Pattullo, Heseltine, Keefe, and Riordon)

60.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 59 of the Verified Complaint as if expressly set forth herein.

13

61.     This count is brought against Defendant Police Officers, all individually, and Riordon, for conspiracy to violate 42 U.S.C. §1985.

62.     On or about March 26, 2003, the Defendant Police Officers, acting under the color of law, did conspire with each other and Riordon, for the purposes of obstructing justice and depriving the plaintiff of several constitutional rights.

63.     At all times relevant, the Defendant Police Officers were acting together in their individual capacities while wearing the uniform of their respective police departments.  In furtherance of said conspiracy, the defendant officers, along with Riordon, performed several wrongful acts, including, but not limited to, (a) detaining and handcuffing Mr. Godette in full view of a crowd of onlookers and personnel, (b) using excessive force, (c) leading Mr. Godette through the dormitory in a humiliating and embarrassing fashion in full view of said crowd, (d) searching his dormitory room without consent, (e) discriminating against Mr. Godette on the basis of his race, (f) falsely and unjustly accusing Mr. Godette, one of only a few African Americans on the Merrimack Campus, of heinous criminal acts, (g) wrongfully threatening, intimidating and coercing Godette, (h) failing to conduct a proper investigation, and (i) violating Godette's privacy rights, all of which acts were performed intentionally and/or recklessly under color of law and without justification or authority.

64.     Said conduct thereby deprived Mr. Godette of numerous federal constitutional rights, including, but not limited to, freedom from unreasonable seizure of his person under the Fourth Amendment, freedom from false accusations, freedom from racial discrimination, due process and equal protection under the Fifth and Fourteenth Amendments, privileges and immunities under Article IV and the Fourteenth Amendment, freedom from summary punishment and freedom from intimidation and humiliation.

65.     As a direct and proximate result of the aforesaid conspiracies of the defendant police officers, who were acting under color of law, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the plaintiff demands the following:

14

1. That Plaintiff be awarded judgment against the defendant Richard Stanley, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That Plaintiff be awarded judgment against the defendant Diane Heffernan, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That the plaintiff be awarded judgment against the defendant Daniel Cronin, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4. That the plaintiff be awarded judgment against the defendant Paul Gallagher, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5. That the plaintiff be awarded judgment against the defendant William Wallace, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6. That the plaintiff be awarded judgment against the defendant Donald Pattullo, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

7. That the plaintiff be awarded judgment against the defendant Charles Heseltine, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

8. That the plaintiff be awarded judgment against the defendant Patrick Keefe, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorney's fees.

9. That the plaintiff be awarded judgment against the defendant Lt. Riordon, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorney's fees.

10. That the plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

11. That the plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to 42 U.S.C. §1988.

12. That the plaintiff demands such other relief as this Honorable Court may deem meet and just.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO**
**42 U.S.C. §1983**
**(Godette v. Town of North Andover)**

66.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 65 of the Verified Complaint as if expressly set forth herein.

67.    This count is brought against the defendant Town of North Andover for its above described gross negligence pursuant to 42 U.S.C. §1983.

68.    At all times relevant hereto, defendants Stanley, Heffernan, Gallagher and Cronin, while agents, servants and/or employees of the defendant, Town of North Andover, in concert with the other individual defendants and officers, were acting under color of law and within the scope of their authority as police officers pursuant to established policies, rules, regulations, ordinances, customs and usages of the Town of North Andover.

69.    The defendant Town of North Andover participated in a pattern of conduct consisting of (a) failing to conduct a proper investigation before detaining individuals, and/or (b) harassment, intimidation and excesses in the use of force prior to, at and after detaining individuals, and/or (c) acquiescing in and or failing to take any action to prevent or halt such wrongful conduct during and after detaining individuals, and/or (d) discriminating against individuals on the basis of race, and/or (e) wrongfully threatening, intimidating or coercing

individuals, and/or (f) violating the privacy right of individuals, thereby depriving Plaintiff and others of their constitutional rights of freedom from unreasonable seizure of his person under the Fourth Amendment, freedom from false arrest, due process and equal protection under the Fifth and Fourteenth Amendments, privileges and immunities under Article IV and the Fourteenth Amendment, freedom from summary punishment and freedom from intimidation, discrimination and humiliation.

