AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: __Paul Klehm, ESQ.__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of __Godette v. Stanley et al__, which is case number __05-11354-JLT__
(CAPTION OF ACTION)    (DOCKET NUMBER)

in the United States District Court for the __Eastern__ District of __Massachusetts__. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __June 29, 2005__
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__7/14/05__    __Randall L Hansen__
(DATE)    (SIGNATURE)

Printed/Typed Name: _____

As __Town Clerk__ of __Andover__

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT

Eastern    District of    Massachusetts

Brett S. Godette

**SUMMONS IN A CIVIL CASE**

V.

Richard Stanley, Diane Heffernan,
Daniel Cronin, Paul Gallagher
Willaim Wallace, Donald Patullo,
Charles Heseltine, Patrick Keefe,
Lt. Riordon, the Town of North Andover,
the Town of Andover, and Merrimack
College

CASE NUMBER:

05 - 11354 JLT

TO: (Name and address of Defendant)

Randall Hanson, Clerk
Town Offices
36 Bartlet Street
Andover, MA 01810

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Paul J. Klehm, Esq.
Law Offices of James B. Krasnoo
23 Main Street, Terrace Leval
Andover, MA 01810

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

JUN 27 2005

CLERK

(By) DEPUTY CLERK

DATE