UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

———————————————————— )
BRETT S. GODETTE                              )
           Plaintiff,                         )        C.A. No. 05-11354 JLT
                                              )
v.                                            )
                                              )
RICHARD STANLEY, DIANE HEFFERNAN,             )
DANIEL CRONIN,                                )
PAUL GALLAGHER, WILLIAM WALLACE,              )
DONALD PATTULLO, CHARLES HESELTINE,           )
And PATRICK KEEFE, Individually and           )
As Police Officers of Their Respective        )
Municipalities, LT. RIORDON and               )
The TOWN OF NORTH ANDOVER,                    )
THE TOWN OF ANDOVER,                          )
And MERRIMACK COLLEGE                         )
           Defendants                         )
———————————————————— )

## ANSWER OF DEFENDANTS MERRIMACK COLLEGE AND LT. RIORDON

Defendants, Merrimack College and Lt. Michael Riordon (together "Merrimack"), hereby

answer the Plaintiff's Verified Complaint as follows:

## INTRODUCTION

1.        Paragraph 1 is for introductory purposes only and does not require a response from

Merrimack.  To the extent paragraph 1 makes factual allegations that require a response, Merrimack

denies the allegations in paragraph 1.

2.        Paragraph 2 is for introductory purposes only and does not require a response from

Merrimack.  To the extent paragraph 2 makes factual allegations that require a response, Merrimack

denies the allegations in paragraph 2.

## JURISDICTION

3.    The allegations set forth in paragraph 3 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 3 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 3.

4.    The allegations set forth in paragraph 4 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 4 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 4.

5.    The allegations set forth in paragraph 5 can neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations paragraph 5 set forth factual assertions that require a response, Merrimack denies the allegations, except that Lt. Riordon admits that he is a resident of the Commonwealth of Massachusetts and, Merrimack College admits that it is incorporated in the Commonwealth of Massachusetts.

## PARTIES

6.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, except that it is admitted that Mr. Godette is an African-American.

7.    In that the allegations set forth in paragraph 7 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 7 relate to Merrimack College and/or Lt. Riordon, they are denied.

8.    In that the allegations set forth in paragraph 8 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 8 relate to Merrimack College and/or Lt. Riordon, they are denied.

9.      In that the allegations set forth in paragraph 9 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 9 relate to Merrimack College and/or Lt. Riordon, they are denied.

10.     In that the allegations set forth in paragraph 10 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 10 relate to Merrimack College and/or Lt. Riordon, they are denied.

11.     In that the allegations set forth in paragraph 11 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 11 relate to Merrimack College and/or Lt. Riordon, they are denied.

12.     In that the allegations set forth in paragraph 12 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 12 relate to Merrimack College and/or Lt. Riordon, they are denied.

13.     In that the allegations set forth in paragraph 13 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 13 relate to Merrimack College and/or Lt. Riordon, they are denied.

14.     In that the allegations set forth in paragraph 14 are directed to a different Defendant, no answer is required.  To the extent that the allegations set forth in paragraph 14 relate to Merrimack College and/or Lt. Riordon, they are denied.

15.     The allegations set forth in paragraph 15 are denied, except it is admitted that Lt. Riordon is an individual who was employed as a police lieutenant by Merrimack College on March 26, 2003.

16.    In that the allegations set forth in paragraph 16 are directed to a different Defendant, no answer is required. To the extent that the allegations set forth in paragraph 16 relate to Merrimack College and/or Lt. Riordon, they are denied.

17.    In that the allegations set forth in paragraph 17 are directed to a different Defendant, no answer is required. To the extent that the allegations set forth in paragraph 17 relate to Merrimack College and/or Lt. Riordon, they are denied.

18.    The allegations set forth in paragraph 18 are denied, it is admitted that Merrimack College is a private college and part of its campus is located in North Andover, Massachusetts.

## FACTS

19.    The allegations set forth in paragraph 19 are denied, except it is admitted that Brett Godette was a student at Merrimack College and a member of the men's basketball team at Merrimack College on March 26, 2003.

20.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and calls upon the Plaintiff to prove the same, except it is admitted that Mr. Godette wore a "doo-rag" on the morning of March 26, 2003.

21.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 21 require a response, Merrimack denies the allegations set forth in paragraph 21.

22.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and calls upon the Plaintiff to prove the same. To the

extent the allegations set forth in paragraph 22 require a response, Merrimack denies the allegations set forth in paragraph 22.

23.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 23 require a response, Merrimack denies the allegations set forth in paragraph 23.

