UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CA NO. 05-11354JLT

**BRETT S. GODETTE,**
    Plaintiff,

v.

**RICHARD STANLEY, DIANE HEFFERNAN,
DANIEL CRONIN, PAUL CALLAGHER,
WILLIAM WALLACE, DONALD PATTULLO,
CHARLES HESELTINE, and PATRICK KEEFE,**
Individually and as Police Officers of Their
Respective Municipalities, **LT. RIORDON,
TOWN OF NORTH ANDOVER, TOWN OF
ANDOVER, and MERRIMACK COLLEGE,**
    Defendants

**DEFENDANTS, RICHARD STANLEY, DIANE HEFFERNAN, DANIEL CRONIN,
PAUL GALLAGHER AND TOWN OF NORTH ANDOVER'S AUTOMATIC
DISCLOSURE
PURSUANT TO F.R.CIV.P. 26(a) AND LOCAL RULE 26.2(A)**

    Defendants Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher and Town of North Andover submit this initial discovery disclosure pursuant to F.R.Civ.P. 26(a)(1) and Local Rule 26.1(a)(1). This disclosure is based on information currently known to the defendants. Defendants reserve the right to supplement this disclosure as provided by F.R.Civ.P. 26(e).

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.
Disclosure:

    Pursuant to F.R.Civ.P. (a)(1)(A), defendants hereby state that the following individuals are likely to have discoverable information that he may use to support their claims. In

identifying the following individuals, defendants do not thereby waive the attorney-client privilege or any of their rights under the attorney work product doctrine.

1. Richard Stanley,
2. Diane Heffernan,
3. Daniel Cronin,
4. Paul Gallagher,
5. William Wallace,
6. Donald Pattullo,
7. Charles Heseltine,
8. Patrick Keefe,
9. Lt. Reardon, Merrimack Police,
10. Brett Godette.
11. Kevin J. Winters, Andover Police Department.
12. John Teichert, Dispatcher, Andover Police Department.
13. Lt. John Carney, North Andover Police Department.
14. Officer Jeffery Spapienza, North Andover Police Department.
15. Officer Paul MacMillan, North Andover Police Department.
16. Det. Salois,
17. Jose Salas, Sovereign Bank.
18. Steven Iannelli, Merrimack College Student.
19. Chief Mayrose, Merrimack College Police Department.
20. Officer Hal Rogers, Merrimack College Police Department.
21. Lt. Wlodyka, Merrimack College Police Department.
22. Officer Anderson, Merrimack College Police Department.
23. Sgt. Det. J. Fiandaca, Boston Police Department.

B. A copy of or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Disclosure:

Pursuant to F.R.Civ.P. (a)(1)(A), defendants hereby state that the following documents

are likely to have discoverable information that he may use to support their claims.

    1.    Andover Police incident no. 2003000007353 (2 pages).
    2.    Andover Police Department dispatch incident detail printed 12/2/04.
    3.    North Andover Police Department incident report no.2003000004240 (3 pages).
    4.    North Andover Police Department criminal investigation division incident report dated 3/26/03 (2 pages).
    5.    Merrimack College two student ID cards for Steven Ianelli and Brett Godette.
    6.    3/26/03 assist to outside agency report by Sgt. Michael E. Reardon (2 pages).
    7.    One page report by Officer Anderson dated 3/28/03.
    8.    Eight pages of photographs appearing to depict the armed robbery.
    9.    Handwritten notes (3 pages).
    10.    Registry of Motor Vehicles Registry/ Title inquiry for 2003 Mits Eclips.
    11.    Fax cover sheet to Diane Heffernan from Sgt. Det. J. Fiandaca of the Boston Police Department (2 pages).

C.    A computation of any category of damages by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Disclosure:

As required by F.R.Civ.P. 26(a)(1)(A): The defendants hereby state that they are not claiming any damages and therefore have no computation of damages that are relevant to disputed facts alleged in the pleadings.

D.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may

be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Disclosure:

As required by F.R.Civ.P. 26(a)(1)(A): The defendants hereby state that there is policy of insurance exists through the Massamont Insurance Company.   The defendants will forward relevant coverage documents.

**\*\*\*\* ATTACHMENTS TO FOLLOW AS HARD COPY UNDER SEPARATE COVER.**

    Defendants,  by their attorneys,

    /s/ Regina M. Ryan
    Douglas I. Louison BBO# 545191
    Regina M. Ryan BBO# 565246
    Merrick, Louison & Costello, LLP
    67 Batterymarch Street
    Boston, MA 02110
    (617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 31st day of July, 2006, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed **to Paul Klehm, Esquire**, Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA 01810; **Robert B. Smith, Esquire**, Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, 7th Floor, Boston, MA 02109.

    /s/ Regina M. Ryan
    Regina M. Ryan

P:\Massamont Insurance\Godette\Godette v. North Andover\Automatic Discovery Disclosure.wpd