UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CA NO. 05-11354JLT

**BRETT S. GODETTE,**
    Plaintiff,

v.

**RICHARD STANLEY, DIANE HEFFERNAN,
DANIEL CRONIN, PAUL GALLAGHER,
WILLIAM WALLACE, DONALD PATTULLO,
CHARLES HESELTINE, and PATRICK KEEFE,**
Individually and as Police Officers of Their
Respective Municipalities, **LT. RIORDON,
TOWN OF NORTH ANDOVER, TOWN OF
ANDOVER, and MERRIMACK COLLEGE,**
    Defendants

## ANSWER AND JURY CLAIM OF DEFENDANTS, TOWN OF ANDOVER, WALLACE, PATTULLO, HESELTINE, AND KEEFE

The defendants Town of Andover, Wallace, Pattullo, Heseltine, and Keefe, hereby answer the plaintiff's complaint as follows:

1. The defendants neither admit nor deny the allegations contained in paragraph 1 as it serves a statement of introduction.

2. The defendants neither admit nor deny the allegations contained in paragraph 2 as it serves a statement of introduction.

Jurisdiction:

3. The defendants neither admit nor deny the allegations contained in paragraph 3 as it serves a statement of jurisdiction.

4. The defendants neither admit nor deny the allegations contained in paragraph 4 as it serves a statement of jurisdiction.

5. The defendants neither admit nor deny the allegations contained in paragraph 5 as it serves a statement of jurisdiction.

Parties:

6. The defendants neither admit nor deny the allegations contained in paragraph 6.

7. The defendants neither admit nor deny the allegations contained in paragraph 7 as same are not directed to them.

8. The defendants neither admit nor deny the allegations contained in paragraph 8 as same are not directed to them.

9. The defendants neither admit nor deny the allegations contained in paragraph9 as same are not directed to them.

10. The defendants neither admit nor deny the allegations contained in paragraph10 as same are not directed to them.

11. The defendants admit that Donald Pattullo was employed as a police sergeant for the Town of Andover, Massachusetts. The defendants deny the remaining allegations contained in paragraph 11.

12. The defendants admit that William Wallace was employed as a police detective for the Town of Andover, Massachusetts. The defendants deny the remaining allegations contained in paragraph 12.

13. The defendants admit that Charles Haseltine was employed as a police detective for the Town of Andover, Massachusetts. The defendants deny the remaining allegations

contained in paragraph 13.

14. The defendants admit that Patrick Keefe was employed as a police detective for the Town of Andover, Massachusetts. The defendants deny the remaining allegations contained in paragraph 14.

15. The defendants neither admit nor deny the allegations contained in paragraph15 as same are not directed to them.

16. The defendants neither admit nor deny the allegations contained in paragraph16 as same are not directed to them.

17. The defendants admit that the Town of Andover is a municipality established under the General Laws of Massachusetts with its Town Hall located at 36 Barlet Street, Andover, Massachusetts. The defendants deny the remaining allegations contained in paragraph 17.

18. The defendants neither admit nor deny the allegations contained in paragraph18 as same are not directed to them.

Facts:

19. The defendants believe that the plaintiff, Brett Godette was a student at Merrimack College and member of the basketball team on or about March 26, 2003.

20- 31. The defendants are unable to either admit or deny the allegations contained in paragraphs 20-31 as they are not directed at them.

32. The defendants deny that they were present at the Monikian dormitory when Mr. Godette walked outside at approximately 3:10 p.m..

33-42. The defendants are unable to either admit or deny the allegations contained in

paragraphs 33-42 as they were not present during these alleged incidents.

43. The defendants deny the allegations contained in paragraph 43.

44. The defendants deny the allegations contained in paragraph 44.

45. The defendants deny the allegations contained in paragraph 45.

46. The defendants deny the allegations contained in paragraph 46.

47. The defendants deny the allegations contained in paragraph 47.

48. The defendants deny the allegations contained in paragraph 48.

49. The defendants admit the allegations contained in paragraph 49.

50. The defendants deny the allegations contained in paragraph 50.

51. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 51.

52. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 52.

53. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 53.

54. The defendants are without sufficient information to either admit or deny the allegations contained in paragraph 54.

**Count I- Civil Rights Violations Pursuant to 42 USC Section 1983 v. Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe**

55. The defendants reassert their responses in paragraphs 1-54 as if specifically restated herein.

56. The defendants neither admits nor denies the allegations contained in paragraph 56.

57. The defendants deny the allegations contained in paragraph 57.

58. The defendants deny the allegations contained in paragraph 58.

59. The defendants deny the allegations contained in paragraph 59.

Wherefore, the defendants demand judgment in their favor.

**Count II- Conspiracy to Violate Civil Rights Laws Pursuant to 42 USC Section 1985 v. Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and Reardon**

60. The defendants reassert their responses in paragraphs 1-59 as if specifically restated herein.

61. The defendants neither admits nor denies the allegations contained in paragraph 61.

62. The defendants deny the allegations contained in paragraph 62.

63. The defendants deny the allegations contained in paragraph 63.

64. The defendants deny the allegations contained in paragraph 64.

65. The defendants deny the allegations contained in paragraph 65.

Wherefore, the defendants demand judgment in their favor.

**Count III- Conspiracy to Violation of Civil Rights Laws Pursuant to 42 USC Section 1983 v.   Town of North Andover**

66. The defendants reassert their responses in paragraphs 1-65 as if specifically restated herein.

67-76. The defendants neither admits nor denies the allegations contained in paragraphs 67-76 as same are not directed to them.

    Wherefore, the defendants demand judgment in their favor.

### Count IV- Conspiracy to Violation of Civil Rights Laws Pursuant to 42 USC Section 1983
### v.  Town of Andover

77    The defendants reassert their responses in paragraphs 1-76 as if specifically restated herein.

78.    The defendants neither admits nor denies the allegations contained in paragraph 78.

79.    The defendants deny the allegations contained in paragraph 79.

80.    The defendants deny the allegations contained in paragraph 80.

81.    The defendants deny the allegations contained in paragraph 81.

82.    The defendants deny the allegations contained in paragraph 82.

83.    The defendants deny the allegations contained in paragraph 83.

84.    The defendants deny the allegations contained in paragraph 84.

85.    The defendants deny the allegations contained in paragraph 85.

86.    The defendants deny the allegations contained in paragraph 86.

87.    The defendants deny the allegations contained in paragraph 87.

    Wherefore, the defendants demand judgment in their favor.

### Count V- Conspiracy to Violation of Civil Rights Laws Pursuant to MGL ch. 12, s. 11H and I
### Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and Reardon and Merrimack College

88.    The defendants reassert their responses in paragraphs 1-87 as if specifically restated herein.

89. The defendants neither admits nor denies the allegations contained in paragraph 89.

90. The defendants deny the allegations contained in paragraph 90.

91. The defendants deny the allegations contained in paragraph 91.

Wherefore, the defendants demand judgment in their favor.

**Count VI- Common Law Conspiracy to Violate Civil Rights Laws Pursuant to MGL ch. 12, s. 11H and I v. Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and Reardon**

92. The defendants reassert their responses in paragraphs 1-91 as if specifically restated herein.

93. The defendants neither admits nor denies the allegations contained in paragraph 93.

94. The defendants deny the allegations contained in paragraph 94.

95. The defendants deny the allegations contained in paragraph 95

Wherefore, the defendants demand judgment in their favor.

**Count VII- Violations of Civil Rights Laws Pursuant to MGL ch. 12, s. 11H and I v. Town of North Andover and Town of Andover**

96. The defendants reassert their responses in paragraphs 1-95 as if specifically restated herein.

97. The defendants neither admits nor denies the allegations contained in paragraph 97.

98. The defendants deny the allegations contained in paragraph 98.

99. The defendants deny the allegations contained in paragraph 99.

100. The defendants deny the allegations contained in paragraph 100.

101. The defendants deny the allegations contained in paragraph 101.

102. The defendants deny the allegations contained in paragraph 102.

103. The defendants deny the allegations contained in paragraph 103.

104. The defendants deny the allegations contained in paragraph 104.

105. The defendants deny the allegations contained in paragraph 105.

Wherefore, the defendants demand judgment in their favor.

