**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

**CA NO. 05-11354JLT**

**BRETT S. GODETTE,**
**Plaintiff,**

**v.**

**RICHARD STANLEY, DIANE HEFFERNAN,**
**DANIEL CRONIN, PAUL GALLAGHER,**
**WILLIAM WALLACE, DONALD PATTULLO,**
**CHARLES HESELTINE, and PATRICK KEEFE,**
**Individually and as Police Officers of Their**
**Respective Municipalities, LT. RIORDON,**
**TOWN OF NORTH ANDOVER, TOWN OF**
**ANDOVER, and MERRIMACK COLLEGE,**
**Defendants**

**AMENDED ANSWER AND JURY CLAIM OF**
**DEFENDANTS, TOWN OF NORTH ANDOVER,  STANLEY,**
**HEFFERNAN, CRONIN, AND GALLAGHER**

The defendants Town of North Andover, Stanley, Heffernan, Cronin, and Gallagher,

hereby answer the plaintiff's complaint as follows:

1.      The defendants neither admit nor deny the allegations contained in paragraph 1 as it

serves a statement of introduction.

2.      The defendants neither admit nor deny the allegations contained in paragraph 2 as it

serves a statement of introduction.

Jurisdiction:

3.      The defendants neither admit nor deny the allegations contained in paragraph 3 as it

serves a statement of jurisdiction.

4.    The defendants neither admit nor deny the allegations contained in paragraph 4 as it

serves a statement of jurisdiction.

5.    The defendants neither admit nor deny the allegations contained in paragraph 5 as it

serves a statement of jurisdiction.

Parties:

6.    The defendants neither admit nor deny the allegations contained in paragraph 6.

7.    The defendants admit that Richard Stanley is the Chief of Police for the Town of North

Andover, Massachusetts and was employed at the time of the allegations as the Chief of

Police for the Town of Andover.  The defendants deny the remaining allegations

contained in paragraph 7.

8.    The defendants admit that Diane Heffernan was employed as police detective for the

Town of North Andover at the time of the allegations in this complaint.  The defendants

deny the remaining allegations contained in paragraph 8.

9.    The defendants admit that Paul Gallagher was employed as police lieutenant for the

Town of North Andover at the time of the allegations in this complaint.  The defendants

deny the remaining allegations contained in paragraph 9.

10.    The defendants admit that Daniel Cronin was employed as police detective for the Town

of North Andover at the time of the allegations in this complaint.  The defendants deny

the remaining allegations contained in paragraph 10.

11.    The defendants neither admit nor deny the allegations contained in paragraph11 as same

are not directed to them.

12.    The defendants neither admit nor deny the allegations contained in paragraph 12 as same

are not directed to them.

13.     The defendants neither admit nor deny the allegations contained in paragraph13 as same

are not directed to them.

14.     The defendants neither admit nor deny the allegations contained in paragraph14 as same

are not directed to them.

15.     The defendants neither admit nor deny the allegations contained in paragraph15 as same

are not directed to them.

16.     The defendants admit that the Town of Andover is a municipality established under the

General Laws of Massachusetts with its Town Hall located at 120 Main Street, North

Andover, Massachusetts.  The defendants deny the remaining allegations contained in

paragraph 16.

17.     The defendants neither admit nor deny the allegations contained in paragraph17 as same

are not directed to them.

18.     The defendants neither admit nor deny the allegations contained in paragraph18 as same

are not directed to them.

Facts:

19.     The defendants believe that the plaintiff, Brett Godette was a student at Merrimack

College and member of the basketball team on or about March 26, 2003.

20.     The defendants were advised that on March 26, 2003, Mr. Godette wore a blue "do-rag"

and grey Merrimack basketball fleece jacket.

21.     The defendants are unable to either admit or deny the allegations contained in paragraph

21.

22. The defendants are unable to either admit or deny the allegations contained in paragraph 22.

23. The defendants are unable to either admit or deny the allegations contained in paragraph 23.

24. The defendants are unable to either admit or deny the allegations contained in paragraph 24.

25. The defendants admit the allegations contained in paragraph 25.

26. The defendants are unable to either admit or deny the allegations contained in paragraph 26.

27. The defendants are unable to either admit or deny the allegations contained in paragraph 27.

28. The defendants are unable to either admit or deny the allegations contained in paragraph 28.

29. The North Andover Police were contacted by Lt. Reardon of the Merrimack College Police Department regarding the suspect of the armed robbery earlier in the day. Reardon met with the officers from the North Andover Police Department and displayed a photograph of Mr. Godette and advised that he believed that Mr. Godette was a suspect. The defendants admit that Lt. Reardon assisted them in locating Mr. Godette on the Merrimack College campus. The defendants deny the remaining allegations contained in paragraph 29.

30. The defendants are unable to either admit or deny the allegations contained in paragraph 30.

31.    The defendants are unable to either admit or deny the allegations contained in paragraph

       31.

32.    The defendants admit that Mr. Godette was met by police officers in the Monikin

       dormitory.  The defendants deny the remaining allegations contained in paragraph 32.

