UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CA NO. 05-11354JLT

**BRETT S. GODETTE,**
    Plaintiff,

v.

**RICHARD STANLEY, DIANE HEFFERNAN,
DANIEL CRONIN, PAUL CALLAGHER,
WILLIAM WALLACE, DONALD PATTULLO,
CHARLES HESELTINE, and PATRICK KEEFE,
Individually and as Police Officers of Their
Respective Municipalities, LT. RIORDON,
TOWN OF NORTH ANDOVER, TOWN OF
ANDOVER, and MERRIMACK COLLEGE,**
    Defendants

### DEFENDANTS, RICHARD STANLEY, DIANE HEFFERNAN, DANIEL CRONIN, PAUL GALLAGHER AND TOWN OF NORTH ANDOVER'S L.R. 56.1 STATEMENT OF UNDISPUTED FACTS

1.  The plaintiff, Brett Godette was a student a Merrimack College and a member of the men's basketball team. (See, plaintiff's complaint.)

2.  On March 26, 2003, Mr. Godette wore a "doo-rag" and a grey Merrimack basketball fleece jacket while on campus. (Id.)

3.  At approximately 11:30 a.m. on March 26, 2003, an individual robbed a bank in North Andover, Massachusetts.

4.  At approximately 2:00 p.m. on that date, Lt. Riordon of the Merrimack College Police Services read a "CJIS message" that described the suspect and identified a license plate. (See Exhibit A, police report of Merrimack College Police, Lt. Riordan.)

5.  Lt. Riordan had seen Brett Godette earlier that day and the description, including

       clothing, had similarities to Brett Godette was wearing that day. Id.

6. The suspect was described as wearing a doo-rag, baggy clothing and a grey zip up sweatshirt.

7. Lt. Riordan ran the license plate included in the CJIS report and it came up with a match to another Merrimack College student. Id.

8. Lt. Riordan reported this information to the North Andover Police via telephone.

9. Shortly thereafter, Lt. Riordon met with various police officers including, Heffernan, Stanley, Cronin and Gallagher, all of the North Andover Police. (Id.)

10. Detectives Heffernan, Lt. Gallagher, Chief Stanley and Detective Cronin all met with Lt. Riordan and he informed them of the license plate check that matched a Merrimack College student and of the fact that he saw Mr. Godette that morning wearing a white doo rag and a hat and similar clothing. (See Exhibit F, North Andover Police report.)

11. Mr. Godette admits that on the morning of the incident when he went to workout at approximately 7:00 a.m. he wore his doo-rag as he walked to the gym. (See Exhibit E, Plaintiff's Deposition Transcript, p. 109).

12. Mr. Godette was also admits to wearing a grey zip up fleece with baggy clothing on the date of this incident. (See Exhibit E, Plaintiff's Deposition Transcript, p. 107 - 108).

13. At the meeting, Lt. Riordon displayed to the officers a Merrimack College identification card with Mr. Godette's photograph on it which was compared to the surveillance photos from the armed robbery. (See Exhibit A Police Report of Michael Riordan.)

14. At approximately 3:10 p.m. on that date, Mr. Godette walked out of the Monican dormitory and was immediately surrounded by several police officers. (See plaintiff's complaint paragraph 32.)

15. The officers were not in uniform and he does not remember what they looked like in appearance. (See Exhibit E, plaintiff's deposition page 79-80.)

16. The officers did have police badges hanging on them but he does not remember what the badges said. (See Exhibit E, Exhibit E, plaintiff's deposition page 79-80.)

17. Mr. Godette was handcuffed but he does not remember who handcuffed him. (See Exhibit E, plaintiff's deposition page 85-86.)

18. A male reached in his pants pocket and said, "it's in his pocket." (See Exhibit E, plaintiff's deposition page 80-82.)

19. He had a "big" set of keys in his pocket and the individual put the keys back in his pocket. (See Exhibit E, plaintiff's deposition page 82-83.)

