UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
BRETT S. GODETTE,                    )
    Plaintiff                        )
                                     )
v.                                   )
                                     )
RICHARD STANLEY, *et al*,            ) CIVIL ACTION NO. 05-11354JLT
    Defendants.                      )
_____ )

**PLAINTIFF GODETTE'S *ASSENTED TO* MOTION FOR LEAVE TO TAKE DEPOSITION OF FORMER MERRIMACK COLLEGE POLICE CHIEF WILLIAM MAYROSE AS A RESULT OF MEMORANDUM OF CHIEF MAYROSE FIRST PRODUCED BY DEFENDANT MERRIMACK COLLEGE ON MARCH 2, 2007**

    Plaintiff Brett S. Godette hereby moves this Court, with the assent of the parties, for leave to take the deposition of former Merrimack College Police Chief William Mayrose on March 14, 2007, where, on March 2, 2007, Godette received, for the first time, a copy of a memorandum dated April 11, 2003 drafted by then Merrimack College Campus Police Chief William Mayrose (hereinafter, the "Memorandum") in which, among other things, Mayrose recounted a meeting with Defendant Chief Richard Stanley and Defendant Lt. Paul Gallagher and wrote, in essence, that the detention of Godette on suspicion of armed robbery could have been avoided by advance notice of Godette's class schedule, and where the Court has granted the parties until March 30, 2007 to complete depositions[1]  [See Doc. No. 58].  (See copy of cover letter dated March 1, 2007 and enclosed memorandum attached as **Exhibit A** to Affidavit of Paul J. Klehm, Esq.

---

[1] Former Chief Mayrose was not listed as one of the deponents that Godette was permitted to depose in this matter.

("Aff. Klehm")²).  Godette relies upon the reasons set forth below and the Affidavit of Paul J. Klehm, Esq. filed herewith:

    1.    In the within case, Plaintiff Godette asserts civil rights and other claims against Merrimack College, former Merrimack police officer Michael Riordan, the Town of North Andover, and four of its officers arising out of an incident on March 26, 2003 in which, based upon information received from Defendant Michael Riordan, North Andover police officers detained Godette, an African-American, on suspicion of having committed armed robbery.  Godette, who was in a class at the time of the robbery, was later released.

    2.    On February 22, 2007, Godette took the deposition of Defendant Michael Riordan.  During the course of his deposition, Defendant Riordan mentioned the Memorandum in response to a question. As of February 22, 2007, Plaintiff's counsel had not seen (or heard of) such a Memorandum.  Defendant Riordan recalled that the Memorandum criticized the actions of the Merrimack Police officers, but Defendant Riordan did not recall much of the contents of the Memorandum.  (Aff. Klehm, ¶3).

    4.    On March 1, 2007, the North Andover Defendants filed a motion for summary judgment claiming, in essence, that there was probable cause to detain Godette and also claiming qualified immunity.  (Aff. Klehm, ¶4).

    5.    On March 2, 2007, Godette's counsel received, for the first time, a copy of the Memorandum.  (Aff. Klehm, ¶5).  The Memorandum provides, among other things, as follows:

---

² The Memorandum was first mentioned during the course of the deposition of Michael Riordan, a former Merrimack College police officer, on February 22, 2007.

>After the incident, I met with Chief Stanley and Lt. Gallagher of the North Andover Police Department. We all agreed that the student was subjected to a situation that could have been avoided with advance information about his 11:00 a.m. class. Chief Stanley has offered to apologize to the student and he has also had conversation with President Santigati.

Additionally, the Memorandum provides:

>In the spirit of learning, and not criticism, it appears that the focus and course of the investigation would have been changed if the student's class schedule had been checked before searching for him on campus…..

>Let's use this experience as a learning opportunity. Wherever possible, let's take a little more time to consider all possibilities before calling in a local law enforcement agency. When time allows, the officers involved should consult with me or, in my absence, the next highest ranking officer.

7.  Godette did not list Chief Mayrose as one of his ten deponents in this matter. Now that he is in possession of the Memorandum, though, he needs to take the deposition of Chief Mayrose in order to learn about, among other things, its contents and the conversations referred to therein. (Aff. Klehm, ¶6).

