UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| RICHARD STANLEY, *et al*,<br>    Defendants. | ) CIVIL ACTION NO. 05-11354JLT<br>)<br>) |

## **AFFIDAVIT OF PAUL J. KLEHM, ESQ.,**

I, Paul J. Klehm, Esq., being duly deposed and sworn, aver as follows:

1. I am co-counsel to Plaintiff Brett S. Godette.

2. I have been admitted to the Bar of Massachusetts since 1992 and to the Bar of the United States District Court for the District of Massachusetts since 1993.

3. On February 22, 2007, I took the deposition of Defendant Michael Riordan. During the course of his deposition, Defendant Riordan mentioned the Memorandum in response to a question. As of February 22, 2007, I had not seen (or heard of) such a Memorandum. Defendant Riordan recalled that the Memorandum criticized the actions of the Merrimack Police officers, but Defendant Riordan did not recall much of the contents of the Memorandum.

4. On March 1, 2007, the North Andover Defendants filed a motion for summary judgment claiming, in essence, that there was probable cause to detain Godette and also claiming qualified immunity.

5. On March 2, 2007, I received, for the first time, a copy of the Memorandum. (See **Exhibit A**).

6.  Godette did not list Chief Mayrose as one of his ten deponents in this matter. Now that he is in possession of the Memorandum, though, he needs to take the deposition of Chief Mayrose in order to learn about, among other things, its contents and the conversations referred to therein.

7.  The deposition testimony sought bears directly on the issues raised by the municipal defendants in their motion for summary judgment, including, without limitation, issues regarding the existence of probable cause or reasonable suspicion and issues of qualified immunity.

8.  Godette's opposition to the municipal defendants' motion for summary judgment is due on March 22, 2007. [Doc. No. 58]. Godette has moved this Court to extend the time for filing his opposition to the motion for summary judgment because of the scheduling of depositions. [Doc. No. 60]. Upon the allowance of the within motion, Godette will withdraw that motion.

9.  As a result of a L.R. 7.1(A)(2) conference regarding the within motion and as a result of a dismissal of the Andover (not North Andover) municipal defendants, the parties have agreed to adjust the deposition scheduling so that Godette may meet the March 22, 2007 deadline. The current schedule is as follows[1]:

   a.  Deposition of Defendant Cronin    March 13, 2007 at 9:00 a.m.

   b.  Continued Deposition of Defendant Stanley

       March 13, 2007 (after Cronin deposition)

   c.  Continued Deposition of Defendant Gallagher

       March 13, 2007 (after Stanley deposition)

---

[1] Plaintiff is uncertain whether he will proceed with the deposition of former defendant Donald Pattulo, which is scheduled for March 19, 2007.

2

   d.  Deposition of William Mayrose (if within motion allowed)

               March 14, 2007 at 9:00 a.m.

  10.  Godette has thus far taken only four depositions. The deposition of Defendant Cronin will bring the total to five depositions. If Godette proceeds with the deposition of Pattulo, that will bring the total to six depositions. Therefore, by adding the deposition of William Mayrose, Godette will not exceed the ten deposition limit set by the Court.

  11.  A final pre-trial conference in this matter is scheduled for April 17, 2007, and trial is scheduled for April 30, 2007. Through this motion, Godette does not seek to extend either of those dates.

  12.  Pursuant to Fed. R. Civ. P. 56(f), I will require the opportunity to take the deposition sought in this motion in order to address the arguments in the motion for summary judgment, which relate to issues of probable cause and qualified immunity, fully.

  Signed under pains and penalties of perjury this 7th day of March, 2007.

                 /s/ Paul J. Klehm
                 Paul J. Klehm

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above document was served upon the attorney(s) of record or upon each party not represented by an attorney via first class mail, postage pre-paid on March 7, 2007.

