UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of )<br>their Respective Municipalities, LT. RIORDON )<br>and the TOWN OF NORTH ANDOVER, and )<br>And MERRIMACK COLLEGE )<br>Defendants. )<br>) | C.A. No. 05-11354 JLT |

**DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S MEMORANDUM OF LAW IN RESPONSE TO THE NORTH ANDOVER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

The Defendants, Merrimack College and Michael Riordan (collectively the "Merrimack College Defendants ) hereby respond to and join in the Motion for Summary Judgment of the Defendants Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher, and the Town of North Andover (collectively the "North Andover Defendants ). The Merrimack College Defendants also seek summary judgment for all the reasons set forth in the North Andover Defendants' motion for summary judgment, as well as the legal precedent cited herein.

I.   **Statement of the Case**

In this action, the plaintiff asserts civil rights claims against Riordan pursuant to 42 U.S.C. § 1985 and Riordan and Merrimack College pursuant to M.G.L. ch. 12 §§ 11H and 11I. Plaintiff also asserts claims of false imprisonment, assault and battery, and intentional and negligent infliction of emotional distress against the Merrimack College Defendants. Plaintiff makes these same claims against North Andover Police Department ("NAPD ) officers and

individual defendants Stanley, Heffernan, Cronin, and Gallagher, as well as the Town of North Andover. Plaintiff alleges that Riordan and NAPD officers Stanley, Heffernan, Cronin and Gallagher conspired to and did violate his civil rights and engaged in tortious conduct when NAPD officers detained and questioned the plaintiff in his dormitory after Riordan informed the NAPD 1) that the vehicle described in a NAPD-issued teletype report of an armed bank robbery on March 26, 2003 was registered to a Merrimack College student and 2) that he had seen another Merrimack College student (Godette) earlier that day wearing clothing similar to that worn by the suspect described in the teletype report. See Defendants, Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher and Town of North Andover's L.R. 56.1 Statement of Undisputed Facts at ¶¶ 4-10.

## II.    Statement of Undisputed Facts

The Merrimack College Defendants adopt and incorporate by reference the Rule 56 Statement of Undisputed Facts filed by the North Andover Defendants on March 1, 2007.

## III.    Argument

Discovery in this case is now concluded. Plaintiff has no factual support for the claims for which Merrimack College and Riordan (as well as the North Andover Defendants) move for summary judgment.

### A.    Plaintiff's Claims against Michael Riordan for Conspiracy to Violate his Civil Rights brought pursuant to 42 U.S.C. § 1985 and Massachusetts Common Law Must Fail.

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan is entitled to summary judgment on plaintiff's claims of conspiracy to violate civil rights (Counts II and VI).

The mere fact that plaintiff is African American is legally insufficient to support

plaintiff's claim of discriminatory animus necessary to succeed in his Section 1985 conspiracy claim where there is no evidence that Riordan or the NAPD officers selected their course of action because of plaintiff's race. Thornton v. City of Albany, et al., 831 F.Supp. 970, 980-81 (N.D.N.Y. 1993)(police officer's statement that he lethally shot the suspect (who was African American) because he feared the suspect would use his teeth as weapons did not demonstrate an invidious discriminatory animus necessary to maintain a § 1985(3) cause of action). Plaintiff's claim must fail where, as in this case, the undisputed facts establish that law enforcement officers made a "race-neutral reaction to [a] stressful encounter" when they questioned the plaintiff because he met a general description of the suspect. Alexander v. City of South Bend, 433 F.3d 550, 556-57 (7th Cir. 2006)(plaintiff's conspiracy claim brought pursuant to 42 U.S.C. §1985 failed because the police were not motivated by racial animus where they questioned and arrested plaintiff because he fit the general description of the suspect); see also Armster v. City of Riverside, et al., 611 F.Supp. 103, (D.C.Cal. 1985)(granting summary judgment to defendants-police officers for Section 1985 claim because plaintiff failed to prove that the defendants were motivated by racial or class-based invidiously discriminatory animus where plaintiff did not offer any evidence to rebut police officers' declarations that they did not have a "negative racial motive or intent" in aiding in the forceful citizen's arrest of the plaintiff); Alexis v. McDonald's Restaurants of Massachusetts, Inc., et al., 67 F.3d 341, 347 (1st Cir. 1995).

