UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRETT S. GODETTE,<br>      Plaintiff<br><br>v.<br><br>RICHARD STANLEY, *et al*,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11354JLT<br>)<br>) |

**PLAINTIFF'S *EMERGENCY* MOTION TO STRIKE UNTIMELY "CROSS" MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN [Doc. No. 77]**

Plaintiff Brett S. Godette hereby moves this Court, on an emergency basis, to strike the untimely, prejudicial and unfair "cross" motion for summary judgment filed by Defendants Merrimack College and Michael Riordan (hereinafter, "Merrimack") on March 22, 2007 [Doc. No. 77] where (1) the deadline for serving summary judgment motions was March 1, 2007, (2) Merrimack has sought to circumvent that deadline by labeling its motion a "cross-motion" (even though the motion is a separate motion for summary judgment, and not a true cross-motion), (3) Godette's counsel will be required to prepare a separate opposition to Merrimack's motion (and a memorandum in support thereof) by April 5, 2007, during which time, among other things, Godette's counsel must simultaneously prepare trial documents associated with the April 30th trial of this matter, and (4) Godette's counsel is scheduled to begin a complex two to three week jury trial which begins on April 2, 2007 (*Olsheskie et al v. Montalto et al*, Essex County (Massachusetts) Superior Court Civil Action No. 99-983B), a case which involves six plaintiffs and ten defendants. In the alternative, Godette respectfully requests that this Court (1) extend the time within which Godette may file his opposition to Merrimack's

"cross" motion from April 5, 2007 to and including May 3, 2007, (2) continue the Final Pre-Trial Hearing from April 17, 2007 to a date convenient to the Court in mid-May, 2007 or thereafter, and (3) continue the trial of the within matter from April 30, 2007 to a date convenient to the Court in June, 2007. Godette relies upon the reasons set forth below and in the Affidavit of Paul J. Klehm, Esq. filed herewith.

**GROUNDS FOR FILING THE WITHIN MOTION ON AN EMERGENCY BASIS**

The within motion is filed on an emergency basis because the time for Godette to file an opposition to Merrimack's untimely motion for summary judgment will have passed before the time will have run for Merrimack to file any opposition to the within motion, thus rendering the within motion moot.

1. On January 18, 2007, the Court ordered that motions for summary judgment in the within matter be filed by March 1, 2007, and that oppositions thereto be filed by March 22, 2007. [Doc. No. 58]. Godette's counsel relied upon the schedule set by the Court in handling their workload in this case and in other matters.

2. On March 1, 2007, the municipal defendants filed a motion for summary judgment, along with accompanying materials [Doc. Nos. 62-64].

3. On March 22, 2007, Defendants Merrimack College and Michael Riordan (hereinafter, "Merrimack") filed "Defendants Merrimack College and Michael Riordan's Response to the North Andover Defendants' Motion for Summary Judgment and Their Cross-Motion for Summary Judgment" [Doc. No. 77]. While labeled a "cross" motion, the motion seeks summary judgment in favor of Merrimack against Godette, not against the municipal defendants. Merrimack's motion seeks to circumvent the March 1st deadline for filing motions for summary judgment in this matter.

4.      On March 22, 2007, Godette filed an opposition to the municipal defendants' motion for summary judgment, along with accompanying materials [Doc. Nos. 78-81].

5.      A Final Pre-Trial Conference is scheduled for April 17, 2007, and trial is scheduled for April 30, 2007.

6.      Where Merrimack's purported "cross" motion [Doc. No. 77] is untimely, Godette moves this Court, on an emergency basis, to strike said motion. The focus of Godette's opposition to the motion for summary judgment was upon the municipal defendants, and not upon Merrimack. If the motion is not stricken:

> (a) Godette's counsel will be required to prepare a separate opposition to Merrimack's motion (and a memorandum in support thereof) by April 5, 2007, during which time, among other things, Godette's counsel must simultaneously prepare trial documents associated with the April 30th trial of this matter, and
>
> (b) Godette's counsel will be prejudiced in their efforts to prepare for, and to participate in, a complex two to three week jury trial which begins on April 2, 2007 (*Olsheskie et al v. Montalto et al*, Essex County (Massachusetts) Superior Court Civil Action No. 99-983B), a case which involves six plaintiffs (all of whom are represented by Krasnoo|Klehm. LLP) and ten defendants.

7.      Godette therefore seeks to strike Merrimack's untimely "cross-motion" for summary judgment [Doc. No. 77].

8.      To the extent that this Court is not inclined to grant the within motion, Godette respectfully requests that this Court (1) extend the time within which Godette may file his opposition to Merrimack's "cross" motion from April 5, 2007 to and including May 3, 2007, (2) continue the Final Pre-Trial Hearing from April 17, 2007 to a date convenient to the Court in mid-May, 2007 or thereafter, and (3) continue the trial of the within matter from April 30, 2007 to a date convenient to the Court in June, 2007.

For scheduling purposes, Godette's counsel note that they are scheduled to begin a civil rights trial in the matter of *Kocani v. City of Beverly* (U.S. District Court of Massachusetts, Civil Action No. 1:05-CV-12325-RBC) on June 4, 2007.

9. Merrimack's motion, if entertained by this Court, rewards Merrimack for its unfair and direct contravention of the Rules of this Court and of the specific scheduling order of this Court. No matter how self-servingly distorting a title Merrimack bestows upon its cross motion, it is not a cross motion at all but rather a motion for summary judgment against plaintiff Godette. It was filed late and without permission of the Court. To entertain it, this Court must therefore mightily penalize the plaintiff. The Court should not reward Merrimack for its improper behavior.

**WHEREFORE**, for the above reasons, Plaintiff Brett S. Godette requests that this Court GRANT the within motion and strike Merrimack's motion for summary judgment [Doc. No. 77]. In the alternative, Godette respectfully requests that this Court (1) extend the time within which Godette may file his opposition to Merrimack's "cross" motion from April 5, 2007 to and including May 3, 2007, (2) continue the Final Pre-Trial

Hearing from April 17, 2007 to a date convenient to the Court in mid-May, 2007 or thereafter, and (3) continue the trial of the within matter from April 30, 2007 to a date convenient to the Court in June, 2007.

Brett Godette
By his Attorneys,

*/s/ Paul J. Klehm*
James B. Krasnoo  BBO #279300
*james@krasnooklehm.com*
Paul J. Klehm  BBO  #561605
*pklehm@krasnooklehm.com*
Krasnoo|Klehm LLP
23 Main Street, Suite 6
Andover, MA 01810
(978) 475-9955

Dated:   March 26, 2007

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

On March 26, 2007 at approximately 12:35 p.m., I left a voicemail message for Attorney Robert Smith, counsel to the Merrimack Defendants, regarding the filing of the within motion.  Shortly thereafter, I spoke by telephone with Attorney Allison Ayer, counsel to Merrimack Defendants.  We were unable to resolve the issues presented herein.  At approximately 12:40 p.m., I left a voicemail message for Attorney Regina Ryan, counsel to the North Andover Defendants regarding the within motion.

*/s/ Paul J. Klehm*
Paul J. Klehm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF system on March 26, 2007.

*/s/ Paul J. Klehm*
Paul J. Klehm