UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of )<br>their Respective Municipalities, LT. RIORDON )<br>and the TOWN OF NORTH ANDOVER, and )<br>And MERRIMACK COLLEGE )<br>    Defendants. )<br>) | C.A. No. 05-11354 JLT |

## DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S OPPOSITION TO PLAINTIFF'S "EMERGENCY" MOTION TO STRIKE

The Defendants, Merrimack College and Michael Riordan (collectively the "Merrimack College Defendants ) oppose Plaintiff's "Emergency Motion to Strike the Merrimack College Defendants' Response to the North Andover Defendants' Motion for Summary Judgment, and request that the Court deny the "emergency motion in its entirety. In support of the opposition, the Merrimack College Defendants state as follows:

**I.   The Merrimack College Defendants' Response to the North Andover Defendants' Motion for Summary Judgment was Properly Filed.**

1.    On March 1, 2007, the North Andover Defendants filed a motion for summary judgment as well as accompanying documents including a memorandum of law and undisputed statement of facts.

2.    On March 1, 2007, the Merrimack College Defendants received by electronic service the North Andover Defendants' Motion for Summary Judgment. Before March 1, 2007, the Merrimack College Defendants were not aware of the content of and/or grounds for the

North Andover Defendants' motion for summary judgment.

3. The North Andover Defendants' motion for summary judgment requested that this Court enter judgment in their favor on plaintiff's claims of conspiracy brought pursuant to 42 U.S.C. § 1985, state civil rights brought pursuant to M.G.L. ch. 12 §§11H and 11I, common law conspiracy, false imprisonment, assault and battery, and intentional and negligent infliction of emotional distress.

4. Plaintiff asserted identical claims against Riordan and/or Merrimack College based on the same incident on March 26, 2003 in which the plaintiff was detained and questioned in his dormitory by the North Andover police.

5. Responses to the North Andover Defendants' Motion for Summary Judgment, including plaintiff's opposition thereto, were due March 22, 2007.

6. The Merrimack College Defendants timely filed their response to the North Andover Defendants' Motion for Summary Judgment on March 22, 2007 and joined in that motion on the same legal issues.

7. The Merrimack College Defendants' response does not constitute a separate motion for summary judgment. Rather, the Merrimack College Defendants properly filed a timely response to the North Andover Defendants' Motion for Summary Judgment which merely sought the same relief for the Merrimack College Defendants on those claims asserted against all Defendants.

8. As parties in the case, the Merrimack College Defendants have an interest in the result of the North Andover Defendants' Motion for Summary Judgment. The Merrimack Defendants properly joined in the North Andover Defendants' Motion for Summary Judgment. Accordingly, the Court should not penalize the Merrimack College Defendants merely because

they may have mislabeled their response a "cross-motion for summary judgment.

9. Furthermore, because the Court's ruling on the North Andover Defendants' Motion for Summary Judgment necessarily implicates and affects the claims plaintiff asserted against the Merrimack College Defendants, the Merrimack College Defendants requested that the Court also enter summary judgment in its favor on the claims plaintiff asserted against both the Merrimack College and the North Andover Defendants.[1]

10. The Merrimack College Defendants relied upon and incorporated by reference the North Andover Defendants' statement of undisputed facts. The Merrimack College Defendants did not assert any additional facts. The Merrimack College Defendants further relied on and incorporated by reference the North Andover Defendants' memorandum of law and argued that the Court should enter judgment in their favor for all the same reasons that the North Andover Defendants were entitled to summary judgment. The Federal Rules of Civil Procedure permit a party to request summary judgment "at any time…[if] served at least 10 days before the time fixed for hearing. FED.R.CIV.P. 56.

11. Accordingly, the Merrimack College Defendants complied with the Rules of Civil Procedure and the deadlines in this case and properly preserved their rights in filing their

---

[1] As an illustration, plaintiff alleged in Count II of his Verified Complaint that, pursuant to 42 U.S.C. §1985, the individual members of the North Andover Police Department and Riordan conspired to deprive him of his civil rights. Plaintiff did not oppose the North Andover Defendants' motion for summary judgment as to Count II. Accordingly, plaintiff did not specify a single fact which supports his claim of conspiracy against the North Andover Defendants. Riordan is also entitled to summary judgment as to Count II for the same reason. See FED.R.CIV.P. 56(e). Plaintiff has not alleged that Riordan reached an agreement with any other individual to deprive the plaintiff of his civil rights. Riordan cannot, as a matter of law or fact, reach an agreement with himself. See Andrade v. Jamestown Housing Authority, et al., 82 F.3d 1179, 1192 (1st Cir. 1996)("*two or more* persons must conspire for a cognizable Section 1985 claim). Accordingly, the Court should enter summary judgment in favor of Riordan, the only other named defendant in the Section 1985 claim.

response to the North Andover Defendants' Motion for Summary Judgment.

II.  **Plaintiff's "Emergency" Motion is a Transparent Attempt to Reschedule the Trial of this Matter for Non-Existent Scheduling Conflicts about which Plaintiff has Known for More than One Year.**

12. Plaintiff commenced this cause of action in 2005. On January 18, 2007, this Court scheduled the trial to begin on April 30, 2007. The parties in this case have taken ten (10) depositions, nine (9) of which were taken in the past month. Motions for summary judgment have been fully briefed, replied to and opposed.

