UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRETT S. GODETTE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD STANLEY, *et. al.*,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-11354JLT<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF BRETT S. GODETTE'S OPPOSITION TO MOTION OF DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO THEIR CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. NO. 93]**

    Plaintiff Brett S. Godette hereby opposes Motion of Defendants Merrimack College and Michael Riordan for Leave to File a Reply to Plaintiff's Opposition to Their Cross-Motion for Summary Judgment where the reply memorandum is filed more than two months after the deadline for filing motions for summary judgment, where it raises facts and issues not previously raised by the Merrimack Defendants and where Godette is unduly prejudiced by the late filing. Godette relies upon the reasons set forth below:

    1.    By order of this Court dated January 18, 2007, the deadline for filing motions for summary judgment was March 1, 2007, and the deadline for filing oppositions to summary judgment was March 22, 2007. [Doc. No. 58].

    2.    On March 1, 2007, Defendants Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher and the Town of North Andover ("North Andover Defendants") filed a motion for summary judgment on all counts. [Doc. Nos. 62-65]. The Merrimack Defendants did not file, and had not yet filed, motion(s) for summary judgment on that date, nor did the Merrimack Defendants join the North Andover Defendants' motion for summary judgment at that time.

3.      On March 22, 2007, despite the March 1st deadline, the Merrimack Defendants filed a motion for partial summary judgment, along with a memorandum of law in support thereof. [Doc. Nos. 77, 82]. The Merrimack Defendants did not include any concise statement of material facts of record.

4.      On March 26, 2007, Godette filed an Emergency Motion to Strike the Response to Motion to Defendants Merrimack College and Michael Riordan for Summary Judgment [Doc. No. 83].

5.      On March 27, 2007, the Court denied the Emergency Motion to Strike [Doc. No. 87].

6.      On May 3, 2007, Godette timely filed an opposition to the partial motion for summary judgment filed by the Merrimack Defendants [Doc. Nos. 89, 90, 91, 92].

7.      On May 7, 2007, the Merrimack Defendants filed Motion Of Defendants Merrimack College And Michael Riordan For Leave To File A Reply To Plaintiff's Opposition To Their Cross-Motion For Summary Judgment [Doc. No. 93], requesting expedited review.

8.      On May 7, 2007, this Court entered an electronic notice of hearing for a "Motion Hearing set for 5/10/2007 10:00 AM in Courtroom 20 before Judge Joseph L. Tauro." Presumably, the hearing is for both the motion for leave to file a reply memorandum and the summary judgment motions.

9.      In the proposed Reply Memorandum, the Merrimack Defendants cite to certain pages of the depositions of Diane Heffernan, Daniel G. Cronin, Richard M. Stanley, Paul J. Gallagher, and Brett S. Godette[1]. The Merrimack Defendants were free to include such facts in the record when they filed their motion for partial summary judgment (in fact, they were required to – see Local Rule 56.1), yet they failed to do so.

---

[1]     Plaintiff intends to file a separate motion to strike many of the cited deposition pages.

10. In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette cannot meet the "threats, intimidation or coercion" requirement of the Massachusetts Civil Rights Act because Godette "could not identify a single Merrimack College security officer who searched him, touched him, questioned him or searched his room." (Reply Memorandum, at 3). The Merrimack Defendants were free to include such arguments when they filed their motion for partial summary judgment, yet they failed to do so. In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette cannot recover under false imprisonment and assault and battery theories because, in essence, he was neither touched nor subjected to force or threats by Riordan or any other Merrimack College employee. (Reply Memorandum, at 6). In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette's emotional injuries are not compensable under a theory of negligent infliction of emotional distress because, in essence, his emotional distress was not severe enough. (Reply Memorandum, at 6-7). The Merrimack Defendants cannot use a reply memorandum as a vehicle through which to expand the scope of their argument.

11. As a result, Godette is left in an untenable situation. Not only did the Merrimack Defendants file a motion for partial summary judgment three weeks after the March 1st deadline for filing motions for summary judgment, but also the Merrimack Defendants now seek to bring up new facts and issues in a reply memorandum some three days before the hearing. Godette is unduly prejudiced by the delay of the Merrimack Defendants. Godette must take time away from preparing for the upcoming trial. Godette must rush to prepare the within opposition, and a separate motion to strike, while preparing for the upcoming hearing, all because the Merrimack Defendants have failed to follow L.R. 56.1. Finally, through the reply memorandum, the Merrimack Defendants seek to raise new theories.

12.     Fairness dictates that this Court deny the Merrimack Defendants' motion for leave to file a reply memorandum.

**WHEREFORE**, Plaintiff Brett S. Godette respectfully requests that this Court DENY the Merrimack Defendants' motion for leave to file reply memorandum [Doc. No. 93].

    Plaintiff
    Brett S. Godette
    By his Attorneys,

    */s/ Paul J. Klehm*
    James B. Krasnoo (BBO#279300)
    *james@krasnooklehm.com*
    Paul J. Klehm (BBO#561605)
    *pklehm@krasnooklehm.com*
    Benjamin L. Falkner (BBO#667951)
    *bfalkner@krasnooklehm.com*
    Krasnoo | Klehm LLP
    23 Main Street, Suite 6
    Andover, MA 01810
    (978) 475-9955

Dated: May 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF on May 8, 2007.

    */s/ Paul J. Klehm*
    Paul J. Klehm

4