UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRETT S. GODETTE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD STANLEY, *et. al.*,<br>    Defendants. | )<br>)<br>)<br>)   Civil Action No. 05-11354JLT<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF BRETT S. GODETTE'S MOTION TO STRIKE (1) CERTAIN PORTIONS OF DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S REPLY MEMORANDUM [DOC. NO. 93, EXHIBIT A] AND (2) THE AFFIDAVIT OF ALLISON C. AYER [DOC. NO. 93, EXHIBIT B]**

**(EXPEDITED REVIEW IS REQUESTED AS MOTION RELATES TO HEARING SET FOR MAY 10TH AND AS TRIAL IS SET FOR JUNE 11, 2007)**

To the extent that this Court grants the Merrimack Defendants' motion to submit a reply memorandum [Doc. No. 93], Plaintiff Brett S. Godette hereby moves this Court to strike (1) certain portions of the proposed reply memorandum of Defendants Merrimack College and Michael Riordan [Doc. No. 93, **Exhibit A**] and (2) the Affidavit of Allison C. Ayer [Doc. No. 93, **Exhibit B**] where the introduction of such information more than two months after the deadline for filing a motion for summary judgment, much of which was not previously filed by Merrimack, is unduly prejudicial to Godette. Godette incorporates herein by reference his opposition to the Merrimack Defendants' motion for leave to file a reply memorandum. Godette relies upon the reasons set forth below:

1. In the proposed Reply Memorandum, the Merrimack Defendants cite to various pages of the depositions of Diane Heffernan, Daniel G. Cronin, Richard M. Stanley, Paul J. Gallagher, and Brett S. Godette. Based upon a brief comparison of the pages cited by Plaintiff and the North Andover Defendants in the materials that they submitted in connection with the

summary judgment motion, it appears that the Merrimack Defendants have added the following deposition citations which were not included in the materials filed by Plaintiff or the North Andover Defendants:

| | |
|---|---|
| Deposition of Diane Heffernan | 75, 76, 100, 121, 122 |
| Deposition of Daniel G. Cronin | 83, 84 |
| Deposition of Richard M. Stanley | 66, 67, 68, 108, 109, 117, 118, 119, 120 |
| Deposition of Paul J. Gallagher | 54, 55 |
| Deposition of Brett S. Godette | 114, 127, 128, 129, 132, 149, 150, 186, 187, 188, 189, 190 |

Through this motion, Godette seeks, among other things, to strike these citations.

2. The Merrimack Defendants were free to include such facts in the record when they filed their motion for partial summary judgment (in fact, they were required to – *see* Local Rule 56.1), yet they failed to do so. The Merrimack Defendants did not include any such citations in their partial motion for summary judgment, nor did the Merrimack Defendants set forth *any* concise statement of material facts with citations to the record. Because the Merrimack Defendants seek to include a new set of facts in their Reply Memorandum, Godette respectfully requests that this Court strike the above-referenced citations to the depositions of Dianne Heffernan, Daniel G. Cronin, Richard M. Stanley, Paul J. Gallagher, and Brett S. Godette, as well as all facts relying upon such citations, as set forth in the Reply Memorandum. A reply memorandum does not present an opportunity to take a second bite at the apple.

3. In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette cannot meet the "threats, intimidation or coercion" requirement of the Massachusetts Civil Rights Act because Godette "could not identify a single Merrimack College

security officer who searched him, touched him, questioned him or searched his room." (Reply Memorandum, at 3). The Merrimack Defendants were free to include such arguments when they filed their motion for partial summary judgment, yet they failed to do so. In their memorandum in support of their motion for partial summary judgment [Doc. No. 82], the Merrimack Defendants argued only that Godette had failed to show that his constitutional rights were violated by any Merrimack Defendant. (Summary Judgment Memorandum, at 4-5). To the extent that the Merrimack Defendants raise the argument that Godette cannot demonstrate "threats, intimidation or coercion" as to the Merrimack Defendants for the first time in their Reply Memorandum, Godette respectfully requests that this Court strike the argument. Moreover, to the extent that the argument relies upon facts and citations raised for the first time in the Reply Memorandum, Godette respectfully requests that this Court strike the facts, the citations and the argument.

