UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of )<br>their Respective Municipalities, the TOWN OF )<br>NORTH ANDOVER, MICHAEL )<br>RIORDAN and MERRIMACK COLLEGE )<br>    Defendants. )<br> ) | C.A. No. 05-11354 JLT |

## DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

The Defendants, Merrimack College and Michael Riordan ("Riordan") (collectively the "Merrimack College Defendants") oppose Plaintiff's Motion to Strike Portions of their Reply Memorandum to Plaintiff's Opposition to their Cross-Motion for Summary Judgment and supporting documentation. In support of this opposition, the Merrimack College Defendants respectfully state as follows:

1.  The Merrimack College Defendants' Reply Memorandum appropriately addresses legal and factual issues raised in Plaintiff's Opposition which were confusing, erroneous, or misleading. A reply memorandum was the appropriate vehicle for the Merrimack College Defendants to respond to Plaintiff's mischaracterization of the law and facts. Moreover, the Merrimack College Defendants properly sought leave of the Court to file their Reply Memorandum.

2.  In its Reply Memorandum, the Merrimack College Defendants stated the appropriate legal standard for claims asserted against them and applied the undisputed facts to

establish that Plaintiff has failed to meet his summary judgment burden.  They did not raise new issues of fact or law.  The Merrimack College Defendants sought merely to create a complete and accurate record for summary judgment.  Nothing in Local Rule 56.1 prevents the Merrimack College Defendants from so doing.

   3. In its Cross-Motion for Summary Judgment, the Merrimack College Defendants cited and incorporated by reference the concise statement of facts filed by the Town of North Andover and the police officer-defendants.  Plaintiff filed a "Supplemental Statement of Facts" with his Opposition to the Cross-Motion for Summary Judgment.  In his Supplemental Statement of Facts, Plaintiff cited to portions of the record which Plaintiff had not previously cited.  Accordingly, Plaintiff is in no way prejudiced by the Merrimack College Defendants' citation to facts on the record in response thereto.  Plaintiff is undoubtedly aware of his legal burden in this case.  Moreover, the parties have not engaged in any discovery for nearly two (2) months.   The record facts should therefore be no surprise to Plaintiff's counsel who is charged with knowledge of the deposition testimony which shows plainly that the Merrimack College Defendants' are entitled to summary judgment.

   4. Plaintiff fails to address the Merrimack College Defendants' substantive arguments because the facts are not in dispute.  Application of the proper legal standards relevant to the case demonstrates that there is no liability to Plaintiff on the part of the Merrimack College Defendants.

   5. Knowing this, Plaintiff filed two frantic motions to prevent the Merrimack College Defendants from filing certain portions of their Reply Memorandum and supporting documentation in a transparent attempt to block the Merrimack College Defendants from having

this case decided on a complete and accurate summary judgment record.[1]

6.    Such satellite motion practice should not distract the Court from the conclusion that the Merrimack College Defendants are entitled to summary judgment as established in their Cross-Motion for Summary Judgment and Reply Memorandum.

7.    It is respectfully submitted that the Court should accept the Merrimack College Defendants' reply materials and proceed to a summary judgment ruling on the merits in this case.

WHEREFORE, the Merrimack College Defendants respectfully request that this Court:

A.    Deny the Plaintiff's Motion to Strike [Document 96];

B.    Grant leave for the Merrimack College Defendants to file their Reply Memorandum and supporting documents;

C.    Grant such further relief as the Court deems just and proper.

Respectfully submitted,

MERRIMACK COLLEGE and
MICHAEL RIORDAN

By their Attorneys,

NELSON, KINDER,
MOSSEAU & SATURLEY, P.C.

Dated: May 9, 2007    By: /s/ Robert B. Smith
Robert B. Smith, BBO#546580
Allison C. Ayer, BBO#660665
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109

---

[1] Plaintiff's desperation is further evidenced by the inclusion in his motions of the Court's previous decisions concerning the filing by Merrimack College Defendants of their Cross-Motion for Summary Judgment about which Plaintiff also complained and which the Court addressed by granting his requested relief permitting him additional time (more than 30 days) to oppose to said motion.

                                                                   Tel.: (617) 778-7500  
                                                                   Fax: (617) 778-7501

## CERTIFICATE OF SERVICE

     I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Defendants Merrimack College and Michael Riordan's Opposition to Plaintiff's Motion to Strike" with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Benjamin Falkner, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  May 9, 2007                              /s/ Robert B. Smith_____