UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of )<br>their Respective Municipalities, the TOWN OF )<br>NORTH ANDOVER, MICHAEL )<br>RIORDAN and MERRIMACK COLLEGE )<br>    Defendants. )<br>    ) | C.A. No. 05-11354 JLT<br><br>LEAVE TO FILE<br>GRANTED ON<br>MAY 22, 2007 |

**DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT AS TO ALL REMAINING COUNTS**

On the record facts of which this Court is fully aware, there exists no cognizable legal theory under which Merrimack College and/or Michael Riordan ("Riordan) (collectively the "Merrimack College Defendants") can be held liable. Accordingly, the Merrimack College Defendants respectfully move for an Order granting summary judgment as to all remaining counts pending against them for all the reasons set forth herein.

**I.**    **Statement of the Case**

Plaintiff initially asserted civil rights claims against Riordan pursuant to 42 U.S.C. § 1985 and Riordan and Merrimack College pursuant to M.G.L. ch. 12 §§ 11H and 11I. Plaintiff also asserted claims of false imprisonment, assault and battery, and intentional and negligent infliction of emotional distress against the Merrimack College Defendants. Plaintiff made these same claims against North Andover Police Department ("NAPD")

1

officers and individual defendants Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher, as well as the Town of North Andover (collectively the "North Andover Defendants").

On May 16, 2007, this Court granted summary judgment in favor of all of the defendants against whom these claims was asserted. This Court found that none of the defendants violated Plaintiff's civil rights under state or federal law because 1) probable cause existed to arrest Plaintiff, 2) the police officers did not use excessive force, 3) Plaintiff consented to the search of his room, and 4) there was no evidence of discriminatory animus. As such, "Plaintiff's detention was lawful" and the defendants were not liable to Plaintiff on Counts I, II, III, V, VI, VIII, IX and X. See May 16, 2007 Memorandum issued by this Court in this cause of action (hereinafter "Memorandum") at pp. 5-11.

The only claims still pending in this cause of action are negligence (Count XI), violation of privacy rights pursuant to M.G.L. ch. 214 § 1B (Count XII), breach of contract (Count XIII) and breach of the covenant of good faith and fair dealing (Count XIV). Plaintiff has asserted these claims against Merrimack College and/or Michael Riordan.

## II.  Statement of Undisputed Facts

The Merrimack College Defendants adopt and incorporate by reference the Court's articulation of the relevant facts of this case in its May 16, 2007 Order and Memorandum, as well as the parties' statements of facts previously filed and part of the summary judgment record.

**III.    Argument**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). In assessing the appropriateness of summary judgment, the Court construes the record in the light most favorable to the non-moving party and make all reasonable inference in that party's favor. Mulloy v. Acushnet, Co., 460 F.3d 141, 145 (1st Cir. 2006). However, the Court should not credit conclusory allegations, improbable inferences or unsupported speculation. Id. "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 44 9 F.3d 276, 280 (1st Cir. 2006)(citing Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)); see also FED.R.CIV.P. 56 (e). If the non-moving party bears the burden of proof at trial, "'its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party.'" Clifford, 44 9 F.3d at 280 (citing In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001).

Merrimack College and/or Michael Riordan are entitled to summary judgment on the counts still pending against them because, even making all reasonable inferences in Plaintiff's favor, Plaintiff cannot produce sufficient factual evidence to generate a trialworthy issue.

> **A.    Plaintiff's Negligence Claim Must Fail because Merrimack College and/or Riordan Breached No Duty to Plaintiff.**

To prevail on a negligence claim under Massachusetts law, a plaintiff must prove

(1) that the defendant owed him a duty, (2) that the defendant breached the duty, (3) that damage resulted and (4) that there is a causal relationship between the breach of the duty and the damage. Pendleton v. City of Haverhill, et al., 156 F.3d 57, 64 (1st Cir. 1998); Jupin v. Kask, 447 Mass. 141, 146 (2006). A defendant cannot be liable for negligence where there is no duty. Jupin, 447 Mass. at 145 (citing Remy v. MacDonald, 440 Mass. 675, 677 (2004)); see also Yankubowicz v. Paramount Pictures, Corp., 404 Mass. 624, 629 (1989). The "existence of a duty is a question of law, and is thus an appropriate subject of summary judgment." Jupin, 447 Mass. at 146.

