UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of )<br>their Respective Municipalities, the TOWN OF )<br>NORTH ANDOVER, MICHAEL )<br>RIORDAN and MERRIMACK COLLEGE )<br>    Defendants. )<br>) | C.A. No. 05-11354 JLT |

**DEFENDANTS MERRIMACK COLLEGE AND MICHAEL RIORDAN'S
OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER
THE COURT'S MAY 16, 2007 ORDER AND MEMORANDUM GRANTING
SUMMARY JUDGMENT**

Defendants, Merrimack College and Michael Riordan ("Riordan") (collectively the "Merrimack College Defendants") oppose Plaintiff's Motion to Reconsider the Court's Order and Memorandum granting summary judgment on Counts V, VI, VIII, IX and X to the Merrimack College Defendants, as well as the Town of North Andover and individual North Andover Police Department ("NAPD") officers Stanley, Heffernan, Cronin and Gallagher (collectively the "North Andover Defendants"). In support of this opposition, the Merrimack College Defendants state as follows:

**I.  The Court Should Deny the Motion to Reconsider because Plaintiff Merely Reasserts the Same Arguments Previously Advanced in his Opposition to the Defendants' Motions for Summary Judgment which this Court Considered and Rejected.**

1.  "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006)(citation omitted). "To obtain relief [of reconsideration], the movant must

demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed manifest error of law." Id.  "[U]nless the court has misapprehended some material fact or point of law,…a motion [for reconsideration is…not a…vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id.  Because Plaintiff's motion for reconsideration serves solely to reargue his failed theory of the case, this Court should deny Plaintiff's Motion for Reconsideration.[1]

      2.      Plaintiff made the identical argument in support of his Opposition to the Merrimack College Defendants' Cross-Motion for Summary Judgment ("Opposition") that he again asserts in his Motion for Reconsideration.  Plaintiff stated in his Opposition:

> Assuming, *arguendo*, that the record fails to demonstrate a violation of Godette's Fourth Amendment rights, the record shows, at the very least a violation of Godette's rights under Article 14 of the Massachusetts Declaration of rights.

See Memorandum of Law in Support of Plaintiff's Opposition to the Merrimack College Defendants' Cross-Motion for Summary Judgment ("MOL Support of SJ") at p. 5. Similarly, Plaintiff's Motion for Reconsideration rests entirely on the argument that Massachusetts law, specifically the Massachusetts Civil Rights Act ("MCRA"), provides him greater protection than does federal law.  See Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("MOL Support of Reconsideration") at pp. 1-7. Plaintiff appears to unabashedly acknowledge that his Motion for Reconsideration recycles this argument.  The first sentence of the first argument in support of reconsideration simply mirrors propositions previously asserted in the Opposition.  See

---

[1] The standard for reconsideration is conspicuously missing from Plaintiff's motion undoubtedly because Plaintiff knows he cannot satisfy the standard.

MOL Support of Reconsideration at p. 1 (Plaintiff states in his Motion for Reconsideration that: "In his opposition to summary judgment, Godette argued that, even if this Court found probable cause to arrest him under the Fourth Amendment, there was no probable cause to arrest him under state law.")  Plaintiff further refers to oral arguments made during the summary judgment hearing to support his argument that the Court should reconsider its ruling.  See MOL Support of Reconsideration at p. 6.  Plaintiff therefore recycles in this Motion for Reconsideration the same arguments he made in his oppositions to and hearing on Defendants' motions for summary judgment.  Accordingly, Plaintiff entirely fails to satisfy his burden for reconsideration.

