UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE                                )<br>    Plaintiff,                                            )<br>                                                              )<br>v.                                                           )<br>                                                              )<br>RICHARD STANLEY, DIANE HEFFERNAN, )<br>DANIEL CRONIN, and PAUL GALLAGHER, )<br>Individually and as Police Officers of          )<br>their Respective Municipalities, the TOWN OF )<br>NORTH ANDOVER, MICHAEL                 )<br>RIORDAN and MERRIMACK COLLEGE   )<br>    Defendants.                                         )<br>                                                              ) | C.A. No. 05-11354 JLT |

## MOTION IN LIMINE OF MERRIMACK COLLEGE AND MICHAEL RIORDAN TO EXCLUDE TESTIMONY OF LINDA GODETTE AND OTHER FAMILY AND FRIENDS

Defendants, Merrimack College and Michael Riordan ("Riordan") (collectively the "Merrimack College Defendants") submit this motion in limine to exclude from evidence at trial the testimony Linda Godette and/or any other of Plaintiff's family and friends who offer similarly irrelevant testimony. In support of this motion, the Merrimack College Defendants state as follows:

**Factual Background**

1. Plaintiff initially asserted that the Merrimack College Defendants, as well as several members of the North Andover Police Department ("NAPD") and the Town of North Andover, violated his civil rights when members of the NAPD questioned Plaintiff on March 26, 2003 in his dormitory after Riordan provided the NAPD with information relevant to the NAPD's investigation of an armed bank robbery which occurred that same day. Plaintiff also asserted claims of false imprisonment, assault and battery, and intentional and negligent

infliction of emotional distress in connection with the March 26, 2003 detention.

2. On May 16, 2007, this Court granted summary judgment, including as to the intentional and negligent infliction of emotional distress claims, in favor of all of the Defendants against whom these claims were asserted. See May 16, 2007 Order and Memorandum.

3. The only claims which remain pending in this cause of action are negligence, breach of privacy pursuant to M.G.L. ch. 214 § 1B, breach of contract and breach of the implied covenant of good faith and fair dealing against Merrimack College and/or Riordan.

4. Trial is scheduled to begin on June 11, 2007.

## Argument

**I. The Court should Exclude Linda Godette and/or any other Family and Friends from Testifying because they do not have Personal knowledge of Any Fact of Consequence to the Determination of this Action.**

5. Only relevant evidence is admissible at trial. See FED.R.EVI. 401 and 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVI. 401.

6. Federal Rule of Evidence 602 further provides, in pertinent part, that "[a] witness may not testify to a matter unless…the witness has personal knowledge of the matter." FED.R.EVI. 602.

7. Considering the procedural posture of this case, Linda Godette (and Plaintiff's other family and friends) lacks personal knowledge of any material fact relevant to the claims pending in this and is therefore an incompetent witness pursuant to Federal Rule of Evidence 602.

8. Linda Godette was not a percipient witness to the incident which forms the basis

of this lawsuit. Linda Godette did not observe Plaintiff's detention and/or questioning at Monican dorm on March 26, 2003. In fact, Linda Godette was not present at Merrimack College and/or in the state of Massachusetts on March 26, 2003. She did not observe the actions of Riordan, other Merrimack College security officers, and/or NAPD officers on March 26, 2003. She also was not privy to communications among the officers and/or between the officers and Plaintiff.[1]

9. Moreover, Linda Godette did not communicate with Plaintiff about the incident until days after the incident. Even then, her contact with Plaintiff about the incident was by telephone. She therefore did not personally observe Plaintiff for some extended period of time after the incident. Transcript of the Deposition of Brett Godette ("Tr. of Godette Dep.") at 16:23-17:2.

10. Apparently, Plaintiff intends to call Linda Godette to testify about the alleged emotional distress Plaintiff experienced after his March 26, 2003 detention. Because the Court has entered judgment in favor of the Merrimack College Defendants on both the intentional and negligent infliction of emotional distress claims, Linda Godette's testimony concerning her observations of Plaintiff's alleged emotional reaction to the incident is entirely irrelevant to any claim which remains pending in this case.

11. If Plaintiff intends to call Linda Godette to testify as to Plaintiff's character, such testimony is also inadmissible. See FED.R.EVI. 404(a).

12. Linda Godette simply cannot offer any testimony that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable

---

[1] None of Plaintiff's family and friends were present for and/or observed his detention and questioning on March 26, 2003.

or less probable than it would be without the evidence. See FED.R.EVI. 401. Permitting her testimony will unnecessarily add to the burden, expense and length of the trial set to commence on June 11, 2007.

13. The Court should therefore exclude from evidence the testimony of Linda Godette and/or any other family and friends who offer similar testimony.

II. **The Court should Exclude from Evidence the Testimony of Linda Godette and/or any other Family and Friends because their Likely Testimony Constitutes Inadmissible Hearsay.**

14. An out of court admission by a party (or agent thereof) offered to prove the truth of that asserted is admissible non-hearsay only if it is offered *against* the party who made the statement. See FED.R.EVI. 801(d)(2)(emphasis added).

15. As discussed above, Linda Godette was not present during the detention and/or questioning of Plaintiff on March 26, 2003. Linda Godette did not see Plaintiff until weeks after the incident, and merely communicated with him days after the incident and only then by telephone. Tr. of Godette Dep. at 16:23-17:2.

16. Considering her lack of personal knowledge about Plaintiff's detention on March 26, 2003, Plaintiff likely seeks to offer the testimony of Linda Godette (and/or other family or friends) concerning Plaintiff's post-incident statements about the incident and/or the alleged distress he experienced. Such out of court statements of Plaintiff would be offered in support of Plaintiff's claims. Accordingly, they constitute inadmissible hearsay.

17. Because Linda Godette can offer no non-hearsay testimony relevant to the claims in dispute in this cause of action, the Court should exclude any testimony of Linda Godette and/or any other of Plaintiff's family or friends who may offer similar testimony.

WHEREFORE, the Defendants, Merrimack College and Michael Riordan, respectfully request that this honorable Court:

A. Grant the Motion in Limine of Merrimack College and Michael Riordan to Exclude the Testimony of Linda Godette and other Family and Friends;

B. Exclude from evidence the testimony of Linda Godette and/or any family or friend offered to give similar testimony of Plaintiff's alleged emotional distress, out of court statements concerning the incident and/or inadmissible character evidence concerning Plaintiff; and

C. Grant such other relief as may be just and proper.

    Respectfully submitted,

    MERRIMACK COLLEGE and
    MICHAEL RIORDAN

    By its Attorneys,

    NELSON, KINDER,
    MOSSEAU & SATURLEY, P.C.

Dated: May 29, 2007    By:  /s/ Robert B. Smith
    Robert B. Smith, BBO#546580
    Allison C. Ayer, BBO#660665
    Nelson, Kinder, Mosseau & Saturley, P.C.
    45 Milk Street, 7th Floor
    Boston, MA  02109
    Tel.: (617) 778-7500
    Fax: (617) 778-7501

**CERTIFICATE OF SERVICE**

  I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Motion in Limine of Merrimack College and Michael Riordan to Exclude Testimony of Linda Godette and other Family and Friends" with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  May 29, 2007           /s/ Robert B. Smith_____