UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRETT S. GODETTE | ) | |
|     Plaintiff, | ) | C.A. No. 05-11354 JLT |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD STANLEY, DIANE HEFFERNAN, | ) | |
| DANIEL CRONIN, and PAUL GALLAGHER, | ) | |
| Individually and as Police Officers of | ) | |
| their Respective Municipalities, the TOWN OF | ) | |
| NORTH ANDOVER, MICHAEL | ) | |
| RIORDAN and MERRIMACK COLLEGE | ) | |
|     Defendants. | ) | |
| | ) | |

**MOTION IN LIMINE OF MERRIMACK COLLEGE AND MICHAEL RIORDAN TO PRECLUDE PLAINTIFF FROM OFFERING THE TESTIMONY OF RICHARD SANTAGATI**

Defendants, Merrimack College and Michael Riordan ("Riordan") (collectively the "Merrimack College Defendants") submit this motion in limine to exclude the testimony of Richard Santagati, the President of Merrimack College. In support of this motion, the Merrimack College Defendants state as follows:

**Factual Background**

1.    Plaintiff initially alleged that Merrimack College and Michael Riordan, as well as several members of the North Andover Police Department ("NAPD") and the Town of North Andover, violated his civil rights and committed false imprisonment, assault and battery, and intentional and negligent infliction of emotional distress when members of the NAPD questioned Plaintiff in his dormitory after Riordan provided the NAPD with information relevant to the NAPD's investigation of an armed bank robbery on March 26, 2003.

2.    On May 16, 2007, this Court granted summary judgment in favor of all of the

Defendants against whom these claims were asserted.    <u>See</u> May 16, 2007 Order and Memorandum.

3.      The only claims which remain pending in this cause of action are negligence, breach of privacy pursuant to M.G.L. ch. 214 § 1B, breach of contract and breach of the implied covenant of good faith and fair dealing against Merrimack College and/or Riordan.

4.      Trial is set for June 11, 2007.

<u>Argument</u>

**I.      The Court Should Preclude Plaintiff from Offering Testimony of Richard Santagati because Santagati Lacks Personal Knowledge of the Incident which Forms the Basis of this Action.**

5.       Federal Rule of Evidence 602 provides, in pertinent part, that "[a] witness may not testify to a matter unless…the witness has personal knowledge of the matter."  FED.R.EVI. 602.

6.      Richard Santagati was not a percipient witness to the incident which forms the basis of this lawsuit.

7.      At no time on March 26, 2003 was President Santagati present in the offices of Riordan and/or campus safety.  He did not observe Plaintiff's detention and/or questioning at the dormitory on March 26, 2003.  Moreover, he did not observe the actions of Riordan, other Merrimack College security officers, and/or the NAPD officers on March 26, 2003.  He also was not privy to communications among the officers and/or between the officers and Plaintiff. Richard Santagati became aware of the detention of Plaintiff after it occurred.

8.      Plaintiff's Verified Complaint evidences Richard Santagati's lack of personal knowledge of the incident.  The only factual allegations which relate to Richard Santagati in Plaintiff's one hundred and thirty-six (136) paragraph Verified Complaint concern an alleged

meeting Richard Santagati had with Plaintiff after the March 26, 2003 detention.

9.      Indeed, the Court did not permit Plaintiff to depose President Santagati because he did not personally observe or participate in Plaintiff's detention on March 26, 2003.

10.     Accordingly, Richard Santagati lacks personal knowledge of the factual circumstances of the event that forms the basis of this lawsuit and is not a competent witness pursuant to Federal Rule of Evidence 602.

11.     The Court should therefore preclude Plaintiff from offering testimony of Richard Santagati at trial.

**II.     The Court should Preclude Plaintiff from Offering the Testimony of Richard Santagati because his Alleged Post-Incident Communications with Plaintiff are Inadmissible.**

12.     In Massachusetts, apologies and other statements or benevolent gestures expressing sympathy to a person allegedly injured in an incident are privileged and inadmissible in civil actions.  MASS.GEN.LAWS ch. 233 § 23D; Denton v. Park Hotel, Inc., 343 Mass. 524, 528 (1962) (defendant's manager's statement that he was sorry about the accident in which plaintiff fractured her wrist "was no more than an expression of sympathy by the defendant's manager for the mish[a]p which had befallen the plaintiff" and was inadmissible).