70.    This pattern of conduct consists of individual acts of violence, intimidation, use of excessive force, discrimination on the basis of race, failure to conduct a proper investigation before detaining individuals, threats, coercion and humiliation visited upon Plaintiff and others by members of the Town of North Andover Police Department while agents, servants and/or employees of the Town of North Andover.

71.    The acts of violence, intimidation, force, threats, coercion and humiliation of others, the failure to conduct a proper investigation before detaining individuals and the excessive use of force against Plaintiff as previously alleged were all the result of gross negligence on the part of the Town of North Andover in that training and hiring of the police force was nonexistent or reckless thereby exhibiting a deliberate indifference on the part of the Town of North Andover.

72.    There was no justification or excuse in law for the Town of North Andover's failure to address the above described improper and repugnant conduct of members of its police force. Such conduct is unrelated to any activities in which police officers may appropriately and legally engage in the course of protecting people or property or ensuring civil order.

73.    Upon information and belief, the Town of North Andover knew or should have known of the fact that this pattern of conduct was being carried out by its agents, servants and/or employees and in particular Stanley, Heffernan, Gallagher and Cronin, and had been for some time, but the Town of North Andover took no steps, nor showed any effort, in an attempt to halt this course of conduct.

74.    Upon information and belief, the Town of North Andover has instituted no

disciplinary action or other investigation as to any incidents, and in particular the incident of March 26, 2003, in which the defendants Stanley, Heffernan, Gallagher and Cronin worked as police officers of the Town of North Andover.

75.     The Town of North Andover's failure, among other things, (a) to train suitably and to supervise its police officers, including, but not limited to, Stanley, Heffernan, Gallagher and Cronin, (b) to conduct proper investigations before detaining individuals, (c) to investigate properly incidents of excessive force, threats, coercion and intimidation, (d) to train and/or educate its police officers adequately not to discriminate on the basis of race and to respect privacy rights, and (e) its failure to act to prevent the same is a sign of recklessness and gross negligence and exhibits a deliberate indifference by the Town of North Andover which is a shock to the conscience of all people.

76.     As a direct and proximate result of the conduct and/or omissions of the Town of North Andover, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the plaintiff demands:

1. That the plaintiff be awarded judgment against the defendant Town of North Andover in the amount of Five Hundred Thousand Dollars or the maximum allowed by the law, plus interest, costs, and attorneys' fees.

2. That the plaintiff be awarded punitive damages from the defendant Town of North Andover in the amount of Five Hundred Thousand Dollars, plus costs, and attorneys' fees.

3. That the plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against the Town of North Andover pursuant to 42 U.S.C. §1988, and attorneys' fees.

4. That the plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO
## 42 U.S.C. §1983
## (Godette v. Town of Andover)

77.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 76 of the Verified Complaint as if expressly set forth herein.

78.    This Count is brought against the defendant Town of Andover for its above described gross negligence pursuant to 42 U.S.C. §1983.

79.    At all times relevant hereto, defendants Wallace, Pattullo, Heseltine and Keefe, while agents, servants and/or employees of the defendant, Town of Andover, in concert with the other individual defendants and other officers, were acting under color of law and within the scope of their authority as police officers pursuant to established policies, rules, regulations, ordinances, customs and usages of the Town of Andover.

80.    The defendant Town of Andover participated in a pattern of conduct consisting of (a) failing to conduct a proper investigation before detaining individuals, and/or (b) harassment, intimidation and excesses in the use of force before, at and after the time of detaining Plaintiff, and/or (c) acquiescing in and/or failing to take any action to prevent or halt such wrongful conduct during and after detaining individuals, and/or (d) discriminating against individuals on the basis of race, and/or (e) wrongfully threatening, intimidating, or coercing individuals, and/or (f) violating the privacy rights of individuals, thereby depriving Plaintiff and others of their constitutional rights of freedom from unreasonable seizure of his person under the Fourth Amendment, freedom from false arrest, due process and equal protection under the Fifth and Fourteenth Amendments, privileges and immunities under Article IV and the Fourteenth Amendment, freedom from summary punishment and freedom from intimidation, discrimination and humiliation.

81.    This pattern of conduct consists of a large number of individual acts of violence, intimidation, discrimination on the basis of race, use of excessive force, failure to conduct a proper investigation before detaining individuals, threats, coercion and humiliation visited upon

19

the plaintiff and others by members of the Town of Andover Police Department while agents, servants and/or employees of the Town of Andover.