24.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 24 require a response, Merrimack denies the allegations set forth in paragraph 24.

25.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 25 require a response, Merrimack denies the allegations set forth in paragraph 25.

26.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 26 require a response, Merrimack denies the allegations set forth in paragraph 26.

27.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 27 require a response, Merrimack denies the allegations set forth in paragraph 27.

28.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and calls upon the Plaintiff to prove the same. To the extent the allegations set forth in paragraph 28 require a response, Merrimack denies the allegations set forth in paragraph 28.

29.     The allegations of paragraph 29 are denied, except it is admitted that on the afternoon of March 26, 2003, Lt. Riordon had a meeting with various police officers and during the meeting he showed the officers a photograph of Mr. Godette used for his Merrimack College student identification card.

30.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 30 require a response, Merrimack denies the allegations set forth in paragraph 30.

31.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 31 require a response, Merrimack denies the allegations set forth in paragraph 31.

32.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 32 require a response, Merrimack denies the allegations set forth in paragraph 32.

33.     Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and calls upon the Plaintiff to prove the same. To the

extent the allegations in paragraph 33 require a response, Merrimack denies the allegations set forth in paragraph 33.

34.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 34 require a response, Merrimack denies the allegations set forth in paragraph 34.

35.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and call upon the Plaintiff to prove the same. To the extent the allegations in paragraph 35 require a response, Merrimack denies the allegations set forth in paragraph 35.

36.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 36 require a response, Merrimack denies the allegations set forth in paragraph 36.

37.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 37 require a response, Merrimack denies the allegations set forth in paragraph 37.

38.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 38 require a response, Merrimack denies the allegations set forth in paragraph 38.

39.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 39 require a response, Merrimack denies the allegations set forth in paragraph 39.

40.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 40 require a response, Merrimack denies the allegations set forth in paragraph 40.

41.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 41 require a response, Merrimack denies the allegations set forth in paragraph 41.

42.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 42 require a response, Merrimack denies the allegations set forth in paragraph 42.

43.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and calls upon the Plaintiff to prove the same, except it is admitted that Mr. Godette shared a dormitory room with another student.

44.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and calls upon the Plaintiff to prove the same. To the

extent the allegations in paragraph 44 require a response, Merrimack denies the allegations set forth in paragraph 44.

45.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 45 require a response, Merrimack denies the allegations set forth in paragraph 45.

46.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 46 require a response, Merrimack denies the allegations set forth in paragraph 46.

47.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 47 require a response, Merrimack denies the allegations set forth in paragraph 47.

48.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 48 require a response, Merrimack denies the allegations set forth in paragraph 48.

49.    In that the allegations set forth in paragraph 49 are directed to a different Defendant, no answer is required. To the extent the allegations set forth in paragraph 49 relate to Merrimack College and/or Lt. Riordon, they are denied.

50.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 50 require a response, Merrimack denies the allegations set forth in paragraph 50.

51.    Merrimack denies the allegations set forth in paragraph 51.

52.    Merrimack denies the allegations set forth in paragraph 52.

53.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 53 require a response, Merrimack denies the allegations set forth in paragraph 53.

54.    The allegations set forth in paragraph 54 can be neither admitted nor denied as they state conclusions of law rather than factual assertions. To the extent the allegations in paragraph 54 set forth factual assertions which require a response, Merrimack denies the allegations in paragraph 54.

54a.    Merrimack is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54a and calls upon the Plaintiff to prove the same. To the extent the allegations in paragraph 54a require a response, Merrimack denies the allegations set forth in paragraph 54a.

## COUNT I

## CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. § 1983

### (Godette v. Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine and Keefe)

55.    Merrimack repeats, realleges, and incorporates herein the answers as set forth in paragraphs 1 through 54a, inclusive, as if fully set forth herein.

56.    In that the allegations set forth in Count I, paragraph 56 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count I, paragraph 56 relate to Merrimack College and/or Lt. Riordon, they are denied.

57.    In that the allegations set forth in Count I, paragraph 57 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count I, paragraph 57 relate to Merrimack College and/or Lt. Riordon, they are denied.

58.    In that the allegations set forth in Count I, paragraph 58 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count I, paragraph 58 relate to Merrimack College and/or Lt. Riordon, they are denied.

59.    In that the allegations set forth in Count I, paragraph 59 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count I, paragraph 59 relate to Merrimack College and/or Lt. Riordon, they are denied.

## COUNT II

## CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO 42 U.S.C. § 1985

### (Godette v. Stanley, Heffernan, Gallagher, Cronin,
### Wallace, Pattullo, Heseltine, Keefe, and Riordon)

60.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.    The allegations set forth in Count II, paragraph 61 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 61 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 61.