### Count VIII- False Imprisonment  v. all defendants

106. The defendants reassert their responses in paragraphs 1-105 as if specifically restated herein.

107. The defendants neither admits nor denies the allegations contained in paragraph 107.

108. The defendants deny the allegations contained in paragraph 108.

109. The defendants deny the allegations contained in paragraph 109.

Wherefore, the defendants demand judgment in their favor.

### Count IX- Assault and Battery  v. all defendants

110. The defendants reassert their responses in paragraphs 1-109 as if specifically restated herein.

111. The defendants neither admits nor denies the allegations contained in paragraph 111.

112. The defendants deny the allegations contained in paragraph 112.

113. The defendants deny the allegations contained in paragraph 113.

Wherefore, the defendants demand judgment in their favor.

### Count X-

114. The defendants reassert their responses in paragraphs 1-113 as if specifically restated herein.

115. The defendants neither admits nor denies the allegations contained in paragraph 115.

116. The defendants deny the allegations contained in paragraph 116.

117. The defendants deny the allegations contained in paragraph 117.

Wherefore, the defendants demand judgment in their favor.

### Count XI- Negligence v. Merrimack College and Reardon

118. The defendants reassert their responses in paragraphs 1-117 as if specifically restated herein.

119- 121. The defendants neither admits nor denies the allegations contained in paragraphs 119-121 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

### Count XII- MGL ch. 214, s. 1B v. Merrimack College and Reardon

122. The defendants reassert their responses in paragraphs 1-121 as if specifically restated herein.

123-126. The defendants neither admits nor denies the allegations contained in paragraphs 123-126 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

### Count XIII- Breach of Contract v. Merrimack College and Reardon

127.   The defendants reassert their responses in paragraphs 1-126 as if specifically restated herein.

128-132.   The defendants neither admits nor denies the allegations contained in paragraphs 128-132 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

### Count XIV- Breach of Covenant and Good Faith and Fair Dealing v. Merrimack College and Reardon

133   The defendants reassert their responses in paragraphs 1-132 as if specifically restated herein.

134-136.   The defendants neither admits nor denies the allegations contained in paragraphs 134-136 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

### DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

### AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim for which relief may be granted.

**Second**

Any damages or injuries that the plaintiff may have suffered were caused by a person or persons for whose conduct the defendant is not legally responsible.

**Third**

Any damages or injuries that the plaintiff may have suffered was caused by his own negligence, and therefore any damages that the plaintiff may recover must be reduced in proportion to such negligence pursuant to G.L. Ch. 231, section 85.

**Fourth**

The plaintiff was comparatively negligent and such negligence exceeded the amount of any negligence of the defendant and therefore plaintiff is barred from recovery pursuant to G.L. Ch. 231, section 85.

**Fifth**

The individual defendant acted objectively reasonably under the circumstances and is qualifiedly immune from liability.

**Sixth**

Any alleged damages or injuries suffered by the plaintiff was caused by an individual, individuals or an entity for which the defendant is not legally responsible.

**Seventh**

The plaintiff has failed to commence suit within the applicable period of time permitted by statute.

**Eighth**

The plaintiff has failed to provide proper presentment of claim as a prerequisite to suit.

**Ninth**

A municipality is immune from punitive damages under § 1983. <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 263 (1981)

>Defendants, Wallace, Pattullo, Heseltine, Keefe, and Town of Andover, by their attorneys,
>
>/s/ Regina M. Ryan
>Douglas I. Louison BBO# 545191
>Regina M. Ryan BBO# 565246
>Merrick, Louison & Costello, LLP
>67 Batterymarch Street
>Boston, MA 02110
>(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Regina M. Ryan, hereby certify that on the 27th day of September, 2006, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed **to Paul Klehm, Esquire**, Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA 01810; **Robert B. Smith, Esquire**, Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, 7th Floor, Boston, MA 02109.

>/s/ Regina M. Ryan
>Regina M. Ryan