33.    The defendants deny the allegations contained in paragraph 33.

34.    The defendants deny the allegations contained in paragraph 34.

35.    The defendants deny the allegations contained in paragraph 35.

36.    The defendants deny the allegations contained in paragraph 36.

37.    The defendants deny the allegations contained in paragraph 37.

38.    The defendants deny the allegations contained in paragraph 38.

39.    The defendants admit that Mr. Godette was questioned by the police regarding the

       robbery in North Andover.  The defendants deny the remaining allegations contained in

       paragraph 39.

40.    The defendants admit that Mr. Godette was questioned by the police regarding the

       robbery in North Andover.  The defendants deny the remaining allegations contained in

       paragraph 40.

41.    The defendants deny the allegations contained in paragraph 41.

42.    The defendants deny the allegations contained in paragraph 42.

43.    The defendants deny the allegations contained in paragraph 43.

44.    The defendants deny the allegations contained in paragraph 44.

45.    The defendants deny the allegations contained in paragraph 45.

46.    Mr. Godette did inform the police officers of his location at the time of the alleged armed

robbery. Det. Heffernan did confirm the whereabouts of Mr. Godette at that time. The

defendants deny the remaining allegations contained in paragraph 46.

47.     The defendants deny the allegations contained in paragraph 47.

48.     The defendants admit that Det. Heffernan confirmed Mr. Godette's whereabouts.  The

defendants deny the remaining allegations contained in paragraph 48.

49.     The defendants admit the allegations contained in paragraph 49.

50.     The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 50.

51.     The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 51.

52.     The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 52.

53.     The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 53.

54.     The defendants are without sufficient information to either admit or deny the allegations

contained in paragraph 54.


Count I- Civil Rights Violations Pursuant to 42 USC Section 1983 v.  Stanley, Heffernan,

Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe

55.     The defendants reassert their responses in paragraphs 1-54 as if specifically restated

herein.

56.     The defendants neither admits nor denies the allegations contained in paragraph 56.

57.    The defendants deny the allegations contained in paragraph 57.

58.    The defendants deny the allegations contained in paragraph 58.

59.    The defendants deny the allegations contained in paragraph 59.

Wherefore, the defendants demand judgment in their favor.

Count II- Conspiracy to Violate Civil Rights Laws Pursuant to 42 USC Section 1985 v.

Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and Reardon

60.    The defendants reassert their responses in paragraphs 1-59 as if specifically restated

herein.

61.    The defendants neither admits nor denies the allegations contained in paragraph 61.

62.    The defendants deny the allegations contained in paragraph 62.

63.    The defendants deny the allegations contained in paragraph 63.

64.    The defendants deny the allegations contained in paragraph 64.

65.    The defendants deny the allegations contained in paragraph 65.

Wherefore, the defendants demand judgment in their favor.

Count III- Conspiracy to Violation of  Civil Rights Laws Pursuant to 42 USC Section 1983 v.

Town of North Andover

66.    The defendants reassert their responses in paragraphs 1-65 as if specifically restated

herein.

67.    The defendants neither admits nor denies the allegations contained in paragraph 67.

68.    The defendants deny the allegations contained in paragraph 68.

69.    The defendants deny the allegations contained in paragraph 69.

70.    The defendants deny the allegations contained in paragraph 70.

71.    The defendants deny the allegations contained in paragraph 71.

72.    The defendants deny the allegations contained in paragraph72.

73.    The defendants deny the allegations contained in paragraph 73.

74.    The defendants deny the allegations contained in paragraph 74.

75.    The defendants deny the allegations contained in paragraph 75.

76.    The defendants deny the allegations contained in paragraph 76

Wherefore, the defendants demand judgment in their favor.

Count IV- Conspiracy to Violation of  Civil Rights Laws Pursuant to 42 USC Section 1983 v.

Town of Andover

77.    The defendants reassert their responses in paragraphs 1-76 as if specifically restated

herein.

78.    The defendants neither admits nor denies the allegations contained in paragraph 78.

79-87  The defendants neither admits nor denies the allegations contained in paragraphs 79-87

as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

Count V- Conspiracy to Violation of  Civil Rights Laws Pursuant to MGL ch. 12, s. 11H and I

Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and Reardon and

Merrimack College

88.    The defendants reassert their responses in paragraphs 1-87 as if specifically restated

herein.

89.    The defendants neither admits nor denies the allegations contained in paragraph 89.

90.    The defendants deny the allegations contained in paragraph 90.

91.    The defendants deny the allegations contained in paragraph 91.

       Wherefore, the defendants demand judgment in their favor.

Count VI- Common Law Conspiracy to Violate Civil Rights Laws Pursuant to MGL ch. 12, s.

11H and I v. Stanley, Heffernan, Cronin, Gallagher, Wallace, Pattullo, Heseltine, Keefe and

Reardon

92.    The defendants reassert their responses in paragraphs 1-91 as if specifically restated

       herein.