20. Mr. Godette was wearing "very loose" sweatpants at the time of the incident and he could not pull them up when his pants were being searched and as a result they fell to his knees. (See Exhibit E, plaintiff's deposition page 83-84.)

21. Mr. Godette does not know who was searching his pants and can not give a physical description of this individual but knows this individual did not intentionally pull down his pants. (See Exhibit E, plaintiff's deposition page 83-85.)

22. Mr. Godette asserts that a female officer searched his gym bag in front of

Monican Hall. (See Exhibit E, plaintiff's deposition page 85.)

23. For approximately twenty minutes the plaintiff alleges that these officers detained him in and around the lobby area of the Monican dormitory. (See Exhibit E, plaintiff's deposition page 86.)

24. During this time period Mr. Godette was told that there was an armed robbery in North Andover and was asked to explain where he was earlier that day. (See Exhibit E, plaintiff's deposition page 86-89.) He said he was in class at the time.

25. Mr. Godette permitted the officers to visit and search his dormitory. (Complaint, ¶ 41.)

26. He does not remember who transported him to his room, how many individuals transported him to his room or what they looked like. (See Exhibit E, plaintiff's deposition page 91.)

27. While in his room Mr. Godette saw 4-5 police officers. (See Exhibit E, plaintiff's deposition page 93.)

28. There was a female officer and a heavyset gentleman. (See Exhibit E, plaintiff's deposition page 93.)

29. While in his dorm room, they asked him where his white doo-rag was and he showed them he had a draw full of doo-rags. (See Exhibit E, Plaintiff's Deposition Transcript, p. 94).

30. Mr. Godette then showed them where his white doo-rag was. (See Exhibit E, Plaintiff's Deposition Transcript, p. 95).

31. It took the officers approximately 30 to 45 minute to search his room. (See

Exhibit E, Plaintiff Deposition Transcript, p. 95).

32. After the 35 minute period, he was left in his room with one officer present. (See Exhibit E, Plaintiff's Deposition Transcript, p. 96). It was not the female officer and it was not the heavy-set male officer. (See Exhibit E, Plaintiff's Deposition Transcript, p. 97). It was a detective in plain clothes but he does not remember which department this individual was from. (See Exhibit E, Plaintiff's Deposition Transcript, p. 97).

33. There were officers outside his door and his door was open but he could only see their elbows. (See Exhibit E, Plaintiff's Deposition Transcript, p. 98).

34. After the search of his room, all of the officers outside of his room left and he remained in his room with this one officer. (See Exhibit E, Plaintiff's Deposition Transcript, p. 101).

35. The female officer then returned to the room and she showed him the surveillance pictures from the armed robbery and she advised him that she had confirmed his alibi with a professor from Merrimack College. (See Exhibit E, Plaintiff's Deposition Transcript, pp. 101-103).

36. Mr. Godette took the surveillance pictures from her, swore at her and threw the pictures at her. (See Exhibit E, Plaintiff's Deposition Transcript, p. 103).

37. He then gathered his stuff for his workout and went to the gym. (See Exhibit E, Plaintiff's Deposition Transcript, p. 104).

38. Mr. Godette alleges that this incident was racially motivated because, "the doo-rag didn't rest well with him". (See Exhibit E, Plaintiff's Deposition Transcript).

Defendants, Stanley, Heffernan, Cronin, Gallagher and the Town of North Andover, by their attorneys,

/s/ Regina M. Ryan
Douglas I. Louison BBO# 545191
Regina M. Ryan BBO# 565246
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Regina M. Ryan, hereby certify that on the 1st day of March, 2007, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed **to Paul Klehm, Esquire**, Law Offices of James B. Krasnoo, 23 Main Street, Terrace Level, Andover, MA 01810; **Robert B. Smith, Esquire**, Nelson, Kinder, Mosseau & Saturley, P.C., 45 Milk Street, 7th Floor, Boston, MA 02109.

/s/ Regina M. Ryan
Regina M. Ryan