8.  The deposition testimony sought bears directly on the issues raised by the municipal defendants in their motion for summary judgment, including, without limitation, issues regarding the existence of probable cause or reasonable suspicion and issues of qualified immunity. (Aff. Klehm, ¶7).

9.  Godette's opposition to the municipal defendants' motion for summary judgment is due on March 22, 2007. [Doc. No. 58]. Godette has moved this Court to extend the time for filing his opposition to the motion for summary judgment because of the scheduling of depositions. [Doc. No. 60]. Upon the allowance of the within motion, Godette will withdraw that motion. (Aff. Klehm, ¶8).

10. As a result of a L.R. 7.1(A)(2) conference regarding the within motion and as a result of a dismissal of the Andover (not North Andover) municipal defendants, the

parties have agreed to adjust the deposition scheduling so that Godette may meet the March 22, 2007 deadline. The current schedule is as follows[3]:

    a.    Deposition of Defendant Cronin    March 13, 2007 at 9:00 a.m.

    b.    Continued Deposition of Defendant Stanley

        March 13, 2007 (after Cronin deposition)

    c.    Continued Deposition of Defendant Gallagher

        March 13, 2007 (after Stanley deposition)

    d.    Deposition of William Mayrose (if within motion allowed)

        March 14, 2007 at 9:00 a.m.

(Aff. Klehm, ¶9).

12. Godette has thus far taken only four depositions. The deposition of Defendant Cronin will bring the total to five depositions. If Godette proceeds with the deposition of Pattulo, that will bring the total to six depositions. Therefore, by adding the deposition of William Mayrose, Godette will not exceed the ten deposition limit set by the Court. (Aff. Klehm, ¶10).

13. A final pre-trial conference in this matter is scheduled for April 17, 2007, and trial is scheduled for April 30, 2007. Through this motion, Godette does not seek to extend either of those dates. (Aff. Klehm, ¶11).

14. Pursuant to Fed. R. Civ. P. 56(f), Godette's counsel will require the opportunity to take the deposition sought in this motion in order to address the arguments in the motion for summary judgment, which relate to issues of probable cause and qualified immunity, fully. (Aff. Klehm, ¶12).

---

[3] Plaintiff is uncertain whether he will proceed with the deposition of former defendant Donald Pattulo, which is scheduled for March 19, 2007.

4

15. Defendants assent to the allowance of the within motion.

**WHEREFORE**, for the above reasons, Plaintiff Brett S. Godette respectfully requests that this Court GRANT the within motion and permit Godette leave to take the deposition of former Chief Mayrose.

| | |
|---|---|
| Plaintiff<br>Brett S. Godette,<br>By His Attorneys, | **ASSENTED TO:**<br>Defendants<br>Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher, and Town of North Andover<br>By Their Attorney, |
| /s/ Paul J. Klehm | /s/ Regina M. Ryan  (by PJK) |
| James B. Krasnoo BBO#279300<br>jkrasnoo@krasnooklehm.com<br>Paul J. Klehm   BBO#561605<br>pklehm@krasnooklehm.com<br>Krasnoo|Klehm LLP<br>23 Main Street, Suite One<br>Andover, MA  01810<br> (978) 475-9955 | Regina M. Ryan<br>rryan@merricklc.com<br>Merrick, Louison & Costello<br>67 Batterymarch Street<br>Boston, MA 02110<br>(617) 439-0305 |

**ASSENTED TO:**
Defendants
LT. Riordon and
Merrimack College,
By Their Attorney,

/s/ Robert B. Smith    (By PJK)
Robert B. Smith
rsmith@nkms.com
Allison C. Ayer
AAyer@nkms.com
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk St.
7th Floor
Boston, MA 02109
(617) 778-7501

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

On March 7, 2007, Attorney Smith and Attorney Ryan informed me that I could sign their assent to the within motion.

                                           */s/ Paul J. Klehm*
                                           Paul J. Klehm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF or upon each party not represented by an attorney via first class mail, postage pre-paid on March 7, 2007.

                                           */s/ Paul J. Klehm*
                                           Paul J. Klehm