                 /s/ Paul J. Klehm
                 Paul J. Klehm

# NELSON KINDER MOSSEAU & SATURLEY, PC
## ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| Richard C. Nelson | John C. Kissinger, Jr. | Gerald F. Lucey* | Joseph Callanan* |
| E. Tupper Kinder | Michael T. McInerny | Frank W. Beckstein, III | Adam J. Chandler |
| Peter W. Mosseau | Paul T. Milligan* | Jeffrey A. Meyers | Allison C. Ayer |
| William C. Saturley | Jonathan A. Lax | Jeanne M. McCormick* | Dana L. Fleming |
| Nicholas K. Holmes | Kenneth E. Rubinstein | Robert B. Smith* | Alexander G. Rheaume |
| Mark D. Attorri | Christopher T. Vrountas | Robert F. Adams* | Heidi A. Schiller* |
| Bradley D. Holt | Christopher D. Hawkins | Leonard D. Zamansky* | Of Counsel |

*Admitted in MA only

RECEIVED
-2
BY: TEK
PJK

March 1, 2007

Paul J. Klehm, Esq.
Krasnoo Klehm, LLP
23 Main Street
Terrace Level
Andover, MA 01810

Re: **Brett Godette v. Merrimack College et al.**
U.S. District Court, Massachusetts, Civil Action No. 05-11354 JLT

Dear Attorney Klehm:

Enclosed please find a copy of the Memorandum of Chief William Mayrose referred to in Michael Riordan's deposition on February 23, 2007.

As I previously requested, please provide me with copies of the North Andover Police Department "Eagle Book" and Town of North Andover Bylaws, which were marked Exhibits 1 and 2, respectively, at Diane Heffernan's deposition on February 27, 2007.

Thank you for your attention to this matter. If you have any questions, I can be reached at (603) 606-5026.

Very truly yours,

Allison C. Ayer

ACA/jh
cc: Regina M. Ryan, Esq.
Robert B. Smith, Esq.

New Hampshire Office   99 Middle Street, Manchester, New Hampshire 03101   [603] 647-1800   Fax [603] 647-1900
Massachusetts Office   45 Milk Street, Boston, Massachusetts 02109           [617] 778-7500   Fax [617] 778-7501
Maine Office           Two Monument Square, 6th Floor, Portland, Maine 04101 [207] 347-6901   Fax [207] 347-6902

Website www.nkms.com

## MERRIMACK COLLEGE CAMPUS POLICE

TO: All Department Personnel
FROM: Bill Mayrose
DATE: April 11, 2003
RE: NAPD Armed Robbery Investigation

As you are likely aware, our department recently assisted the North Andover Police Department with their investigation of the armed robbery of a local bank. The investigation led them to our campus and a focus on one of our resident students.

Believing that the student was the armed robbery suspect, a NAPD detective placed the student in handcuffs in the Monican Centre lobby and, after a few minutes of conversation, accompanied him to his room where he was uncuffed and questioned for a period of time. It was during this questioning that the student explained that he was in class when the 11:35am armed robbery occurred.

The student was, understandably, unsettled and embarrassed by the experience of being handcuffed in front of fellow students, particularly due to the fact that he was mistakenly identified as the suspect. After this incident, rumors began circulating around campus that he had been arrested for armed robbery and this caused further frustration and embarrassment to the student and to the college community.

After the incident, I met with Chief Stanley and Lt. Gallagher of the North Andover Police Department. We all agreed that the student was subjected to a situation that could have been avoided with advance information about his 11:00am class. Chief Stanley has offered to apologize to the student and he has also had conversation with President Santagati.

I recognize that things happened very quickly that day and, once NAPD was on campus, they dictated the course and speed of action. With this in mind, it is still appropriate for us to review our role in the incident to see what can be learned. In the spirit of learning, and not criticism, it appears that the focus and course of the investigation would have been changed if the student's class schedule had been checked before searching for him on campus.

Let's use this experience as a learning opportunity. Wherever possible, let's take a little more time to consider all possibilities before calling in a local law enforcement agency. When time allows, the officers involved should consult with me or, in my absence, the next highest ranking officer.