    Evidence of law enforcement officers' joint investigation of a crime and communications made in furtherance thereof is not enough to establish an agreement necessary to succeed in a claim for conspiracy to deprive a person of his or her civil rights. Reasonover v. St. Louis County, et al., 447 F.3d 569, 582 (8th Cir. 2006); Alexander v. City of South Bend, 433 F.3d 550, 557 (7th Cir. 2006). Police officers who communicate, during their investigation, about the

progress of the investigation have not, as a matter of law, conspired to deprive a plaintiff of his or her civil rights. Alexander v. City of South Bend, 433 F.3d 550, 557 (7th Cir. 2006)(plaintiff's conspiracy claim brought pursuant to 42 U.S.C. §1985 failed because telephone calls among police officers investigating the crime for which plaintiff was wrongly convicted did not amount to a conspiracy); see also Ducey v. Yakima Police Dept., et al., 2005 WL 1844091 (9th Cir. Aug. 4, 2005) (defendants-police officers entitled to summary judgment on a claim of conspiracy to deprive one of his civil rights where the police officers who performed the warrantless search as part of their investigation of an assault did not reach an agreement or "meeting of the minds with hotel employees who aided in their investigation). Furthermore, police officers who confer and agree on their actions in apprehending a suspect have not conspired to violate one's civil rights. See Thornton, 831 F.Supp. at 980.

Plaintiff has no factual support that Riordan was motivated by discriminatory animus and/or that he and the NAPD officers reached an agreement to deprive the plaintiff of his civil rights. Riordan is therefore entitled to summary judgment on Counts II and VI.

**B.    Plaintiff's M.G.L. ch. 12 §§ 11H & 11I claim against Riordan and Merrimack College Must Fail.**

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan and Merrimack College are entitled to summary judgment on Count V, plaintiff's M.G.L. ch. 12 §§11H and 11I claim that they violated his civil rights.

As articulated by this Court, that a detainee turns out to be innocent is "largely irrelevant to a claim that one's civil rights have been violated. DeToledo v. County of Suffolk, et al., 379 F.Supp.2d 138, 144 (D.Mass. 2005). "The Constitution does not guarantee that only the guilty

4

will be arrested. If it did, [civil rights statutes] would provide a cause of action for every defendant acquitted-indeed, for every suspect released. <u>Id</u>. Godette has failed to establish that Riordan, Merrimack College, or any of the North Andover Defendants deprived him of any constitutional right on March 26, 2003. Accordingly, Riordan and Merrimack College are entitled to summary judgment.

      C.      **Plaintiff's Claims against Riordan and Merrimack College for False Imprisonment Must Fail.**

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan and Merrimack College are entitled to summary judgment on Count VIII, plaintiff's false imprisonment claim.

      D.      **Plaintiff's Claims against Riordan and Merrimack College for Assault and Battery Must Fail.**

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan and Merrimack College are entitled to summary judgment on Count IX, plaintiff's assault and battery claim.

      E.      **Plaintiff's Claims against Riordan and Merrimack College for Intentional Infliction of Emotional Distress Must Fail.**

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan and Merrimack College are entitled to summary judgment on Count X, plaintiff's claim of intentional infliction of emotional distress.