13. The Final Pretrial Conference is scheduled for April 17, 2007. In anticipation of the Final Pretrial Conference, the parties have filed and served Rule 26(a)(3) Pretrial Disclosures. Moreover, counsel scheduled a telephone conference for March 29, 2007 to attempt to resolve any objections to the Pretrial Disclosures before they file Pretrial Memoranda, as required by the Federal Rules of Civil Procedure and the Local Rules. Preparation for the April 30th trial is well-advanced and would be wastefully and unnecessarily duplicated were the trial to be postponed.

14. The Merrimack College Defendants have been advised that counsel's jury trial in the matter of <u>Olsheskie et al. v. Montalto, et al.</u> has been scheduled to begin on April 2 for more than one year. The Merrimack College Defendants have also been advised that three attorneys from the office of plaintiff's counsel's have appeared for the plaintiffs in the <u>Olsheskie</u> matter, any one of whom is competent to try that case.[2] Knowing the date-certain of trial for more than a year provided plaintiff's counsel ample time to coordinate schedules and assign tasks to try that case while also fulfilling their obligations to other clients. Plaintiff's counsel is therefore not

---

[2] All three attorneys from plaintiff's counsel's office have also appeared in this action. Any one of these attorneys, therefore, should be competent to try this cause of action.

prejudiced in their efforts to prepare for and participate in the trial of the Olsheskie matter and also proceed with the trial of this action on April 30, 2007.

15. Moreover, this is the plaintiff's *fourth* motion in this relatively simple case requesting that the Court extend deadlines, and the second "*emergency*" motion seeking such extensions.

16. In January 2007, in connection with their "emergency" motion to withdraw as counsel, plaintiff requested that the Court reschedule the trial to allow time for plaintiff to find new counsel. They never withdrew as counsel, but this Court did reschedule the trial. In February, *prior* to the filing of any motion for summary judgment, plaintiff sought to extend the deadline to file his opposition. In support of the motion, plaintiff cited his alleged need to receive the deposition transcripts of several police officers whose depositions were scheduled in March 2007. Plaintiff later withdrew that motion for an extension of time despite the fact that the depositions for which he allegedly needed transcripts proceeded and the fact that plaintiff requested and indeed took three (3) additional depositions in March.

17. Plaintiff's current "emergency" motion constitutes yet another "fire drill" by which plaintiff attempts to unnecessarily seek additional time to prepare this case for trial at great expense and burden to the Court and the parties.

18. In this instance, plaintiff's purported reason for the extension is his perceived need to file a separate opposition to the Merrimack College Defendants' response to the North Andover Defendants' Motion for Summary Judgment.

19. To the extent plaintiff chooses to file a separate opposition, it is not laborious. The Merrimack College Defendants did not raise any new factual or legal issues in their response to the North Andover Defendants' Motion for Summary Judgment. The Merrimack College

5

Defendants merely incorporated by reference the North Andover Defendants' statement of facts and legal reasoning in support of their mutual request for the same relief on the claims asserted against all defendants. The factual and legal issues articulated in the plaintiff's Opposition to the North Andover Defendants' Motion for Summary Judgment therefore equally address the issues of fact and law raised by the Merrimack College Defendants in their response. This is especially true where the plaintiff asserted in support of his Opposition to the North Andover Defendants' Motion for Summary Judgment facts specific to the actions of the Merrimack College Defendants on March 26, 2003, and also cited to Riordan and Chief Mayrose's deposition testimony, as well as inadmissible documentation of post-incident actions by Merrimack College. See Plaintiff's Undisputed Statement of Facts p. 4-9; 19-20; 22-23; Memorandum of Law at p. 2-4, 7, 10.

20.     Finally, that plaintiff's counsel must "simultaneously prepare trial documents associated with the trial of this matter in connection with preparing other pleadings places plaintiff in no worse a position than the Defendants, all of whom conducted discovery and filed pretrial pleadings while also preparing for trial, but without seeking extensions of time.

21.     The Merrimack College Defendants will be prejudiced if the Court reschedules the trial. The Merrimack College Defendants have incurred time and expense preparing for the trial scheduled for April 30, 2007. The Merrimack College Defendants have apprised several witnesses of the trial schedule and the likely timing of their testimony at trial. Several critical witnesses to the case are no longer employed by Merrimack College. Moving the trial will also interfere with commencement activities scheduled for the middle of May. Moreover, college employees who the Merrimack College Defendants may need to call as witnesses traditionally schedule vacations and other events at the close of the academic year.

22. The case is ripe for trial and should proceed as scheduled subject only to a ruling by the Court on the pending motion for summary judgment.

WHEREFORE, Merrimack College and Michael Riordan respectfully request that this Court:

A. Deny the Plaintiff's "Emergency Motion to Strike the Merrimack College Defendants' Response to the North Andover Defendants' Motion for Summary Judgment; and

B. Grant such other relief that this Court deems just and proper.

                              Respectfully submitted,

                              MERRIMACK COLLEGE and
                              MICHAEL RIORDAN

                              By their Attorneys,

                              NELSON, KINDER,
                              MOSSEAU & SATURLEY, P.C.

Dated: March 27, 2007                By: /s/ Robert B. Smith
                                            Robert B. Smith, BBO#546580
                                            Allison C. Ayer, BBO#660665
                                            Nelson, Kinder, Mosseau & Saturley, P.C.
                                            45 Milk Street, 7th Floor
                                            Boston, MA  02109
                                            Tel.: (617) 778-7500
                                            Fax: (617) 778-7501

**CERTIFICATE OF SERVICE**

      I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Defendants Merrimack College and Michael Riordan's Opposition to Plaintiff's 'Emergency' Motion to Strike  with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Benjamin Falkner, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  March 27, 2007                                                  /s/ Robert B. Smith_____