4. In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette cannot recover under false imprisonment and assault and battery theories because, in essence, he was neither touched nor subjected to force or threats by Riordan or any other Merrimack College employee. (Reply Memorandum, at 6). The Merrimack Defendants were free to include such arguments when they filed their motion for partial summary judgment, yet they chose not to do so. In their Summary Judgment Memorandum, the Merrimack Defendants merely incorporated the arguments set forth by the North Andover Defendants in their memorandum [Doc. No. 63]. In the North Andover memorandum, the North Andover Defendants do not argue that Godette was not touched, threatened or forced, but, rather, the North Andover Defendants argue that such touching, threats and force were justified. (North Andover Memorandum, at 14-15). To the extent that the Merrimack Defendants raise the

arguments (1) that they did not use force or threats against Godette and (2) that they did not touch Godette, for the first time in their Reply Memorandum, Godette respectfully requests that this Court strike the arguments. Moreover, to the extent that the argument relies upon facts and citations raised for the first time in the Reply Memorandum, Godette respectfully requests that this Court strike the facts, the citations and the argument.

5. In the Reply Memorandum, the Merrimack Defendants argue, for the first time, that Godette's emotional injuries are not compensable under a theory of negligent infliction of emotional distress because, in essence, his emotional distress was not severe enough. (Reply Memorandum, at 6-7). In their Summary Judgment Memorandum, the Merrimack Defendants argued only that Godette had failed to demonstrate physical harm (Summary Judgment Memorandum, at 7). To the extent that the Merrimack Defendants raise the argument that the emotional harm suffered by Godette is not compensable for the first time in their Reply Memorandum, Godette respectfully requests that this Court strike the argument. Moreover, to the extent that the argument relies upon facts and citations raised for the first time in the Reply Memorandum, Godete respectfully requests that this Court strike the facts, the citations and the argument thereon. The Merrimack Defendants cannot use a reply memorandum as a vehicle through which to expand the scope of their argument.

6. In the Affidavit of Allison C. Ayer, the Merrimack Defendants seek to introduce into the record certain excerpts of five depositions. The Merrimack Defendants were free to include such facts in the record when they filed their motion for partial summary judgment (in fact, they were required to do so under L.R. 56.1), yet they failed to do so. To the extent that the excerpts attached thereto introduce, at this late date, new testimony, Godette respectfully requests that this Court strike the Affidavit of Allison C. Ayer.

4

7.      Godette is unduly prejudiced by the last minute efforts of the Merrimack Defendants to seek to add more facts and issues. Godette's counsel has had to take time away from preparing for the upcoming trial in order to prepare this motion to strike and the opposition to the motion for leave to file a reply memorandum. Fairness dictates that this Court strike the above-referenced portions of the Reply Memorandum of Defendant Merrimack, along with the Affidavit of Allison C. Ayer.

**WHEREFORE**, for the above reasons, Plaintiff Brett Godette respectfully requests that this Court GRANT the within motion and strike the above-referenced portions of the proposed reply memorandum [*See* Doc. No. 93, **Exhibit A**] and the Affidavit of Allison C. Ayer [Doc. No. 93, **Exhibit B**].

                                                  Plaintiff
                                                Brett S. Godette
                                                By his Attorneys,

*/s/ Paul J. Klehm*
James B. Krasnoo (BBO#279300)
*james@krasnooklehm.com*
Paul J. Klehm (BBO#561605)
*pklehm@krasnooklehm.com*
Benjamin L. Falkner (BBO#667951)
*bfalkner@krasnooklehm.com*
Krasnoo | Klehm LLP
23 Main Street, Suite 6
Andover, MA 01810
(978) 475-9955

Dated: May 9, 2007

5

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Paul J. Klehm, Esq., counsel to Plaintiff, hereby certify that, on May 9, 2007 at approximately 9:00 a.m., I left a telephone message for Attorney Robert Smith, counsel to Defendants Merrimack and Michael Riordan, regarding the within motion. Shortly thereafter, I spoke with Allison Ayer, also counsel to Defendants Merrimack and Michael Riordan. We were unable to resolve the issues presented in the within motion.

/s/ Paul J. Klehm
Paul J. Klehm

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF on May 9, 2007.

*/s/ Paul J. Klehm*
Paul J. Klehm