In Massachusetts, the existence of a duty is determined by a consideration of "existing social values, customs, and considerations of policy." Luoni v. Berube, 431 Mass. 729, 730 (2000). The foreseeability of harm is therefore not the linchpin for determining the existence of a duty under Massachusetts tort law. Bash v. Clark University, 2006 WL 4114297, *4 (Mass.Super. Nov. 20, 2006)(citing Luoni, 431 Mass. at 730)). Rather, the concept of duty "'is only an expression of the sum total of…considerations of policy which lead the law to say that the plaintiff is entitled to protection.'" Luoni, 431 Mass. at 735; Jupin, 446 Mass. at 146. The imposition of a duty should also respond to changed social conditions. Jupin, 446 Mass. at 147. "'No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists.'" Luoni, 431 Mass. at 735.

Applying these legal standards, Massachusetts courts have considered the circumstances where a college or university owes a duty to its students. The Supreme Judicial Court recognized in Mullins v. Pine Manor College that colleges and universities have a duty to use reasonable care to protect their resident students against criminal acts

of third parties.  Mullins, 389 Mass. at 54.  The duty extends to the resident student population, generally.  See id.  The recognition of such a duty does not require a college to protect each resident student from any and all foreseeable harms.  Id.  Massachusetts courts refuse to recognize a duty which places an unreasonable burden on the college that is at odds with contemporary social values and customs.  Bash v. Clark University, 2006 WL 4114297, *4 (Mass.Super. Nov. 20, 2006). [1]

Merrimack College and Riordan are entitled to summary judgment on Plaintiff's negligence claim because they breached no duty owed to Plaintiff.  Plaintiff's negligence claim is grounded on the theory that Riordan and/or Merrimack College had a duty to perform their own investigation of an off-campus robbery before calling the NAPD.  That is, Plaintiff's negligence claim rests on a finding that Riordan and Merrimack College owed Plaintiff a duty to verify with his professor whether or not Plaintiff was in class at the time of the robbery before calling the NAPD.  Riordan and Merrimack College had no such duty, as a matter of law.

Under Massachusetts law, Merrimack College and Riordan had a duty to all resident students to provide a reasonably safe environment and to protect them from the criminal acts of third parties.  Mullins, 389 Mass. at 54.  It was in the exercise of that very duty that Riordan telephoned the NAPD and provided it with information concerning the Plaintiff.  Riordan received a NAPD-issued be-on-the-lookout ("BOLO") about an armed robbery which had occurred in the vicinity of campus.  See Memorandum at p. 2; Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher and Town of

---

[1] In Bash v. Clark University, a Massachusetts Court refused to extend the scope of a college/university's duty to its resident students to the protection against the harms of illegal drug use.  See generally, Bash v. Clark University, 2006 WL 4114297 (Mass.Super. Nov. 20, 2006).

North Andover's L.R. 56.1 Statement of Undisputed Facts ("North Andover Defendants Undisputed Facts") at ¶4. Riordan determined that the car identified in the BOLO was registered to a Merrimack College student. See North Andover Defendants Undisputed Facts at ¶7. Moreover, he and another officer had observed Plaintiff that same day wearing clothing similar to the suspect's.[2] See Memorandum at p. 2; North Andover Defendants Undisputed Facts at ¶5; Aff. of Paul J. Klehm, Esq., Ex. C (Riordan Statement). Under such circumstances, Merrimack College and Riordan had no duty to delay providing the NAPD with information about Plaintiff relevant to the armed robbery until such time as they verified with a professor that Plaintiff was in class at the time of the robbery.