      3.    A review of the language and citations to legal precedent used in Plaintiff's Motion for Reconsideration further undermines Plaintiff's attempt to reargue his theory of the case.  Plaintiff's argument presented in this Motion for Reconsideration varies not in content, but only in format, from his Opposition.  Undoubtedly availing himself of the capabilities of computers, it appears that Plaintiff copied into his Motion for Reconsideration the language he used in his original Opposition.  See MOL Support of SJ at p. 5[2]; compare MOL Support of Reconsideration at p. 1-2[3].  Moreover, in support of his Motion for Reconsideration, Plaintiff cites most of the same cases for the same

---

[2] Plaintiff states in his Opposition: "Article 14 provides more substantive protection than does the Fourth Amendment. *Commonwealth v. Upton*, 394 Mass. 363, 373-375 (1985) (in determination of probable cause – rejecting *Gates* in favor of *Aguilar-Spinelli* – probable cause requires basis of knowledge *and* veracity of informant)."

[3] Plaintiff reasserts in his Motion for Reconsideration: "Indeed, Article 14 of the Massachusetts Declaration of Rights, and state statutory and common law, provide more substantive protection than does the Fourth Amendment. *Commonwealth v. Upton*, 394 Mass. 363, 373-375 (1985); *Commonwealth v. Stoute*, 422 Mass. 782, 784-789 (1996)…In Massachusetts, probable cause requires both a basis of knowledge and veracity. *See Commonwealth v. Upton*, 394 Mass. 363, 373-375 (1985)(in determination of probable cause – rejecting Gates in favor of Aguilar-Spinelli- probable cause requires basis of knowledge *and* veracity of informant)".

propositions which purportedly supported the arguments in his Opposition. See MOL Support of SJ at p. 5 -7 and MOL Support of Reconsideration at pp. 2-6.[4] Plaintiff further elaborates in his Motion for Reconsideration on certain cases just cited in his Opposition. See MOL Support of SJ at p. 5 (citing Commonwealth v. Stoute, 422 Mass. 783 (1996)); compare MOL Support of Reconsideration at p. 4-6 (summarizing the purported relevant facts and holdings of Commonwealth v. Stoute, 422 Mass. 783 (1996)). Merely altering the format of the argument cannot change that the content was previously advanced and rejected by this Court and is not subject to reconsideration. See Palmer, 465 F.3d at 30.

    4.    The only additional legal precedent cited in Plaintiff's Motion for Reconsideration was decided more than a decade ago and was readily available for inclusion in the Opposition if Plaintiff deemed it relevant to the argument which he now seeks to revisit in his Motion for Reconsideration. See MOL Support of Reconsideration at p. 3 (citing Commonwealth v. Kaufman, 381 Mass. 301 (1980)). Accordingly, Plaintiff cannot now reargue his theory of the case in a Motion for Reconsideration when he had the opportunity to fully present his case on the summary judgment record. This Court separately addressed the federal and state civil rights claims in its summary judgment Order and Memorandum and rejected both as without factual support. Even though they have already been found to lack merit, Plaintiff seeks to rehash the same legal arguments as a Motion for Reconsideration in a wholly transparent effort to create

---

[4] Plaintiff's Motion for Reconsideration and Opposition to the Merrimack Defendants' Cross-Motion for Summary Judgment both cite Commonwealth v. Upton, 394 Mass. 363 (1985), Illinois v. Gates, 462 U.S. 213 (1983), Aguilar v. Texas, 378 U.S. 108 (1964), Spinelli v. Untied States, 393 U.S. 410 (1969), Commonwealth v. Stoute, 422 Mass. 782 (1996), Common v/ Claiborne, 423 Mass. 275 (1996), and Commonwealth v. Williams, 422 Mass. 111 (1996) in support of his argument that the MCRA provides greater protection than the Federal Constitution.

additional expense and burden to the Merrimack College Defendants.