13.     Moreover, this Court has cited with approval federal precedent finding that post-incident statements by a defendant that it planned to take appropriate disciplinary action against police officers involved in an illegal search constituted inadmissible subsequent remedial measures pursuant to Federal Rule of Evidence 407.  See Gilanian v. City of Boston, et al., 431 F.Supp.2d 172, 177 (D.Mass. 2006)(citing with approval Specht v. Jensen, et al., 863 F.2d 700, 701 (10th Cir. 1988)(press release of police department concerning alleged illegal search of plaintiff's home and which stated that the officers involved in the search executed poor

judgment, identified the mistakes of the officers, and relayed that the city would take appropriate disciplinary actions against the officers involved was properly excluded as setting forth subsequent remedial measures within the ambit of Rule 407).

14.    Plaintiff alleges that during a lunch meeting on or about March 27, 2003, "Santagati apologized to Mr. Godette" that the incident occurred.  See Plaintiff's Verified Complaint at ¶ 52.  Plaintiff further alleges that President Santagati informed Plaintiff that "the individual accountable for the wrongdoing would be disciplined." See id.

15.    Like the statement of the defendant's manager in Denton, Richard Santagati's alleged apology to Plaintiff constituted nothing more than a statement or benevolent gesture expressing sympathy relating to the any suffering Plaintiff might have sustained during the incident.  Such statement is privileged and inadmissible in Massachusetts.

16.    Furthermore, President Santagati's alleged statement to Plaintiff that "the individual accountable for the wrongdoing would be disciplined" constitutes a subsequent remedial measure inadmissible pursuant to Federal Rule of Evidence 407.  See Fed.R.Evi. 407; see also Gilanian, 431 F.Supp.2d at 177 ((citing with approval Specht v. Jensen, et al., 863 F.2d 700, 701 (10th Cir. 1988)).

17.    Even if his post-incident statement to Plaintiff is not privileged, the probative value of Richard Santagati's testimony would be substantially outweighed by its prejudicial effect where his only arguably relevant testimony concerns his post-incident apology.  See FED.R.EVI. 403.

18.    Furthermore, permitting Plaintiff to call witnesses who will offer only irrelevant testimony would dramatically increase the length, expense, and burden of trial.

19.    Accordingly, this Court therefore should preclude Plaintiff from offering at trial

the testimony of Richard Santagati.

WHEREFORE, the Defendants, Merrimack College and Michael Riordan, respectfully request that this honorable Court:

A.    Grant the Motion in Limine of Merrimack College and Michael Riordan to Preclude Plaintiff from Offering the Testimony of Richard Santagati;

B.    Preclude Plaintiff from offering the testimony of Richard Santagati and/or any other witness whose sole testimony concerns privileged statements or benevolent gestures of sympathy toward Plaintiff; and

C.    Grant such other relief as may be just and proper.

Respectfully submitted,

MERRIMACK COLLEGE and
MICHAEL RIORDAN

By its Attorneys,

NELSON, KINDER,
MOSSEAU & SATURLEY, P.C.

Dated:  May 29, 2007           By:    /s/ Robert B. Smith_____
                                      Robert B. Smith, BBO#546580
                                      Allison C. Ayer, BBO#660665
                                      Nelson, Kinder, Mosseau & Saturley, P.C.
                                      45 Milk Street, 7th Floor
                                      Boston, MA  02109
                                      Tel.: (617) 778-7500
                                      Fax: (617) 778-7501

## CERTIFICATE OF SERVICE

I, Robert B. Smith, do hereby certify that on this date I electronically filed the foregoing "Motion in Limine of Merrimack College and Michael Riordan to Preclude Plaintiff from Offering the Testimony of Richard Santagati" with the Clerk of the District Court using the CM/ECF system, which would then notify the following CM/ECF participants in this case:

James B. Krasnoo, Esq.
Paul Klehm, Esq.
Krasnoo Klehm, LLP
23 Main Street
Second Floor
Andover, MA  01810-3730

Regina Gilgun Ryan, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA  02110-3206

Dated:  May 29, 2007                          /s/ Robert B. Smith_____