82.     The acts of violence, intimidation, force, threats, coercion and humiliation of others, the failure to conduct a proper investigation before detaining individuals, and excessive use of force against Plaintiff as previously alleged were all the result of gross negligence on the part of the Town of Andover in that training and hiring of the police force was nonexistent or reckless thereby exhibiting a deliberate indifference on the part of the Town of Andover.

83.     There was no justification or excuse in law for the Town of Andover's failure to address the above described improper and repugnant conduct of members of its police force. Such conduct is unrelated to any activities in which police officers may appropriately and legally engage in the course of protecting people or property or ensuring civil order.

84.     Upon information and belief, the Town of Andover knew or should have known of the fact that this pattern of conduct was being carried out by its agents, servants and/or employees and in particular Wallace, Pattullo, Heseltine and Keefe, and had been for some time, but the Town of Andover took no steps nor showed any effort in an attempt to halt this course of conduct.

85.     Upon information and belief, the Town of Andover has instituted no disciplinary action or other investigation as to any incidents, and in particular the incident of March 26, 2003, in which the defendants Wallace, Pattullo, Heseltine and Keefe worked as police officers of the Town of Andover.

86.     The Town of Andover's failure, among other things, (a) to train suitably and to supervise its police officers, including, but not limited to, Wallace, Pattullo, Heseltine and Keefe, (b) to conduct proper investigations before detaining individuals, (c) to investigate properly incidents of excessive force, threats, coercion, and intimidation, (d) to train and/or educate its police officers adequately not to discriminate on the basis of race and to respect privacy rights, and (e) its failure to act to prevent the same is a sign of recklessness and gross negligence and

exhibits a deliberate indifference by the Town of Andover which is a shock to the conscience of all people.

87.     As a direct and proximate result of the conduct and/or omissions of the Town of Andover, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the plaintiff demands:

1. That Plaintiff be awarded judgment against the defendant Town of Andover in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That Plaintiff be awarded punitive damages from the defendant Town of Andover the amount of Five Hundred Thousand Dollars, plus costs, and attorneys' fees.

3. That Plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against the Town of Andover pursuant to 42 U.S.C. §1988.

4. That Plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT V
## CIVIL RIGHTS VIOLATIONS PURSUANT TO M.G.L. c.12 §§11H and 11I
### (Godette v. Stanley, Heffernan, Gallagher, Cronin,)
### (Wallace, Pattullo, Heseltine, Keefe, Riordon and Merrimack Colege)

88.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 87 of the Verified Complaint as if expressly set forth herein.

89.     This count is brought against defendants Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine, Keefe, and Riordon, all individually, and Merrimack College for civil rights violations pursuant to M.G.L. c.12 §§11H and 11I.

90.     In the actions set forth above, the Defendant Police Officers, while acting under color of law and Merrimack College, through its officers, agents, servants, or employees,

21

including, without limitation, Riordon, interfered by threats, intimidation or coercion, or attempted to interfere by threats, intimidation or coercion, with the exercise or enjoyment by Mr. Godette of rights secured by the constitution or laws of the United States and/or the Commonwealth of Massachusetts in violation of M.G.L. c.12 §§11H and 11I.

91.     As a direct and proximate result of the aforesaid acts of the Defendant Police Officers and Merrimack College, through its officers, agents, servants, and employees, including, without limitation, Riordon, by means of threats, intimidation and coercion, Plaintiff has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the plaintiff demands the following:

1. That the plaintiff be awarded judgment against the defendant Richard Stanley, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That the plaintiff be awarded judgment against the defendant Diane Heffernan, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That the plaintiff be awarded judgment against the defendant Daniel Cronin, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

4. That the plaintiff be awarded judgment against the defendant Paul Gallagher, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5. That the plaintiff be awarded judgment against the defendant William Wallace, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

22

6. That the plaintiff be awarded judgment against the defendant Donald Pattullo, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

7. That the plaintiff be awarded judgment against the defendant Charles Heseltine, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

8. That the plaintiff be awarded judgment against the defendant Patrick Keefe, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

9. That the plaintiff be awarded judgment against the defendant Lieutenant Riordan, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

10. That the plaintiff be awarded judgment against the defendant Merrimack College in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

11. That the plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs.

12. That the plaintiff be awarded, as part of any judgment, fair and reasonable attorneys' fees against each defendant found liable pursuant to M.G.L. c.12 §§11H and 11I.