62.    The allegations set forth in Count II, paragraph 62 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 62 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 62.

63.    Merrimack denies the allegations of Count II, paragraph 63.

64.    The allegations of Count II, paragraph 64 can be neither admitted nor denied as they seek conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 64 set forth factual assertions that require a response, Merrimack denies the allegations in Count II, paragraph 64.

65.    The allegations of Count II, paragraph 65 can be neither admitted nor denied as they seek conclusions of law rather than factual assertions.  To the extent the allegations in paragraph 65 set forth factual assertions that require a response, Merrimack denies the allegations in Count II, paragraph 65.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, costs, interests, or attorneys' fees against Merrimack College and/or Lt. Riordon.

## COUNT III

### VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO 42 U.S.C. § 1983
### (Godette v. Town of North Andover)

66.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.    In that the allegations set forth in Count III, paragraph 67 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 67 relate to Merrimack College and/or Lt. Riordon, they are denied.

68.    In that the allegations set forth in Count III, paragraph 68 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 68 relate to Merrimack College and/or Lt. Riordon, they are denied.

69.    In that the allegations set forth in Count III, paragraph 69 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 69 relate to Merrimack College and/or Lt. Riordon, they are denied.

70.    In that the allegations set forth in Count III, paragraph 70 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 70 relate to Merrimack College and/or Lt. Riordon, they are denied.

71.    In that the allegations set forth in Count III, paragraph 71 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 71 relate to Merrimack College and/or Lt. Riordon, they are denied.

72.    In that the allegations set forth in Count III, paragraph 72 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 72 relate to Merrimack College and/or Lt. Riordon, they are denied.

73.     In that the allegations set forth in Count III, paragraph 73 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 73 relate to Merrimack College and/or Lt. Riordon, they are denied.

74.     In that the allegations set forth in Count III, paragraph 74 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 74 relate to Merrimack College and/or Lt. Riordon, they are denied.

75.     In that the allegations set forth in Count III, paragraph 75 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 75 relate to Merrimack College and/or Lt. Riordon, they are denied.

76.     In that the allegations set forth in Count III, paragraph 76 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count III, paragraph 76 relate to Merrimack College and/or Lt. Riordon, they are denied.

## COUNT IV

## VIOLATION OF CIVIL RIGHTS LAWS PURSUANT TO 42 U.S.C. § 1983

### (Godette v. Town of Andover)

77.     Merrimack repeats, realleges and incorporates herein their answers as set forth in paragraph 1 through 76, inclusive, as if fully set forth herein.

78.     In that the allegations set forth in Count IV, paragraph 78 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 78 relate to Merrimack College and/or Lt. Riordon, they are denied.

14

79.    In that the allegations set forth in Count IV, paragraph 79 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 79 relate to Merrimack College and/or Lt. Riordon, they are denied.

80.    In that the allegations set forth in Count IV, paragraph 80 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 80 relate to Merrimack College and/or Lt. Riordon, they are denied.

81.    In that the allegations set forth in Count IV, paragraph 81 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 81 relate to Merrimack College and/or Lt. Riordon, they are denied.

82.    In that the allegations set forth in Count IV, paragraph 82 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 82 relate to Merrimack College and/or Lt. Riordon, they are denied.

83.    In that the allegations set forth in Count IV, paragraph 83 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 83 relate to Merrimack College and/or Lt. Riordon, they are denied.

84.    In that the allegations set forth in Count IV, paragraph 84 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 84 relate to Merrimack College and/or Lt. Riordon, they are denied.

85.    In that the allegations set forth in Count IV, paragraph 85 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 85 relate to Merrimack College and/or Lt. Riordon, they are denied.

86.     In that the allegations set forth in Count IV, paragraph 86 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 86 relate to Merrimack College and/or Lt. Riordon, they are denied.

87.     In that the allegations set forth in Count IV, paragraph 87 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count IV, paragraph 87 relate to Merrimack College and/or Lt. Riordon, they are denied.

## COUNT V

### CIVIL RIGHTS VIOLATIONS PURSUANT TO M.G.L. c. 12 §§ 11H and 11I

#### (Godette v. Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine, Keefe, Riordon and Merrimack College)

88.     Merrimack repeats, realleges and incorporates herein the answers as fully set forth in paragraphs 1 through 87, inclusive, as if fully set forth herein.