93.    The defendants neither admits nor denies the allegations contained in paragraph 93.

94.    The defendants deny the allegations contained in paragraph 94.

95.    The defendants deny the allegations contained in paragraph 95

       Wherefore, the defendants demand judgment in their favor.

Count VII- Violations of  Civil Rights Laws Pursuant to MGL ch. 12, s. 11H and I v. Town of

North Andover and Town of Andover

96.    The defendants reassert their responses in paragraphs 1-95 as if specifically restated

       herein.

97.    The defendants neither admits nor denies the allegations contained in paragraph 97.

98.    The defendants deny the allegations contained in paragraph 98.

99.    The defendants deny the allegations contained in paragraph 99.

100.    The defendants deny the allegations contained in paragraph 100.

101.    The defendants deny the allegations contained in paragraph 101.

102.    The defendants deny the allegations contained in paragraph 102.

103.    The defendants deny the allegations contained in paragraph 103.

104.   The defendants deny the allegations contained in paragraph 104.

105.   The defendants deny the allegations contained in paragraph 105.

Wherefore, the defendants demand judgment in their favor.

### Count VIII- False Imprisonment  v. all defendants

106.   The defendants reassert their responses in paragraphs 1-105 as if specifically restated

herein.

107.   The defendants neither admits nor denies the allegations contained in paragraph 107.

108.   The defendants deny the allegations contained in paragraph 108.

109.   The defendants deny the allegations contained in paragraph 109.

Wherefore, the defendants demand judgment in their favor.

### Count IX- Assault and Battery  v. all defendants

110.   The defendants reassert their responses in paragraphs 1-109 as if specifically restated

herein.

111.   The defendants neither admits nor denies the allegations contained in paragraph 111.

112.   The defendants deny the allegations contained in paragraph 112.

113.   The defendants deny the allegations contained in paragraph 113.

Wherefore, the defendants demand judgment in their favor.

### Count X-

114.   The defendants reassert their responses in paragraphs 1-113 as if specifically restated

herein.

115.   The defendants neither admits nor denies the allegations contained in paragraph 115.

116.   The defendants neither admits nor denies the allegations contained in paragraph 116 as

same are not directed to them.

117.    The defendants deny the allegations contained in paragraph 117.

Wherefore, the defendants demand judgment in their favor.

Count XI- Negligence v. Merrimack College and Reardon

118.    The defendants reassert their responses in paragraphs 1-117 as if specifically restated

herein.

119- 121.        The defendants neither admits nor denies the allegations contained in paragraphs

119-121 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

Count XII- MGL ch. 214, s. 1B v. Merrimack College and Reardon

122.    The defendants reassert their responses in paragraphs 1-121 as if specifically restated

herein.

123-126.        The defendants neither admits nor denies the allegations contained in paragraphs

123-126 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

Count XIII- Breach of Contract v. Merrimack College and Reardon

127.    The defendants reassert their responses in paragraphs 1-126 as if specifically restated

herein.

128-132.        The defendants neither admits nor denies the allegations contained in paragraphs

128-132 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

Count XIV- Breach of Covenant and Good Faith and Fair Dealing  v. Merrimack College and

Reardon

133    The defendants reassert their responses in paragraphs 1-132 as if specifically restated

herein.

134-136.       The defendants neither admits nor denies the allegations contained in paragraphs

134-136 as same are not directed to them.

Wherefore, the defendants demand judgment in their favor.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim for which relief may be granted.

**Second**

Any damages or injuries that the plaintiff may have suffered were caused by a person or

persons for whose conduct the defendant is not legally responsible.

**Third**

Any damages or injuries that the plaintiff may have suffered was caused by his own

negligence, and therefore any damages that the plaintiff may recover must be reduced in

proportion to such negligence pursuant to G.L. Ch. 231, section 85.

**Fourth**

The plaintiff was comparatively negligent and such negligence exceeded the amount of any negligence of the defendant and therefore plaintiff is barred from recovery pursuant to G.L. Ch. 231, section 85.

**Fifth**

The individual defendant acted objectively reasonably under the circumstances and is qualifiedly immune from liability.

**Sixth**

Any alleged damages or injuries suffered by the plaintiff was caused by an individual, individuals or an entity for which the defendant is not legally responsible.

**Seventh**

The plaintiff has failed to commence suit within the applicable period of time permitted by statute.

**Eighth**

The plaintiff has failed to provide proper presentment of claim as a prerequisite to suit.

**Ninth**

A municipality is immune from punitive damages under § 1983.  Newport v. Fact Concerts, Inc.,453 U.S. 247, 263 (1981)

Defendants,  Stanley, Heffernan, Cronin, Gallagher, and  Town of North Andover, by their attorneys,

13

/s/ Regina M. Ryan
Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 12th day of October, 2006, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed **to Paul Klehm, Esquire**, Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA 01810; **Robert B. Smith, Esquire**, Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, 7th Floor, Boston, MA 02109.

/s/ Regina M. Ryan
Regina M. Ryan