In order to prevail in his intentional infliction of emotional distress claim, Godette must prove that the defendant's conduct was extreme and outrageous. <u>Sheppard v. Aloisi, et al.</u>, 384 F.Supp.2d 478, 495 (D.Mass. 2005)(citation omitted); <u>Sietins v. Joseph, et al.</u>, 238 F.Supp.2d

366, 379 (D.Mass. 2003). For conduct to be "extreme and outrageous, it "'must be beyond all bounds of decency and…utterly intolerable in a civilized community.'  Sheppard, 384 F.Supp.2d at 495(citation omitted); Sietins, 238 F.Supp.2d at 379.  While it may be a traumatic experience, that a person is falsely arrested or detained does not necessarily give rise to a claim for intentional infliction of emotional distress. See Sheppard, 384 F.Supp.2d 478, 495 (D.Mass. 2005).  The actions of police defendants who "merely carried out their obligations as law enforcement officials 'as a matter of law cannot be deemed extreme and outrageous.'  Sietins, 238 F.Supp.2d 366, 379 (D.Mass. 2003)(police defendants entitled to summary judgment on plaintiff's intentional infliction of emotional distress claim stemming from his false arrest because the police defendants had probable cause to arrest plaintiff for larceny where the alleged victim reported the larceny, multiple police officers interviewed the victim, documentation appeared to confirm the reports, and the defendant police officers were unsuccessful in their attempts to contact the plaintiff); Sheppard, 384 F.Supp.2d at 495 (police officer's conduct was not extreme and outrageous and he was entitled to summary judgment on intentional infliction of emotional distress claim because he arguably had probable cause to arrest plaintiff for armed robbery).

Plaintiff has not established a single fact that any person engaged in unlawful conduct and/or violated his civil rights on March 26, 2003. Rather, the undisputed facts show that Riordan merely provide a municipal law enforcement agency with information relevant to their investigation of an armed bank robbery. Moreover, the undisputed facts show plainly that in fulfillment of their law enforcement duties, the NAPD officers questioned and detained Godette based on their belief that he might be involved in an armed bank robbery. Such conduct is not extreme and outrageous, as a matter of law. Accordingly, Riordan and Merrimack College are

entitled to summary judgment on plaintiff's claim for intentional infliction of emotional distress.

### F. Plaintiff's Claims against Riordan and Merrimack College for Negligent Infliction of Emotional Distress Must Fail.

For all of the reasons asserted in the North Andover Defendants' Motion for Summary Judgment, as well as additional legal precedent cited herein, Riordan and Merrimack College are entitled to summary judgment on Count X, plaintiff's claim of negligent infliction of emotional distress.

Massachusetts law requires that when recovery is sought for negligent infliction of emotional distress, there must be evidence that the plaintiff suffered physical injuries as a result of the emotional distress. Payton, et al., v. Abbott Labs, et al., 386 Mass. 540, 556 (1982). Where the plaintiff makes no showing that he suffered a physical injury, he cannot recover for negligent infliction of emotional distress. Bernard v. Cameron and Colby Col, Inc., 397 Mass. 320, 323 (1986); Garrity v. Garrity, 399 Mass. 367, 369 (1987); Payton, 386 Mass. at 556-57.

The undisputed facts establish that the plaintiff suffered no physical injuries as a result of the incident. Moreover, the plaintiff does not allege that he had physical manifestations of emotional distress. Accordingly, Riordan and Merrimack College are entitled to summary judgment on plaintiff's negligent infliction of emotional distress claim.

### Conclusion

Merrimack College and Riordan respectfully submit that summary judgment should be granted in their favor as to Counts II, V, VI, VIII, IX, and X.

Respectfully submitted,

MERRIMACK COLLEGE and
MICHAEL RIORDAN

By their Attorneys,

                                                NELSON, KINDER,
                                                MOSSEAU & SATURLEY, P.C.

Dated:  March 22, 2007                    By: /s/ Robert B. Smith
                                                Robert B. Smith, BBO#546580
                                                Allison C. Ayer, BBO#660665
                                                Nelson, Kinder, Mosseau & Saturley, P.C.
                                                45 Milk Street, 7th Floor
                                                Boston, MA  02109
                                                Tel.: (617) 778-7500
                                                Fax: (617) 778-7501

**CERTIFICATE OF SERVICE**

    I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Defendants Merrimack College and Michael Riordan's Memorandum of Law in Response to the North Andover Defendants' Motion for Summary Judgment and in Support of their Cross-Motion for Summary Judgment  with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Benjamin Falkner, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  March 22, 2007                           /s/ Robert B. Smith_____