Riordan had knowledge of concrete facts that Merrimack College student(s) may have been involved in an armed robbery. Riordan and the Merrimack College were operating under the reasonable possibility that these students, including Plaintiff, may be armed and present on campus, thereby posing a danger to the physical safety of the Merrimack College student body (as well as faculty and staff). Pursuant to Massachusetts law, Riordan and Merrimack College likely had an affirmative duty to contemporaneously provide the NAPD with all information in their knowledge relevant to the armed robbery, including information about Plaintiff's appearance and apparel. If they had delayed calling the NAPD, as Plaintiff proposes, they might well have breached an established duty to Merrimack College students. See Deposition Transcript of Richard M. Stanley at 117:22-119:15, attached as Exhibit 3 to the Affidavit of Allison C. Ayer

---

[2] Plaintiff admitted that he was indeed wearing clothing similar to the suspect's. See North Andover Defendants Undisputed Facts") at ¶¶ 2, 11 and 12; Aff. of Paul J. Klehm, Esq., Ex. D, CJIS Display.

6

previously filed; see also Griffiths v. Campbell, 425 Mass. 31, 34 (1997)("[l]andlords may be liable for ignoring criminal activities that occur on premises and were known or should have been known to them."). Accordingly, recognizing a duty of Merrimack College or Riordan to delay calling the police until they verified Plaintiff's whereabouts would contravene the college's established duty under Massachusetts law.

Application of social custom and values to the undisputed facts of this case also dictates the conclusion that Merrimack College and Riordan had no duty to delay calling the NAPD. Implicit in the Court's Order and Memorandum dismissing Plaintiff's civil rights claims is the conclusion that, based on the facts available to Riordan and the other officers, there was a reasonable likelihood or reasonable belief that Plaintiff was engaging in criminal activity. See Memorandum at p. 5. As recognized by this Court, on March 26, 2003, the officers were "in pursuit of an armed suspect who had just robbed a bank." See id. As such, "NAPD officers reasonably relied on Riordan's identification of Plaintiff as the suspect. Given the totality of the circumstances, the similarity in clothing between the suspect and the Plaintiff, the comparison of photographs, and the purported getaway car being registered to a Merrimack [College] student, the police officers had probable cause to arrest Plaintiff." See id. This Court therefore concluded the NAPD officers *lawfully* detained Plaintiff on March 26, 2003. See id. at p. 11.

Where as here, the officers did not violate Plaintiff's civil rights and indeed at all times acted lawfully in their treatment of Plaintiff, recognizing a duty to delay calling the police would protect the individual Plaintiff against mere inconvenience at the risk to the safety of all other students. Certainly no reasonable person would recognize and agree that Plaintiff was entitled to such protection considering the sum total of policy

7

considerations.  See Luoni, 431 Mass. at 735; Jupin, 446 Mass. at 146.  To create in Merrimack College and Riordan the duty to delay calling the police in these circumstances would be inconsistent with existing social values and customs, especially in a post-Virginia Tech society where an armed student poses a serious and real danger to the physical safety of the student body.

       Plaintiff's will undoubtedly argue that Merrimack College and Riordan's negligence is evidenced by the post-incident memorandum prepared by the then-chief of the Merrimack College campus police who concluded Plaintiff's detention could have been avoided had a campus officer checked Godette's schedule.  See Aff. of Paul J. Klehm, Esq., Exhibit O.  However, Mayrose's memorandum is inconsequential as to Merrimack College and/or Riordan's legal duty to Plaintiff.  Moreover, such an argument improperly relies on the benefit of hindsight and confuses the best and most appropriate action with what was reasonable and lawful considering the information available to the officers at the time.  Under the factual circumstances in this case, Merrimack College and/or Riordan cannot be found negligent, as a matter of law, for assisting in a detention which has been found by this Court to be lawful.

       Massachusetts law, as well as social customs and policy suggest that Riordan and Merrimack had an affirmative duty to provide the NAPD with all information in their knowledge about the armed robbery.  They had no duty to perform their own investigation or determine Plaintiff's whereabouts at the time of the robbery before so doing.  Riordan and Merrimack College therefore breached no duty to Plaintiff, as a matter of law.  Accordingly, Merrimack College and Riordan are entitled to summary on Plaintiff's negligence claim (Count XI).

8

### B.   Plaintiff's M.G.L. ch. 214 § 1B Claim against Merrimack College and Riordan Must Fail because the Undisputed Facts Establish that they did not Disclose Private Information.