5. Even in his reconfigured argument, Plaintiff utterly fails to adduce any evidence that the Merrimack College Defendants violated his civil rights by "*threats, coercion or intimidation*" as required to succeed on the MCRA claim. See MASS.GEN.LAWS. ch. 12 §§ IIH and 11I (emphasis added). It is undisputed that no one associated with Merrimack College, including Riordan, had any contact with the plaintiff on March 26, 2003, whether physical or otherwise. See Deposition Transcript ("Dep. Tr.") of Diane Heffernan at 121:21-122:16; Dep. Tr. of Daniel G. Cronin at 83:13-85:16; Dep Tr. of Richard M. Stanley at 119:19-121:12; Dep. Tr. of Paul J. Gallagher at 54:24-55:19 previously filed as Exhibit 1-4 to the Affidavit of Allison C. Ayer (NAPD officers testified that on March 26, 2003 no one associated with Merrimack College handcuffed, arrested, searched or touched Godette, searched Godette's person, belongings, or his room, or questioned or otherwise spoke to Godette).

6. Because Plaintiff's basis for reconsideration as to all other counts is entirely dependent on the assertion that the Court reconsider its ruling on the Massachusetts state civil rights claim (Count V), Plaintiff has also failed to establish grounds for reconsideration as to Counts VI, VIII, IX and X.

7. Plaintiff merely reargues his theory of the case, albeit in a slightly different format than asserted in his Opposition to the Cross-Motion for Summary Judgment. Plaintiff has not identified any newly discovered evidence not previously available which affects the Court's decision granting summary judgment to all of the Defendants on Counts V, VI, VIII, IX and X. Moreover, he has failed to satisfy his burden that this Court committed a manifest error of law. Plaintiff should not be

permitted to use the Motion for Reconsideration as a vehicle to relitigate facts and law previously advanced and rejected by this Court merely because he did not agree with the result. Accordingly, this Court should deny Plaintiff's Motion for Reconsideration on Counts V, VI, VIII, IX and X.

II. **The Non-Existence of Records of Plaintiff's Single Counseling Session (of which Plaintiff has had Knowledge for Nearly One Year) is Not New Evidence of Emotional Distress which Justifies Reconsideration of the Grant of Summary Judgment as to his Negligent Infliction of Emotional Distress Claim.**

8.  Plaintiff fails to identify any manifest error of law and/or offer any new evidence which would justify the Court's reconsideration of its grant of summary judgment on Plaintiff's negligent infliction of emotional distress ("NIED") claim. Plaintiff admits in that he attended only one counseling session shortly after the March 26, 2003 incident. See MOL Support of Reconsideration at p. 7, FN 6. That no records of Plaintiff's single counseling session exist does not justify reconsideration of the grant of summary judgment on Plaintiff's NIED claim. Plaintiff failed to produce any evidence of any anxiety, depression, posttraumatic stress disorder, nightmares, insomnia, and/or dissociative episodes, diarrhea, headaches and/or sleeplessness that he suffered as a result of the March 26, 2003 detention by the NAPD officers, or the timing and duration of such emotional distress. See Rodriguez v. Cambridge Housing Authority, 443 Mass. 697, 702 (2005); see also Sullivan v. Boston Gas Co., 414 Mass. 129, 136-37 (1993). If he indeed suffered such harm compensable pursuant to an NIED claim, Plaintiff need not possess medical record(s) of his single counseling session to provide factual support for such claim. Plaintiff was perfectly capable of testifying to such harm based on personal knowledge.

9. In any event, evidence of a single session with a college counselor falls dramatically short of the factual proof necessary to support an NIED claim. On the summary judgment record, Plaintiff was unable to marshal any evidence of emotional distress and/or physical manifestations of that distress required to succeed in his NIED claim.[5] Payton v. Abbott Labs, 386 Mass. 540, 557 (Mass. 1982). Plaintiff offered absolutely no new factual support previously unavailable to him to which would satisfy the necessary elements of an NIED claim. Accordingly, the Court should not reconsider its grant of summary judgment on the NIED claim.