## COUNT VI
## COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO M.G.L. C. 12 §§11H AND 11I
### (Godette v. Stanley, Heffernan, Gallagher, Cronin,)
### (Wallace, Pattullo, Heseltine, Keefe and Lt. Riordon)

92.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 91 of the verified complaint as if expressly set forth herein.

23

93.    This Count is brought against defendants Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine, Keefe and Lt. Riordon, all individually, for common law conspiracy to violate M.G.L. c.12 §§11H and 11I.

94.    On or about March 26, 2003, the defendants, Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine and Keefe, under the color of law, and Defendant Riordon, did conspire for the purposes of obstructing justice and depriving Plaintiff of several state and federal constitutional rights, by means of threats, intimidation and coercion, in violation of M.G.L. c.12 §§11H and 11I.

95.    As a direct and proximate result of the aforesaid conspiracies of the Defendant Police Officers and Defendant Riordon who were acting under color of law, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the plaintiff demands the following:

1. That the plaintiff be awarded judgment against the defendant Richard Stanley, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That the plaintiff be awarded judgment against the defendant Diane Heffernan, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That the plaintiff be awarded judgment against the defendant Daniel Cronin, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

24

4. That the plaintiff be awarded judgment against the defendant Paul Gallagher, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

5. That the plaintiff be awarded judgment against the defendant William Wallace, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

6. That the plaintiff be awarded judgment against the defendant Donald Pattullo, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

7. That the plaintiff be awarded judgment against the defendant Charles Heseltine, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

8. That the plaintiff be awarded judgment against the defendant Patrick Keefe, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

9. That the plaintiff be awarded judgment against the defendant Lt. Riordon, individually, in the amount of Five Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

10. That the plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars, plus costs and attorneys' fees.

11. That the plaintiff be awarded, as part of any judgment, fair and reasonable costs and attorneys' fees against each defendant found liable pursuant to M.G.L. c.12 §11I.

12. That the plaintiff demands such other relief as this Honorable Court may deem meet

and just.

## COUNT VII
## VIOLATIONS OF CIVIL RIGHTS LAWS PURSUANT TO
## M.G.L. c. 12 §§11H and 11I
## (Godette v. Town of North Andover
## and Town of Andover)

96.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1
through 95 of the Verified Complaint as if expressly set forth herein.

97.     This count is brought against defendants Town of North Andover and Town of
Andover ("defendant municipalities") for civil rights violations pursuant to M.G.L. c.12 §§11H
and 11I.

98.     At all times relevant, the Defendant Police Officers, while agents, servants and/or
employees of their respective municipalities, were acting under color of law and within the scope
of their authority as police officers pursuant to established policies, rules, regulations,
ordinances, customs and usages of their respective municipalities.

99.     The defendant municipalities participated in and/or engaged in a pattern of
conduct and/or acquiesced in and/or failed to take any action to prevent or halt such wrongful
conduct, whereby said officers interfered by threats, intimidation or coercion, or attempted to
interfere, by means of threats, intimidation or coercion, with the exercise or enjoyment by Mr.
Godette of rights secured by the constitution or laws of the United States and/or the
Commonwealth of Massachusetts in violation of M.G.L. c.12 §§11H and 11I.

100.    This pattern of conduct consists of a large number of individual acts of violence,
threats, intimidation, coercion, use of excessive force, failure to conduct proper investigation
before detaining individuals, discrimination on the basis of race, false imprisonment and
humiliation visited upon Plaintiff and others by members of the police departments of the
defendant municipalities while agents, servants and/or employees of their respective
municipalities.

101.    The acts of violence, threats, coercion, intimidation, false imprisonment, humiliation of others, the failure to conduct a proper investigation before detaining individuals, the racial discrimination and use of excessive force against Plaintiff, as previously alleged, were all the result of gross negligence on the part of the defendant municipalities in that training and hiring of the police force was nonexistent or reckless thereby exhibiting a deliberate indifference on the part of the defendant municipalities.

102.    There was no justification or excuse in law for the defendant municipalities' failure to address the above described improper and repugnant conduct of members of their respective police forces. Such conduct is unrelated to any activities in which police officers may appropriately and legally engage in the course of protecting people or property or ensuring civil order.

103.    Each of the defendant municipalities knew or should have known of the fact that this pattern of conduct was being carried out by its agents, servants and/or employees and in particular the defendant officers, and had been for some time, but none of the defendant municipalities took any steps or showed any effort in an attempt to halt this course of conduct.