89.     The allegations of Count V, paragraph 89 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count V, paragraph 89 set forth factual assertions that require a response, Merrimack denies the allegations set forth in Count V, paragraph 89.

90.     The allegations of Count V, paragraph 90 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count V, paragraph 90 set forth factual assertions that require a response, Merrimack denies the allegations set forth in Count V, paragraph 90.

91.     The allegations of Count V, paragraph 91 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count V,

paragraph 91 set forth factual assertions that require a response, Merrimack denies the allegations set forth in Count V, paragraph 91.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, costs, interest, or attorneys' fees against Merrimack College and/or Lt. Riordon.

## COUNT VI

### COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO M.G.L. c.12 §§ 11H and 11I

### (Godette v. Stanley, Heffernan, Gallagher, Cronin, Wallace, Pattullo, Heseltine, Keefe and Lt. Riordon)

92.     Merrimack repeats, realleges and incorporates herein the answers set forth in paragraphs 1 through 91, inclusive, as if fully set forth herein.

93.     The allegations of Count VI, paragraph 93 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VI, paragraph 93 set forth factual assertions that require a response, Merrimack denies the allegations in Count VI, paragraph 93.

94.     The allegations of Count VI, paragraph 94 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VI, paragraph 94 set forth factual assertions that require a response, Merrimack denies the allegations in Count VI, paragraph 94.

95.     The allegations of Count VI, paragraph 95 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VI, paragraph 95 set forth factual assertions that require a response, Merrimack denies the allegations in Count VI, paragraph 95.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages or attorneys' fees against Merrimack College and/or Lt. Riordon.

## COUNT VII

**VIOLATIONS OF CIVIL RIGHTS LAWS PURSUANT TO M.G.L. c.12 §§ 11H and 11I**

**(Godette v. Town of North Andover and Town of Andover)**

96.      Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 95, inclusive, as if fully set forth herein.

97.      In that the allegations set forth in Count VII, paragraph 97 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 97, relate to Merrimack College and/or Lt. Riordon, they are denied.

98.      In that the allegations set forth in Count VII, paragraph 98 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 98, relate to Merrimack College and/or Lt. Riordon, they are denied.

99.      In that the allegations set forth in Count VII, paragraph 99 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 99, relate to Merrimack College and/or Lt. Riordon, they are denied.

100.      In that the allegations set forth in Count VII, paragraph 100 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 100, relate to Merrimack College and/or Lt. Riordon, they are denied.

101.      In that the allegations set forth in Count VII, paragraph 101 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 101, relate to Merrimack College and/or Lt. Riordon, they are denied.

102.    In that the allegations set forth in Count VII, paragraph 102 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 102, relate to Merrimack College and/or Lt. Riordon, they are denied.

103.    In that the allegations set forth in Count VII, paragraph 103 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 103, relate to Merrimack College and/or Lt. Riordon, they are denied.

104.    In that the allegations set forth in Count VII, paragraph 104 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 104, relate to Merrimack College and/or Lt. Riordon, they are denied.

105.    In that the allegations set forth in Count VII, paragraph 105 are directed to a different Defendant, no answer is required.  To the extent the allegations set forth in Count VII, paragraph 105, relate to Merrimack College and/or Lt. Riordon, they are denied.

## COUNT VIII

### FALSE IMPRISONMENT

### (Godette v. all Defendants)

106.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 105, inclusive, as if fully set forth herein.

107.    The allegations of Count VIII, paragraph 107 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VIII, paragraph 107 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 107.

108.    The allegations of Count VIII, paragraph 108 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VIII, paragraph 108 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 108.

109.    The allegations of Count VIII, paragraph 109 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count VIII, paragraph 109 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 109.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT IX

### ASSAULT AND BATTERY

### (Godette v. all Defendants)

110.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraph 1 through 109, inclusive, as if fully set forth herein.

111.    The allegations of Count IX, paragraph 111 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count IX, paragraph 111 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 111.

112.    The allegations of Count IX, paragraph 112 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count IX, paragraph 112 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 112.

113.    The allegations of Count IX, paragraph 113 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count IX, paragraph 113 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 113.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT X

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (Godette v. all Defendants)

114.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 113, inclusive, as if fully set forth herein.

115.    The allegations of Count X, paragraph 115 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count X, paragraph 115 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 115.

116.    The allegations of Count X, paragraph 116 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count X, paragraph 116 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 116.

117.    The allegations of Count X, paragraph 117 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count X, paragraph 117 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 117.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT XI

### NEGLIGENCE

### (Godette v. Merrimack College and Lt. Riordon)

118.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 117, inclusive, as if fully set forth herein.