M.G.L. ch. 214 § 1B provides, in relevant part that "a person shall have a right against unreasonable, substantial, or serious interference with his privacy." MASS.GEN.LAWS. ch. 214 § 1B.  The statute prohibits the disclosure of *private* information, i.e. "'facts…that are of a highly personal or intimate nature when there exists no legitimate, countervailing reason.'"  Dasey v. Anderson, 304 F.3d 148, (1st Cir. 2002)(citing Bratt v. Int'l Bus. Machs. Corp., 392 Mass. 508, 467 N.E.2d 126, 133-34 (1984)); Pendleton, et al. v. City of Haverhill, et al., 156 F.3d 57, 64 (1st Cir. 1998); Martinez v. New England Medical Center Hospitals, Inc., 307 F.Supp.2d 257, 266 (D.Mass. 2004).  The description of an individual's appearance and/or the perception of one's conduct in a public place does not constitute private information.  Pendleton, 156 F.3d at 64 (granting summary judgment to police officers on plaintiff's invasion of privacy claim because the police officers provided to a reporter information about the plaintiff's appearance and conduct involving cocaine use while in his car parked on a public street).

The undisputed facts establish that Riordan and Merrimack College did not disclose private information.  After receiving the NAPD BOLO message describing an armed robbery suspect and identifying a vehicle registration, Riordan contacted the NAPD.  See North Andover Defendants Undisputed Facts at ¶7-8 and 10 and Exhibit F (North Andover Police Report).  He informed the NAPD that he (and another Merrimack College officer) had seen Plaintiff on campus earlier in the day wearing similar clothing to the suspect's as described in the BOLO.  See Memorandum at p. 2; North Andover

Defendants Undisputed Facts at ¶ 5, 10 and Exhibit F, North Andover Police Report; Aff. of Paul J. Klehm, Esq., Exhibit C, Riordan Statement. At a meeting with NAPD officers, Riordan showed the officers a student identification card with Plaintiff's photograph. See Memorandum at p. 3; North Andover Defendants Undisputed Facts at ¶13. The Merrimack College security officers also provided the NAPD with information about his class schedule and his campus residence. Aff. of Paul J. Klehm, Esq., Exhibit C, Riordan Statement. None of these facts are "facts of a highly intimate nature" and therefore do not, as a matter of law, involve the type of private information, the disclosure of which M.G.L. ch. 214 §1B prohibits. See Pendleton, et al., 156 F.3d at 64 (comparing cases concerning the disclosure of medical information and toxicology results).

        The undisputed facts also establish that Riordan and Merrimack College had a countervailing, legitimate reason to disclose the information. They had received a BOLO from the NAPD concerning an armed robbery in the same town in which the campus sits. They had information that the vehicle identified in the BOLO was registered to a Merrimack College student. They had also seen Plaintiff earlier that day wearing clothing similar to the suspect's. Therefore, the Merrimack College security officers were justifiably concerned that there was an armed robber on campus endangering the lives of students, faculty and staff. Accordingly, Riordan provided the NAPD with all relevant information concerning the armed robbery. Clearly the protection of the physical safety of Merrimack College students, faculty and staff is a legitimate, countervailing reason to disclose information about Plaintiff's appearance to the NAPD. Merrimack College and Riordan are therefore entitled summary judgment on Plaintiff's M.G.L. ch. 214 §1B claim (Count XII).

> C. **Plaintiff's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing Claims Must Fail because the Summary Judgment Record is Void of any Facts that Any Contract Between Plaintiff and Merrimack College Required Merrimack College to Withhold Information from a Local Law Enforcement Agency.**

In order to prove his breach of contract claim, Plaintiff must establish (1) that the parties had an agreement (2) supported by valid consideration, (3) the plaintiff was ready, willing and able to perform, (4) the defendant breached the agreement, and (5) the plaintiff suffered damages as a result of the breach. Michelson v. Digital Financial Services, 167 F.3d 715, 721 (1st Cir. 1999); Doyle, et al. v. Hasbro, Inc., et al., 103 F.3d 186, 195 (1st Cir. 1996); Singarella v. City of Boston, 342 Mass. 385, 387 (1961). In Massachusetts, "[e]very contact implies good faith and fair dealing between the parties to" the contract. Anthony's Pier Four, Inc., et al., v. HBC Associates, et al., 411 Mass. 451, 471 (1991).