10. Plaintiff's newly minted and baseless allegation of "spoliation" on the part of Merrimack College also does not justify reconsideration. First, there is absolutely no factual support that any record(s) of Plaintiff's single counseling session ever existed. It was not the practice of the counselor who saw Plaintiff on one occasion to take notes and/or keep records of counseling sessions. See Exhibit A to the Affidavit of Paul J. Klehm, Esq. Moreover, even if there existed records of Plaintiff's single counseling session, there is no basis to conclude that Merrimack College destroyed records "known to be relevant to an upcoming legal proceeding." Keene v. Brigham and Women's Hosp., Inc., 439 Mass. 223, 234 (2003); Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998). If the destruction occurred at all, the counselor discarded the records, along with all the other records of her counseling sessions at Merrimack College, in the ordinary course of her departure from her position as a counselor and because of

---

[5] The sum total of Plaintiff's purported evidence of emotional distress was his assertion that he "felt betrayed, embarrassed and depressed." See Plaintiff's Concise Statement of Further Material Facts ¶¶ 48-49. The specific physical injuries identified (temporary marks on his wrists from handcuffs and physical touchings during the detention) are clearly not physical manifestations of emotional distress, as recognized by this Court. See Court's May 16, 2007 Memorandum at p. 14.

good faith privacy concerns.  See Exhibit A to the Affidavit of Paul J. Klehm, Esq.  This clearly does not constitute spoliation.

11.  The timing of Plaintiff's spoliation allegation reveals that Plaintiff articulates this argument in yet another desperate attempt (and an unconvincing one at that) to save what he knows to be a meritless lawsuit against the Merrimack College Defendants.  Plaintiff has been aware of the non-existence of records of Plaintiff's single counseling session for nearly one year (August 17, 2006).  See Exhibit A to the Affidavit of Paul J. Klehm, Esq.  Nevertheless, he failed to identify it as an issue to counsel and/or to the Court until after the Court granted summary judgment in Defendants' favor.  Moreover, Plaintiff never sought the deposition of the counselor.  Accordingly, the non-existence of records of Plaintiff's single counseling session more than four (4) years ago is not new evidence (previously unavailable) which justifies reconsideration.

12.  Plaintiff makes the non-existence of records an issue now because of the apparent demise of his case.  Plaintiff cannot escape that he has absolutely no factual support for his NIED claim (or any of the other claims) asserted against the Merrimack College Defendants.  Accordingly, the Court should deny his motion for reconsideration and affirm its grant of summary judgment to the Merrimack College Defendants on the NIED claim (Count X) as well as Counts V, VI, VIII and IX.

13.  No separate memorandum of law is filed with this opposition because the applicable law is referenced within the opposition.

WHEREFORE, the Defendants Merrimack College and Michael Riordan respectfully request that this Honorable Court:

A.  Deny Plaintiff's Motion for Reconsideration of the Court's May 16, 2007 Order and Memorandum allowing summary judgment in favor of the

       Merrimack College Defendants on Counts V, VI, VIII, IX and X;

B.     Affirm its May 16, 2007 Order and Memorandum allowing summary judgment in favor of the Merrimack College Defendants on Counts V, VI, VIII, IX and X;

C.     Award the Merrimack College Defendants their attorneys' fees and costs incurred in opposing Plaintiff's motion to reconsider; and

D.     Grant such other and further relief as the Court deems just.

       Respectfully submitted,

       MERRIMACK COLLEGE and
       MICHAEL RIORDAN

       By their Attorneys,

       NELSON, KINDER,
       MOSSEAU & SATURLEY, P.C.

Dated:  May 24, 2007       By: /s/ Robert B. Smith
       Robert B. Smith, BBO#546580
       Allison C. Ayer, BBO#660665
       Nelson, Kinder, Mosseau & Saturley, P.C.
       45 Milk Street, 7th Floor
       Boston, MA  02109
       Tel.: (617) 778-7500
       Fax: (617) 778-7501

**CERTIFICATE OF SERVICE**

      I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Defendants Merrimack College and Michael Riordan's Opposition to Plaintiff's Motion to Reconsider the Court's May 16, 2007 Order and Memorandum Granting Summary Judgment" with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Benjamin Falkner, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  May 24, 2007                             /s/ Robert B. Smith_____