104.    The defendant municipalities' failure (a) to suitably train and supervise their respective police officers, including, but not limited to, the Defendant Police Officers, (b) to conduct proper investigation before detaining individuals, (c) to investigate properly incidents of excessive force, or threats, coercion, intimidation and wrongful arrest, and (d) to prevent racial discrimination is a sign of recklessness and gross negligence and exhibits a deliberate indifference by the defendant municipalities which is a shock to the conscience of all people.

105.    As a direct and proximate result of the conduct and/or omissions of the defendant municipalities, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, the Plaintiff Mr. Godette demands the following:

1. That Plaintiff be awarded judgment against the defendant Town of North Andover in the amount of One Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

2. That Plaintiff be awarded judgment against the defendant Town of Andover in the amount of One Hundred Thousand Dollars, plus interest, costs, and attorneys' fees.

3. That the plaintiff be awarded punitive damages from each defendant found liable in the amount of Five Hundred Thousand Dollars plus costs.

4. That the plaintiff be awarded, as part of any judgment, fair and reasonable costs and attorneys' fees against each defendant found liable pursuant to M.G.L. c.12 §11I.

5. That the plaintiff demands such other relief as this Honorable Court may deem meet and just.

## COUNT VIII
## FALSE IMPRISONMENT
### (Godette v. all Defendants)

106. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 105 of this Verified Complaint as if expressly set forth herein.

107. This Count is brought against all defendants for false imprisonment.

108. In falsely and wrongfully detaining and imprisoning Mr. Godette without probable cause as set forth above, the defendants have committed, and/or have aided and abetted in the commission of, acts which constitute an unjustified, willful, intentional, and malicious false imprisonment of Mr. Godette.

109. As a direct and proximate result of the wrongful conduct of all defendants, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, plaintiff, Brett Godette, demands judgment against all defendants in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, plus interest, costs and such other relief as this Honorable Court may deem meet and just.

28

## COUNT IX
## ASSAULT AND BATTERY
## (Godette v. all Defendants)

110.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 109 of the Verified Complaint as if expressly set forth herein

111.    This Count is brought against all defendants for assault and battery.

112.    In unjustifiably touching and using force upon Mr. Godette as set forth above, each of the individual defendants has committed, and/or has aided and abetted in the commission of, acts which constitute an unjustified, willful, intentional, and malicious assault and battery of Mr. Godette in violation of the laws of the Commonwealth of Massachusetts.

113.    As a direct and proximate result of the conduct of each of the individual defendants, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE,** Plaintiff, Brett Godette, demands judgment against all defendants in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, plus interest and costs and such other relief as this Honorable Court may deem meet and just.

## COUNT X
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (Godette v. all Defendants)

114.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 113 of the Verified Complaint, as if expressly set forth herein.

115.    This Count is brought against all defendants for intentional and/or negligent infliction of emotional distress.

116.    The knowing, intentional, willful and/or negligent conduct of each of the defendants, as set forth above, was extreme and outrageous, beyond all possible bounds of

29

decency, utterly intolerable in a civilized community and no reasonable person should be expected to bear it.

117.    As a direct and proximate result of the extreme and outrageous conduct of each of the defendants, Mr. Godette suffered severe emotional distress, endured physical and mental suffering, false imprisonment, false arrest, shame, humiliation, and other damages.

**WHEREFORE**, Plaintiff Brett Godette demands judgment against each defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, plus interest and costs, and such other relief as this Honorable Court may deem meet and just.

## COUNT XI
## NEGLIGENCE
## (Godette v. Merrimack College and Lt. Riordon)

118.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 117 of the Verified Complaint, as if expressly set forth herein.

119.    This Count is brought against Defendant Merrimack College and Defendant Lt. Riordon for various forms of negligence, including, without limitation, negligent hiring and retention and negligent investigation.