119.    The allegations of Count XI, paragraph 119 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XI, paragraph 119 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 119.

120.    The allegations of Count XI, paragraph 120 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XI, paragraph 120 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 120.

121.    The allegations of Count XI, paragraph 121 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XI, paragraph 121 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 121.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT XII

## M.G.L. c. 214 § 1B

### (Godette v. Merrimack and Riordon)

122.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 121, inclusive, as if fully set forth herein.

123.    The allegations of Count XII, paragraph 123 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 123 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 123.

124.    The allegations of Count XII, paragraph 124 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 124 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 124.

125.    The allegations of Count XII, paragraph 125 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 125 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 125.

126.    The allegations of Count XII, paragraph 126 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 126 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 126.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT XIII

### BREACH OF CONTRACT

### (Godette v. Merrimack College)

127.     Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 126, inclusive, as if fully set forth herein.

128.     The allegations of Count XII, paragraph 128 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 128 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 128.

129.     The allegations of Count XII, paragraph 129 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 129 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 129.

130.     The allegations of Count XII, paragraph 130 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 130 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 130.

131.     The allegations of Count XII, paragraph 131 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII, paragraph 131 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 131.

132.     The allegations of Count XII, paragraph 132 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XII,

paragraph 132 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 132.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

## COUNT XIV

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

### (Godette v. Merrimack College)

133.    Merrimack repeats, realleges and incorporates herein the answers as set forth in paragraphs 1 through 132, inclusive, as if fully set forth herein.

134.    The allegations of Count XIV, paragraph 134 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XIV, paragraph 134 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 134.

135.    The allegations of Count XIV, paragraph 135 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XIV, paragraph 135 require set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 135.

136.    The allegations of Count XIV, paragraph 136 can be neither be admitted nor denied as they state conclusions of law rather than factual assertions.  To the extent the allegations in Count XIV, paragraph 136 set forth factual assertions that require a response, Merrimack denies the allegations in paragraph 136.

**WHEREFORE,** Merrimack denies that the Plaintiff should be awarded judgment, damages, interest, or costs against Merrimack College and/or Lt. Riordon.

**AND BY WAY OF FURTHER ANSWER, MERRIMACK COLLEGE AND LT. RIORDON SUBMIT THEIR AFFIRMATIVE DEFENSES:**

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Merrimack.

### Third Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Plaintiff's failure to mitigate damages.

### Fourth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct Merrimack is not legally responsible.

### Fifth Affirmative Defense

The claims arising out the subject matter of the transactions and occurrences alleged are barred by an absence of privity of contract between the Plaintiff and Merrimack.

### Sixth Affirmative Defense

The defendant, Merrimack College, is a charitable corporation and any recovery by the Plaintiff is limited by the provisions of M.G.L. c. 231, § 85K.

### Seventh Affirmative Defense

The alleged acts of the Merrimack were justified under the facts and circumstances of this case.

### Eighth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because any actions taken by Merrimack were fair and reasonable, and were performed in good faith based on all relevant facts known to Merrimack at the time taken.

### Ninth Affirmative Defense

At all times relevant hereto Merrimack has acted in good faith and has not violated any rights which may be secured to the Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

### Tenth Affirmative Defense

Merrimack affirmatively denies that it was negligent in any regard with respect to the events relative to which the Plaintiff alleges he was damaged.

### Eleventh Affirmative Defense

Plaintiff did not suffer a constitutional deprivation of his personal liberty.

### Twelfth Affirmative Defense

The actions of Merrimack, as alleged, do not constitute a deprivation of any right, privilege or immunity guaranteed to the Plaintiff by the Constitution or laws of the United States of America, and accordingly, Merrimack is not liable to the Plaintiff under 42 U.S.C. § 1983.

### Thirteenth Affirmative Defense

Merrimack breached no duty or obligation owed to the Plaintiff.

### Fourteenth Affirmative Defense

No act or omission of Merrimack was a proximate cause of any injury to the Plaintiff.

### Fifteenth Affirmative Defense

Merrimack hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

Respectfully Submitted,

MERRIMACK COLLEGE and
MICHAEL RIORDON
By their Attorneys,

Dated: October 26, 2005

_____
Robert B. Smith, BBO#546580
Allison C. Ayer, BBO#660665
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA 02109
Tel.: (617) 778-7500
Fax: (617) 778-7501

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer Of Defendants Merrimack College And Lt. Riordon was served upon the following:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA 01810

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110-3206

Dated: October 26, 2005

_____
Robert B. Smith