Plaintiff's evidence of breach of contact appears to rest on the failure of Merrimack College to fulfill a purported agreement with Plaintiff to perform its own investigation and determine his whereabouts at the time of the robbery before calling the NAPD. Accordingly, Plaintiff's breach of contract claim calls for the absurd conclusion that Merrimack College contracted with Plaintiff to withhold from local law enforcement information relevant to their armed robbery investigation (or any other investigation for that matter). There is absolutely no factual support that Merrimack College made any such agreement with Plaintiff and/or that Merrimack College had any such contractual obligation. Such an agreement would likely be unenforceable, in any event. Any contract or agreement between Merrimack College and Plaintiff in this case could not and did not require Merrimack College to ignore its duty to protect the college community

11

when faced with a reasonable possibility that an individual with a gun was present on campus.

Plaintiff also has no factual support that by their actions on March 26, 2003, Merrimack College and/or its agents breached any contract between Merrimack College and Plaintiff. ON the facts of this case, the mere act of providing the police and with information relevant to their investigation of an armed robbery cannot, as a matter of law, establish a breach of any contractual obligation Merrimack College had to Plaintiff. Because Plaintiff's detention on March 26, 2003 did not violate his civil rights and indeed was lawful, Merrimack College cannot have breached any contractual agreement with Plaintiff by assisting the NAPD with the detention (by providing relevant information or otherwise). Moreover, informing the police of facts in its knowledge relevant to their investigation of an armed robbery cannot, as a matter of law, form the basis of a contract action of any kind. Indeed the absurdity of Plaintiff's position is proven by fact that forbearance of contacting the NAPD under the totality of the circumstances in this case would likely have been a breach of Merrimack College's duty to the community, generally. Accordingly, Merrimack College is entitled summary judgment on Plaintiff's breach of contract claim (Count XIII).

To succeed in a claim for breach of the implied covenant of good faith and fair dealing, plaintiff must prove that the defendant acted in a manner that "'ha[s] the effect of destroying or injuring the right of the [plaintiff[ to receive the [benefit] of the contract.'" Id. (citing Drucker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385 (1976)). As previously discussed, there is absolutely no factual support for the conclusion that Merrimack College and Plaintiff entered into an agreement with Plaintiff to refrain from

contacting the NAPD (or any other local law enforcement agency) with relevant information about a criminal investigation until it conducted its own investigation. In the absence of a single fact evidencing such an agreement between the parties and/or any other contractual obligation Merrimack College had with Plaintiff which Merrimack College and/or its agents can be said to have breached, there exists no evidence of a breach of the implied covenant of good faith and fair dealing. Accordingly, the Court should enter summary judgment as to Count XIV.

## Conclusion

Merrimack College and Riordan respectfully submit that the Court should grant summary judgment in their favor on all counts which remain pending against them. Accordingly, Merrimack College respectfully submits that summary judgment should be granted in its favor as to Counts XI, XII, XIII, and XIV, and Riordan respectfully submits that summary judgment should be granted in his favor as to Counts XI and XII.

Respectfully submitted,

MERRIMACK COLLEGE and
MICHAEL RIORDAN

By their Attorneys,

NELSON, KINDER,
MOSSEAU & SATURLEY, P.C.

Dated: May 22, 2007    By:   /s/ Robert B. Smith
Robert B. Smith, BBO#546580
Allison C. Ayer, BBO#660665
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 7th Floor
Boston, MA  02109
Tel.: (617) 778-7500
Fax: (617) 778-7501

**CERTIFICATE OF SERVICE**

    I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Defendants Merrimack College and Michael Riordan's Memorandum of Law in Support of their Motion for Summary Judgment as to all Remaining Counts" with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Benjamin Falkner, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  May 22, 2007                              /s/ Robert B. Smith_____