120.    The Defendant Merrimack College, through its officers, agents, servants and employees, including, without limitation, Defendant Riordon, each had a duty, and/or a fiduciary duty, among other things, (1) to provide a safe environment for Merrimack College students, free from unwarranted interruptions, unlawful intrusions, the use of excessive force, false imprisonment, and false detention from law enforcement personnel and Merrimack College safety officers without probable cause, (2) to conduct an adequate investigation before making false accusations regarding any allegations of wrongdoing involving any Merrimack College student, (3) to take steps to prevent a pattern of conduct whereby public safety officers of

30

Merrimack College would wrongfully infringe upon the constitutional rights of its students, (4) to obtain suitable training in, among other things, the use of force, the investigation of incidents, the dissemination of private information about students and the detention of students, (5) to investigate properly incidents of excessive force, threats, intimidation, coercion or wrongful detention, (6) to hire and retain safety officers who are sufficiently capable of performing their duties, (7) to refrain from wrongfully accusing Plaintiff of heinous crimes, (8) to protect and to maintain the confidentiality and privacy of Merrimack College students, including, without limitation, Mr. Godette, and (9) to prevent racial discrimination on campus.

121. The Defendant Merrimack, through its officers, agents, servants or employees, including, without limitation, Defendant Riordon, each, through their acts and/or omissions, failed in those duties, as set forth herein, and, as a direct and proximate result thereof, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, mental anguish, emotional distress and other damages.

**WHEREFORE,** Plaintiff Brett Godette demands judgment against each defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, plus interest and costs, and that Plaintiff be awarded such other relief as this Honorable Court may deem meet and just.

## COUNT XII
## M.G.L. c. 214 §1B
## (Godette v. Merrimack and Riordon)

122. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 121 of Plaintiff's Verified Complaint as if expressly set forth herein.

31

123. This Count is brought by Plaintiff against Defendant Merrimack College and Defendant Riordon for violation of M.G.L. c. 214 §1B.

124. M.G.L. c. 214 §1B provides as follows:

A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.

125. By providing unauthorized, confidential, and private information about Mr. Godette to one or more police agencies, including, without limitation, information regarding Mr. Godette's physical appearance and/or his whereabouts on campus and/or through otherwise assisting in the unlawful seizure of Mr. Godette, Defendant Merrimack College, through its officers, agents, servants, or employees, including, without limitation, Defendant Riordan, each committed an unreasonable, substantial and/or serious interference with Mr. Godette's privacy.

126. As a direct and proximate result of the conduct and/or omissions of both Defendant Merrimack College and Defendant Riordon, Mr. Godette has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, Plaintiff Brett Godette demands judgment against Defendant Merrimack College and Defendant Riordon in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, plus interest and costs, and that Plaintiff be awarded such other relief as this Honorable Court may deem meet and just.

## COUNT XIII
## BREACH OF CONTRACT
### (Godette v. Merrimack College)

127. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1

32

through 126 of Plaintiff's Verified Complaint as if expressly set forth herein.

128.    This Count is brought by Plaintiff against Defendant Merrimack College and Defendant Riordon for breach of contract.

129.    In or around 2000, Godette and Defendant Merrimack College entered into a contract under which Merrimack College would provide a collegiate education to Godette for good and valuable consideration.

130.    At all times relevant, Godette fully performed his obligations under the contract.

131.    Merrimack College breached the terms of the contract by, among other things, (a) discriminating against Godette on the basis of his race, color or creed, and/or (b) by failing to protect and maintain Godette's privacy and confidentiality, and/or (c) by assisting in causing a seizure and/or arrest without probable cause, and/or (d) by failing to afford Mr. Godette due process.

132.    As a direct consequence of the breach of contract by Defendant Merrimack College, Mr. Godette has had his education interrupted and interfered with, and he suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

**WHEREFORE**, Plaintiff Brett Godette demands judgment against Defendant Merrimack College in the amount of Five Hundred Thousand Dollars ($500,000) for compensatory damages, plus interest and cost, and that Plaintiff be awarded such other relief as this Court deems meet and just.

## COUNT XIV
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Godette v. Merrimack College)

33

133.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1
through 132 of Plaintiff's Verified Complaint as if expressly set forth herein.

134.     This Count is brought by Plaintiff against Defendant Merrimack College and
Defendant Riordon for breach of covenant of good faith and fair dealing.

135.     Merrimack College breached the terms of the covenant of good faith and fair
dealing in its dealing with Mr. Godette by, among other things, (a) discriminating against
Godette on the basis of his race, color or creed, and/or (b) by failing to protect and maintain
Godette's privacy and confidentiality, and/or (c) by assisting in detaining and causing seizure of
Mr. Godette without probable cause, and/or (d) by failing to afford Mr. Godette due process.

136.     As direct consequence of the breach of the covenant of good faith and fair dealing
by Defendant Merrimack College, Mr. Godette has had his education interrupted and interfered
with, and he suffered from, and will continue to suffer from, physical injuries, emotional distress,
mental anguish and other damages.

**WHEREFORE**, Plaintiff Brett Godette demands judgment against Defendant
Merrimack College in the amount of Five Hundred Thousand Dollars ($500,000) for
compensatory damages, plus interest and cost, and that Plaintiff be awarded such other relief as
this Court deems meet and just.

**PLAINTIFF DEMANDS TRIAL
BY JURY ON ALL ISSUES.**

The Plaintiff
Brett Godette
By his Attorneys,

_____

James B. Krasnoo  BBO #279300
Paul J. Klehm  BBO #561605
Law Offices of James B. Krasnoo
Terrace Level
23 Main Street
Andover, MA 01810
(978) 475-9955

## AFFIDAVIT

~~Essex~~ , SS.

I, Brett Godette, being duly sworn, depose and say that I have read the Complaint which
is annexed hereto and that all of the facts and allegations made therein are, to the best of my
knowledge and belief, true and accurate.

Date: ____6/19/05____

_____
Brett Godette

~~Essex~~ , SS.

**STATE OF ~~NEW JERSEY~~**

Before me personally appeared Brett Godette on June 19, 2005, and
acknowledged the foregoing instrument to be his free act and deed.

Venita N. Qualls

Print name:
Notary Public
My Commission

**VENITA N. QUALLS
NOTARY PUBLIC
My Commission Expires July 29, 2005**

35

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____Godette, Brett S. v. Stanley, Richard, et. al._____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

|     | I.   | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| :-: | :--- | :--- |
| ✓ | II.  | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 <br> 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
|     | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, <br> 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, <br> 380, 385, 450, 891. |
|     | IV.  | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, <br> 690, 810, 861-865, 870, 871, 875, 900. |
|     | V.   | 150, 152, 153. |

**05   11354 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐     NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES ☐     NO ✓

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐     NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   Upon Information and belief   YES ✓   NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside? Upon Information and Belief

   Eastern Division ✓        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐     NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____Paul J. Klehm, Law Offices of James B. Krasnoo_____

ADDRESS _____Terrace Level, 23 Main St., Andover, MA 01810_____

TELEPHONE NO. _____(978) 475-9955_____

(CategoryForm.wpd - 5/2/05)

♆JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Godette, Brett S.

**DEFENDANTS**

Stanley, Richard; Heffernan, Diane; Cronin, Daniel G.; Gallagher, Paul J.; Wallace, William; Patullo, Donald; Heseltine, Charles; et.al.

**(b)** County of Residence of First Listed Plaintiff   Middlesex, New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Unknown
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05  11354 JLT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of James B. Krasnoo
23 Main St., Terrace Level, Andover, MA 01810 (978) 475-9955

Attorneys (If Known)

Robert B. Smith, Counsel to Merrimack College
45 Milk St. Boston 02109 (Nelson, Kinder, Mosseau & Saturely)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ❒ 1  U.S. Government Plaintiff | ▣ 3  Federal Question (U.S. Government Not a Party) |
| ❒ 2  U.S. Government Defendant | ❒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ▣ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ▣ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | ❒ 625 Drug Related Seizure |    28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument |    Liability |    of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | ❒ 650 Airline Regs. | ❒ 830 Patent |    Corrupt Organizations |
| ❒ 152 Recovery of Defaulted |    Liability | ❒ 660 Occupational | ❒ 840 Trademark | ❒ 480 Consumer Credit |
|    Student Loans | ❒ 340 Marine |    Safety/Health | | ❒ 490 Cable/Sat TV |
|    (Excl. Veterans) | ❒ 345 Marine Product | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment |    Liability | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) |    Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle |    Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract |    Product Liability | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise |    Injury |    & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment |    Sentence |    or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land |    Accommodations | ❒ 530 General |    26 USC 7609 |    Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | | ❒ 900Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | |    Under Equal Access |
| |    Employment | ❒ 550 Civil Rights | |    to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | | ❒ 950 Constitutionality of |
| |    Other | | |    State Statutes |
| | ▣ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ▣ 1 Original Proceeding | ❒ 2 Removed from State Court | ❒ 3 Remanded from Appellate Court | ❒ 4 Reinstated or Reopened | ❒ 5 Transferred from another district (specify) | ❒ 6 Multidistrict Litigation | ❒ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983

Brief description of cause:
Civil Rights action for wrongful detention without probable cause

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 500,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ▣ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   June 24, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____