UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT S. GODETTE,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )　　Civil Action No. 05-11354JLT<br>)<br>) |
| RICHARD STANLEY, *et. al.*,<br>　　　Defendants. | )<br>)<br>) |

## JOINT PRE-TRIAL MEMORANDUM

Plaintiff Brett S. Godette and Defendants Merrimack College and Michael Riordan (the

"Merrimack Defendants"), by and through their respective counsel, hereby submit their Joint Pre-

Trial Memorandum, pursuant to this Court's Order dated March 27, 2007 [Doc. No. 87] and L.R.

16.5(D).

**A.    Concise Summary With Respect to Liability and Damages (L.R. 16.5(D)(1))**

**1.    Plaintiff's Concise Summary (L.R. 16.5 (D)(1)(a))**

<u>A.    The Robbery</u>

At approximately 11:30 a.m. on March 26, 2003, an individual robbed a bank in North

Andover, Massachusetts, and various North Andover police officers, including, without

limitation, Detective Daniel Cronin,  Detective Dianne Heffernan and Lt. Paul Gallagher,

responded to the scene.  Initial radio transmissions from the North Andover Police described the

suspect as a white male wearing a blue baseball cap and possibly a light-colored top. After

Gallagher and Cronin reviewed the surveillance tapes, the officers determined that the individual

was Hispanic (even though one could only see from the nose area down on the face of the

suspect) and that the hat was white.

North Andover Police then issued a CJIS to area police departments describing the suspect as an Hispanic male in his 20's, 5 ft 9 inches tall, wearing a white hat with a doo-rag underneath. At approximately 2:30 p.m. on that date, Lt. Riordan of the Merrimack College Police Services read the CJIS, and determined that the description matched that of Brett Godette. Riordan ran a license plate number included in the CJIS report and it came up with a match to another Merrimack College student. Riordan then contacted the police. Shortly thereafter, Riordan met with various North Andover police officers, including Heffernan, Stanley, Cronin, Gallagher and former Chief Mayrose and Lt. Rogers of the Merrimack College police. During the meeting, attendees examined Merrimack ID cards of Godette and the commuter student, along with various surveillance photographs.

The first discussion of obtaining a class schedule for Godette occurred after the meeting. Riordan never took any steps toward obtaining Godette's schedule, and he does not recall telling Officer Rogers to obtain Godette's schedule. Merrimack Police computers were able to access student class schedules, and they could have called the registrar's office.

B.    Brett Godette

As of March 26, 2003, Brett Godette, an African-American, was a junior at Merrimack College. During his tenure at Merrimack College, there were few African-American or Hispanic students and faculty on the Merrimack College campus, and the majority of students were Caucasian.

During the early morning of March 26, 2003, Godette wore a blue "doo-rag" and a gray Merrimack Basketball fleece jacket. He did not wear any other "doo-rag," or any hat, on that date. At the time of the robbery, Godette was present at his Business Calculus Class, taking a written examination.

C.      The Arrest of Brett Godette

After the meeting between North Andover and Merrimack College officers, a "joint effort" between North Andover and Merrimack College police was made to determine Godette's whereabouts.  At approximately 3:10 p.m., Godette was arrested as he left his dorm, after being surrounded by Merrimack and North Andover police officers.  The officers searched Godette without consent and then forced him to permit them to search his room.

Upon arriving at Godette's room, the officers began to conduct a search of the entire room while Cronin conducted an intense and intimidating interrogation of Godette. The search and interrogation in the room lasted for approximately forty-five minutes. Godette then remained handcuffed and seated for approximately thirty minutes in his dormitory room with Cronin.

Heffernan then returned to Godette's room and told Godette that the police had confirmed Godette's whereabouts and that Godette was no longer under arrest.  Mayrose admitted that he, Chief Stanley and Lt. Gallagher had agreed that the situation "could have been avoided with advance information about his 11:00 a.m. class."  Mayrose wrote a memorandum outlining how the manner could have been handled better. During a lunch with the President of Merrimack College on or about the next day, the President, among other things, apologized to Godette.

Godette, who did not participate in any robbery of any bank, alleges that the incident was racially motivated.  Godette later spoke with a school counselor regarding the trauma and humiliation that he endured.  He has suffered from emotional distress and other damages. Mayrose admitted that Godette was embarrassed by the experience.

Four claims remain to be tried.  The negligence claim is based upon, among other things, the failure of Merrimack to provide a safe environment to Godette and the failure to conduct an adequate investigation.  The privacy claim is based upon, among other things, Merrimack

wrongfully providing confidential and private information about Godette to one or more police agencies, including, without limitation, information regarding Godette's physical appearance and/or his whereabouts on campus and/or through otherwise assisting in the unlawful seizure of Godette.  The breach of contract and breach of covenant of good faith and fair dealing claims are based upon, among other things, (a) discrimination against Godette on the basis of his race, color or creed, and/or (b) the failure of Merrimack to protect and maintain Godette's privacy and confidentiality, (c) Merrimack's role in Godette's arrest without probable cause, and (d) the failure of Merrimack to afford Godette due process.

      **2.**      **Defendants' Concise Summary (L.R. 16.5 (D)(1)(b))**

An armed robbery occurred at a bank in North Andover on March 26, 2003.  The North Andover Police Department ("NAPD") was in charge of the investigation of the armed robbery on March 26, 2003.  All of the NAPD units on duty at the time responded to the scene of the bank robbery.  Furthermore, the FBI responded to the scene.

The NAPD issued a Be on the Look Out ("BOLO") to all surrounding towns and cities. The BOLO described the suspect, the vehicle, and identified the license plate number of a vehicle.  Specifically, the BOLO stated:

> Sovereign Bank, 149 Main St., North Andover, was robbed by a Hispanic male, 20's, 5'09" wearing a white hat with a do-rag underneath  gray shirt sip up shirt with dark sleeves, "RW" on chest.  Also looking for MA REG 9095ZB on a 2003 Mitsubishi Eclipse.

The NAPD provided and determined all of the information contained in the BOLO.

The Merrimack College office received the NAPD BOLO.  Because part of Merrimack College's campus is located in North Andover, Riordan investigated information in the NAPD BOLO.  By running the license plate number identified in the BOLO through a database, Riordan

discovered that the vehicle identified in the BOLO was registered to a Merrimack College student.  Riordan also recalled observing another Merrimack College student (Godette) wearing clothing similar to the suspect's described in the BOLO.  Specifically, Riordan observed Godette wearing baggy athletic clothes and a do-rag.  Godette was indeed wearing baggy athletic clothes and a do-rag on March 26, 2003.

Riordan telephoned the NAPD to inform officers that the car identified in the BOLO was registered to a Merrimack College student.  Riordan also informed the NAPD that he observed on March 26, 2003 another student (Godette) wearing clothing similar to the suspect's.  Upon arriving at Merrimack College, the NAPD compared bank surveillance photographs of the suspect with student identification card photographs of Godette, as well as Steven Iannelli.  The officers believed that Godette looked like the armed robber suspect and sought to speak with Godette.  Merrimack College officers obtained Godette's class schedule.  Godette's class schedule depicted where Godette *should have been* at the time of the robbery.  The officers divided into groups to locate Godette.

The officers were concerned with the safety of the students, faculty and staff on campus. The officers had concerns that an armed robber was present the campus.  The presence on campus of an armed robber created a danger of serious physical injury to Merrimack College students, faculty and staff.

NAPD officer Heffernan first approached Godette on March 26, 2003 as he was exiting his dormitory.  NAPD Officer Heffernan's police badge was displayed around her neck when she approached Godette.  NAPD officer Heffernan informed Godette that she was investigating a bank robbery.  NAPD officer Heffernan told Godette to put his hands on the wall so that she could pat him down for weapons.  NAPD officer Heffernan placed Godette in handcuffs.  NAPD

officer Heffernan read Godette his *Miranda* rights.  NAPD officer Heffernan asked Godette if she could search his room.  Godette initially declined but then agreed to the search.

After Godette consented to a search, NAPD officers Heffernan and Cronin escorted Godette to his dormitory room.  NAPD officers Heffernan and Cronin removed the handcuffs from Godette once they entered his room.  NAPD officers Heffernan and Cronin searched Godette's dorm room and questioned him about the armed robbery.

Merrimack College officers sought to determine Godette's whereabouts at the time of the robbery.  A Merrimack College professor informed the Merrimack College officers that he observed Godette in class at the time of the robbery.  Once Merrimack College officers obtained this information they relayed it to NAPD officers.  Thereafter, NAPD officers Heffernan and Cronin released Godette. At no time on March 26, 2003 did Riordan or any other Merrimack College officer use a racial slur.  Moreover, no NAPD officers used a racial slur at any time on March 26, 2003.

Godette did not go to the emergency room or seek medical treatment for physical injuries resulting from March 26, 2003.  Godette attended one session with a Merrimack College counselor after the incident.  He did not schedule a second appointment and never sought any other counseling or mental health treatment as a result of the incident. Godette was not prescribed any medication after the incident.  Godette's grades were consistent while he was at Merrimack College, even after the incident.  He graduated with a 2.8 grade point average. Godette infrequently socialized, even before the incident.

At no time on March 26, 2003 did Riordan or any other Merrimack College officer question or speak to Godette.  At no time on March 26, 2003 did Riordan or any other Merrimack College officer pat down, handcuff, search or touch Godette.  At no time on March

6

26, 2003 did Riordan or any other Merrimack College officer search or enter Godette's room.

No one associated with Merrimack College, including Riordan, had any contact with the plaintiff

on March 26, 2003, whether physical or otherwise.

**B.    Statement of Facts established by pleadings, stipulations of counsel and Admissions (L.R. 16.5(D)(2))**

1.    Godette is an African-American.  (Verified Complaint and Request for Jury Trial

[Doc. No. 1], Answer of Defendants Merrimack College and Lt. Riordan[1] [Doc. No. 20], ¶6).

2.    Riordan is an individual who was employed as a police lieutenant by Merrimack

College on March 26, 2003 ([Doc. Nos. 1, 20, at ¶15]).

3.    Merrimack College is a private college and part of its campus is located in North

Andover, Massachusetts ([Doc. Nos. 1, 20, at ¶18]).

4.    Brett Godette was a student at Merrimack College and a member of the men's

basketball team at Merrimack College on March 26. 2003 ([Doc. Nos. 1, 20, at ¶19]).

5.    Godette wore a "doo-rag" on the morning of March 26, 2003 ([Doc. Nos. 1, 20, at

¶20]).

6.    On the afternoon of March 26, 2003, Riordan had a meeting with various police

officers and during the meeting he showed the officers a photograph of Godette used for his

Merrimack College student identification card ([Doc. Nos. 1, 20, at ¶29]).

7.    Godette shared a dormitory room with another student ([Doc. Nos. 1, 20, at ¶43]).

**C.    Contested Issues of Fact (L.R. 16.5(D)(3))**

The parties dispute liability and damages.

**D.    Jurisdictional Questions (L.R. 16.5(D)(4))**

None.

**E.    Questions Raised by Pending Motions (L.R. 16.5(D)(5))**

Godette has filed a motion for reconsideration [Doc. No. 105] of this Court's order

granting summary judgment in favor of the North Andover Defendants[2] and the Merrimack

College Defendants on five Counts:

| Count V: | Civil Rights Violations Pursuant To M.G.L. c.12, §§11H and 11I; |
|---|---|
| Count VI: | Common Law Conspiracy to Violate Civil Rights Law Pursuant To M.G.L. c.12, §§11H and 11I; |
| Count VIII: | False Imprisonment; |
| Count IX: | Assault and Battery; and |
| Count X: | Intentional And/Or Negligent Infliction of Emotional Distress. |

Merrimack College and Riordan have filed an opposition to Godette's motion for

reconsideration.

Merrimack College and Riordan have filed a motion for summary judgment as to the

remaining Four Counts:

| Count XI: | Negligence; |
|---|---|
| Count XII: | M.G.L. c.214, §1B; |
| Count XIII: | Breach of Contract; and |
| Count XIV: | Breach of Covenant of Good Faith and Fair Dealing. |

---

[1] On April 20, 2007, this Court entered an electronic order allowing Godette's Motion To Amend Caption To Substitute The Name "Michael Riordan" For "Lt. Riordon" Or "Lieutenant Riordon" Where They Appear In The Pleadings And Case Caption In The Within Matter [Doc. No. 59].

[2] Richard Stanley, Diane Heffernan, Daniel Cronin, Paul Gallagher and the Town of North Andover.

Godette intends to oppose the further motion for summary judgment of Merrimack College and Riordan.

Finally, the parties intend to file motions *in limine* today.

**F.**    **Issues of Law, including Evidentiary Questions (L.R. 16.5(D)(6))**

The parties agree that the following counts of the Complaint remain at this time:

Count XI:      Negligence;

Count XII:     M.G.L. c.214, §1B;

Count XIII:    Breach of Contract; and

Count XIV:    Breach of Covenant of Good Faith and Fair Dealing.

The parties dispute whether one or both Defendants are liable to Godette for, among other things, damages, costs and interest.

Godette incorporates herein by reference his positions on remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3).  Godette also incorporates herein by reference his motions *in limine*, filed separately.  Godette is filing the following motions *in limine*:

1.      Motion *In Limine* To Preclude Testimony Or Documents Relating To Any And All Diversity Initiatives And/Or Programs Run By Merrimack College;

2.      Motion *In Limine* To Preclude (1) The Admission of Godette's Merrimack College Medical Records And (2) The Admission of Godette's Merrimack College Academic Record;

3.      Motion *In Limine* To Preclude Any Evidence Concerning An Alleged Theft of Textbooks, Or Any Other Alleged Bad Acts, By Godette;

4.      Motion *In Limine* To Preclude The Admission Of Any Documents Included In The "Catch-All" Provisions Of The Exhibit Lists (Godette's Objected To Exhibits Numbered 2 Though 7 And Defendants' Objected To Exhibits Numbered 8 Through 17);

9

5.      Motion *In Limine* For An Adverse Inference Against Merrimack College
And Michael Riordan For The Destruction Of Godette's Merrimack
College Counseling Records; and

6.      Motion To Sequester Non-Party Witnesses.

Godette notes that there may be an issue regarding the scope of the evidence which

Godette may seek to introduce at trial on the issue of racial discrimination. Godette contends that

such evidence is germane to the issue of whether Merrimack College breached an implied

contractual duty to Godette and/or the covenant of good faith and fair dealing with respect to

Godette. Godette intends to oppose any motion *in limine* filed by Defendants regarding this

issue.

Finally, Godette notes that, were this Court to grant Godette's motion for reconsideration

and to reverse its order granting summary judgment in favor of the Merrimack College

Defendants and the North Andover Defendants on Counts V, VI, VIII, IX and/or X, additional

issues of law and/or evidentiary questions may arise. Moreover, under those circumstances,

Godette may seek to introduce additional witnesses and/or exhibits.

Merrimack College and Riordan incorporate herein by reference their positions on

remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ.

P. 26(a)(3). *See*, *infra*, Section L. Defendants also incorporate herein by reference their motions

*in limine*, filed separately. Defendants plants to file the following motions *in limine*:

1.   Motion *in Limine* to Exclude the Testimony of Linda Godette and other Family
and Friends;

2.   Motion *in Limine* to Exclude from Evidence William Mayrose's April 2003
Memorandum;

3.   Motion *in Limine* to Preclude Plaintiff from Offering the Testimony of Richard
Santagati.

10

G.   <u>Requested Amendments to Pleadings (L.R. 16.5(D)(7))</u>

None.

H.   <u>Additional Matters to Aid in Disposition (L.R. 16.5(D)(8))</u>

None.

I.   <u>Probable Length of Trial (L.R. 16.5(D)(9))</u>

Four to five full days.

J.   <u>Witnesses (L.R. 16.5(D)(10))</u>

**Godette intends to call the following witnesses, all of whom are factual witnesses:**

1.   Brett Godette
     729 Fallsgrove Drive
     Rockville, MD  20850

2.   Linda Godette
     729 Fallsgrove Drive
     Rockville, MD  20850

3.   Daniel Cronin
     c/o North Andover Police Deprtment
     566 Main Street
     North Andover, MA  01845

4.   Richard Stanley
     c/o North Andover Police Department
     566 Main Street
     North Andover, MA  01845

5.   Paul Gallagher
     c/o North Andover Police Deprtment
     566 Main Street
     North Andover, MA  01845

6.   Diane Heffernan
     c/o North Andover Police Deprtment
     566 Main Street
     North Andover, MA  01845

7.   Michael Riordan
     c/o Merrimack College Department of Police Services

315 Turnpike Street
North Andover, MA  01845

8.     William Mayrose
        Greenfield Community College
        Greenfield, MA

9.     Richard Santagati, President
        Merrimack College
        315 Turnpike Street
        North Andover, MA  01845

10.    Sharon Broussard
        Former Counselor, Merrimack College
        Hamel Health Center
        North Andover, MA

**Godette may call the following witnesses, all of whom are factual witnesses if the**

**need arises:**

1.     Gina A. Bertelli[3]
        (Address Unknown)

2.     Kelly Anderson
        c/o Merrimack College Department of Police Services
        315 Turnpike Street
        North Andover, MA  01845

4.     Nick Gerteisen
        (Address Unknown)

5.     Chrisovalanti Papantonakis
        (Address Unknown)

6.     Lightfoot Taylor
        (Address Unknown)

7.     Dawn Kalinowski
        6 Avon Street
        Andover, MA

---

[3] Merrimack College and Riordan object to any testimony of Gina A. Bertelli and Lightfoot Taylor.  Godette does not plan to call Bertelli or Taylor as witnesses unless the Court grants Godette's motion for reconsideration and reverses its order granting summary judgment in favor of the Merrimack College Defendants and the North Andover Defendants on Counts V, VI, VIII, IX and/or X.

8.    William Wallace
      c/o Andover Police Department
      32 North Main Street
      Andover, MA  01810

9.    Donald Patullo
      c/o Andover Police Department
      32 North Main Street
      Andover, MA  01810

10.   Charles Heseltine
      c/o Andover Police Department
      32 North Main Street
      Andover, MA  01810

11.   Patrick Keefe
      c/o Andover Police Department
      32 North Main Street
      Andover, MA  01810

12.   Keeper of Records
      Hamel Health Center
      North Andover, MA

13.   Keeper of Records
      Merrimack College
      North Andover, MA

14.   Keeper of Records
      Town of North Andover
      North Andover, MA

15.   Keeper of Records
      Town of Andover
      Andover, MA

16.   Keeper of Records
      Massachusetts Registry of Motor Vehicles
      630 Washington Street
      Boston, MA  02108

17.   Any and all witnesses listed on any defendant's Pretrial Disclosures.

18.    Any and all witnesses who are necessary to lay a proper foundation for the admission of any document or tangible thing listed in these Pretrial Disclosures.

19.    Any and all witnesses necessary for rebuttal or impeachment of any witness called by any defendant.

Godette reserves his right to supplement this list of witnesses up to and including the time of trial with reasonable notice to counsel.

Defendants object to the testimony of Linda Godette, Richard Santagati, Gina Bertelli and Lightfoot Taylor.

**Defendants intend to call the following witnesses, all of whom are factual witnesses:**

1.    Michael Riordan
c/o Merrimack College
315 Turnpike Street
No. Andover, MA  01845

2.    William Mayrose
c/o Merrimack College
315 Turnpike Street
No. Andover, MA  01845

3.    Harold Rogers
c/o Merrimack College
315 Turnpike Street
No. Andover, MA  01845

4.    Jorge Hernandez
c/o Merrimack College
315 Turnpike Street
No. Andover, MA  01845

5.    Scott Gage
c/o Merrimack College
315 Turnpike Street
No. Andover, MA  01845

6.    Richard Stanley
Town of North Andover Police Department
566 Main Street
North Andover, MA  01845

7.      Diane Heffernan
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

8.      Paul Gallagher
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

9.      Daniel Cronin
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

10.     Brett Godette
        Asbury Park, NJ

11.     Keeper of Records
        Student Records
        Merrimack College
        315 Turnpike Street
        No. Andover, MA  01845

**Defendants may call the following witnesses, if the need arises, all of whom are**

**factual witnesses:**

1.      Bert Hammel
        Department of Athletics
        Merrimack College
        315 Turnpike Street
        No. Andover, MA  01845

2.      Patrick Wlodycka
        c/o Merrimack College
        315 Turnpike Street
        No. Andover, MA  01845

3.      Kelly Anderson
        c/o Merrimack College
        315 Turnpike Street
        No. Andover, MA  01845

4.      John Carney
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

5.      Eugene Salois
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

6.      Paul MacMillan
        Town of North Andover Police Department
        566 Main Street
        North Andover, MA  01845

7.      Charles Dukas
        13046 Moorpack Street, Apt. 205
        Studio City, CA  91604-1494

8.      Jennifer Magnanimi
        107 Sauga Avenue
        North Kingstown, RI  02852

9.      Any and all witnesses listed on the Plaintiff's Pretrial Disclosures

10.     Any and all witnesses listed on the Town of North Andover's Pretrial Disclosures

11.     Any and all witnesses listed on the Richard Stanley's Pretrial Disclosures

12.     Any and all witnesses listed on Diane Heffernan's Pretrial Disclosures

13.     Any and all witnesses listed on the Daniel Cronin's Pretrial Disclosures

14.     Any and all witnesses who are necessary to lay a proper foundation for the
        admission of any document or tangible thing listed in these Pretrial Disclosures

15.     Any and all witnesses necessary for rebuttal or impeachment of any witness called
        by the Plaintiff.

Defendants reserve the right to supplement this list of witnesses up to and including the

time of trial with reasonable notice to counsel.

Godette objects to the testimony of Jorge Hernandez and Scott Gage.

K.    **Proposed Exhibit List(L.R. 16.5(D)(11))**

**AGREED UPON EXHIBITS**

**Godette may introduce the following exhibits, without objection:**

1.    Administrative broadcast form (BOLO) (Plaintiff's Document No. 000001)

2.    Photographs of the Bank Robber (Plaintiff's Document Nos. 000002-000005; 000012-000015)

3.    Notes of Detective Cronin (Plaintiff's Document No. 000006)

4.    North Andover Police Department Criminal Investigation Division Incident Report (Plaintiff's Document Nos. 000007-000008)

5.    North Andover Police Department Incident Report (Plaintiff's Document Nos. 000009-000011)

6.    Merrimack College Student IDs (Plaintiff's Document No. 000016)

7.    North Andover Police Department Incident Report (Plaintiff's Document Nos. 000017-000019)

8.    Merrimack College Student ID (Plaintiff's Document No. 000044)

9.    CJIS Form (Michael Riordan Deposition Exhibit 1)

10.    CJIS Form (Michael Riordan Deposition Exhibit 7)

11.    Report of Michael Riordan (Michael Riordan Deposition Exhibit 5)

12.    Report of Officer Kelly Anderson (Michael Riordan Deposition Exhibit 6)

13.    Notes of Diane Heffernan (Michael Riordan Deposition Exhibit 8, First Page)

14.    Notes of Eugene Salois (Michael Riordan Deposition Exhibit 8, Second Page)

15.    North Andover Police Department Incident Report, including narrative entered by Lt. Carney (Michael Riordan Deposition Exhibit 9)

16.    3 page Facsimile to Detective Diane Heffernan, undated (*See* Michael Riordan Deposition Exhibit 11 and Richard Stanley Deposition Exhibit 6A)

17.    Andover Police Department Incident Report (Plaintiff's Document Nos. 000020-000021)

18.    Letter dated August 16, 2004 from Lt. Amodeo (Plaintiff's Document Nos. 000042-000043)

19.    Andover Police Department Dispatch Incident Detail (*See* Michael Riordan Deposition Exhibit 13, Third Page)

20.    Documents Produced by Keeper of Records, Hamel Health Center, North Andover, MA.

21.    Documents Produced by Keeper of Records, Merrimack College, North Andover, MA.[4]

22.    Documents Produced by Keeper of Records, Town of North Andover, North Andover, MA

23.    Documents Produced by Keeper of Records, Town of Andover, Andover, MA

24.    Documents Produced by Keeper of Records, Massachusetts Registry of Motor Vehicles, 630 Washington Street, Boston, MA  02108, relating to MA Plate No. 9095ZB.

25.    Photographs of Monican Dormitory (site of arrest/detention of Plaintiff)

26.    Photographs of Godette's Dormitory Room at Monican Dormitory

**Defendants may introduce the following exhibits, without objection:**

1.    CJIS Administrative Broadcast of an Armed Bank Robbery dated March 26, 2003 and Issued by the North Andover Police Department to Surrounding Towns and Communities

2.    CJIS Display for LNOH01 on 03/26/03 11:55 EST for LIC/9095ZB from the Massachusetts Registry of Motor Vehicles Registration/Title

---

[4] Godette intends to *subpoena* a Keeper of Records of Merrimack College at trial for the purpose of obtaining documents, including, without limitation, any student handbooks and/or other documents which demonstrate any contracts between Merrimack College and its students at any time from 2000 to 2004, including, without limitation, any documents showing that Brett S. Godette was admitted to and/or would attend Merrimack College.  Because Plaintiff's intention to so *subpoena* has not previously been raised and because a Keeper of Records of Merrimack College of such documents was not previously identified as a witness at trial, including in Plaintiff's Pretrial Disclosures previously filed in March 2007, the Merrimack College Defendants reserve their right to object to the *subpoena* and/or the admission of documentary or testimonial evidence gleaned therefrom and offered at trial.

3.     North Andover Police Department Incident Report of March 26, 2003 Armed Robbery at Sovereign Bank on Main Street, including Narratives of Patrolman Paul MacMillan and Sergeant Diane Heffernan

4.     North Andover Police Department Criminal Investigation Division Incident Report dated March 26, 2003 at 1138 hours

5.     Typed Report of Michael Riordan concerning "Assist to Outside Agency" dated March 26, 2003

6.     Facsimile to Detective Diane Heffernan from Sergeant J. Fiandaca of the Boston Police Department Detective Enclosing Photographs of John C. Iannelli dated March 26, 2003

7.     Handwritten Notes of Diane Heffernan concerning her investigation of the armed robbery on March 26, 2003 (Page 1 of Exhibit 2 of Richard Stanley Deposition)

8.     Handwritten Notes of Eugene Salois concerning his investigation of the armed robbery on March 26, 2003 (Page 2 of Exhibit 2 at Richard Stanley Deposition)

9.     Handwritten Notes of Daniel Cronin concerning his investigation of the armed robbery on March 26, 2003 (Page 3 of Exhibit 2 of Richard Stanley Deposition)

10.     Merrimack College student identification card of Brett Godette (or a copy thereof)

11.     Merrimack College student identification card of Steven Iannelli (or a copy thereof)

12.     Bank surveillance photographs of the armed robbery

14.     Verified Complaint and Request for Jury Trial of the Plaintiff

15.     Massachusetts State Police Daily Administrative Log for Wednesday, March 26, 2003

16.     Typed Report of Kelly Anderson dated March 28, 2003

17.     North Andover Police Department Manual

18.     Town of North Andover Police Department Rules and Regulations, Polices and Procedures, General Orders, Town By Laws.

**GODETTE'S PROPOSED EXHIBITS OBJECTED TO BY DEFENDANTS**

1.     Memorandum of Chief William Mayrose dated April 11, 2003 (Daniel Cronin Deposition Exhibit 1)

2.    Any exhibit marked at any deposition

3.    Any and all pleadings and attachments thereto

4.    Any and all deposition transcripts to the extent admissible under the Rules of Evidence

5.    Any and all documents or other exhibits listed on any defendant's Pretrial Disclosures

6.    Any and all documents necessary to rebut exhibits, testimony, and/or other evidence offered by any defendant

7.    Any and all documents necessary to impeach or cross-examine any witness

**DEFENDANTS' PROPOSED EXHIBITS OBJECTED TO BY GODETTE**

1.    Certified Medical Records of Brett Godette from Merrimack College Hammell Health Center

2.    Merrimack College Academic Record of Brett Godette

3.    Merrimack College Statement on Diversity

4.    Diversity Event Planning

5.    Diversity Recruitment Resource Guide

6.    Step-by-Step Diversity Recruitment Strategy

7.    Merrimack College Police Department Incident Report Number 2002-09-248-IR concerning theft of textbooks

8.    Any exhibit marked at any deposition (depending on scope and admissibility issues to be resolved by the Court)

9.    Any and all pleadings and attachments thereto

10.   Any and all deposition transcripts to the extent admissible under the Rules of Evidence

11.   Any and all documents or other exhibits listed on the Plaintiff's Pretrial Disclosures

12.   Any and all documents or other exhibits listed on the Town of North Andover's Pretrial Disclosures

13.    Any and all documents or other exhibits listed on Richard Stanley's Pretrial Disclosures

14.    Any and all documents or other exhibits listed on Diane Heffernan's Pretrial Disclosures

15.    Any and all documents or other exhibits listed on Daniel Cronin's Pretrial Disclosures

16.    Any and all documents necessary to rebut exhibits, testimony, and/or other evidence offered by the Plaintiff

17.    Any and all documents necessary to impeach or cross-examine any witness

The parties reserve their right to supplement their respective lists with reasonable notice to counsel.

**L.    Positions On Remaining Objections To the Evidence Identified In The Pretrial Disclosure Required By Fed. R. Civ. P. 26(a)(3) (L.R. 16.5(D)(12))**

**1.    Godette's remaining objections:**

a.    <u>Testimony of Jorge Hernandez and Scott Gage:</u>

Godette objects to any testimony from Hernandez and/or Gage, who Godette expects to testify as to diversity initiatives and/or programs run by Merrimack College because such testimony is irrelevant to the issues raised in the case at bar as, upon information and belief, they are not percipient witnesses to events involving Godette. See Fed. R. Evid. 401, 402, 403 and 602. Additionally, the witnesses were not identified until March 19, 2007, long after automatic disclosures were due and after the depositions of Mr. Riordan and former Chief Mayrose. Their testimony regarding any diversity initiatives at Merrimack are irrelevant to the manner in which Godette was treated on the date of his arrest. Godette intends to address the issue more fully in his Motion *In Limine* To Preclude Testimony Or Documents Relating To Any And All Diversity Initiatives And/Or Programs Run By Merrimack College.

The Merrimack College Defendants contend that because Plaintiff intends to offer evidence of the racial discrimination and race relations on campus in support of his breach of contract and breach of implied covenant of good faith and fair dealings claim, the testimony of Merrimack College's diversity initiatives are directly relevant to rebut evidence Plaintiff intends to offer. The Merrimack College Defendants intend to oppose any motion *in limine* filed by Plaintiff which seeks to limit the introduction of this evidence.

      b.    Certified Medical Records of Brett Godette from Merrimack College Hammel Health Center

Godette objects to the admission of these documents at trial because they contain inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802. Moreover, such records are entirely irrelevant to the issues raised in the case at bar. See Fed. R. Evid. 401-403. Finally, such records are unfairly prejudicial to Godette, where Godette did attend counseling, but where the Merrimack College counselor did not preserve the portion of Godette's medical records relating to Godette's counseling. See Fed. R. Evid. 403. Godette intends to address the issue more fully in his Motion *In Limine* To Preclude (1) The Admission of Godette's Merrimack College Medical Records And (2) The Admission of Godette's Merrimack College Academic Record.

The Merrimack College Defendants contend that despite the dismissal of Plaintiff's emotional distress claims and because Plaintiff intends to offer evidence of Plaintiff's alleged post-incident distress in support of the remaining claims, Plaintiff's certified medical record which Plaintiff included as a potential exhibit in his Pretrial Disclosures is directly relevant to rebut evidence Plaintiff intends to offer concerning purported issues of material fact raised in this cause of action. The Merrimack College Defendants reserve their right oppose any motion *in limine* filed by Plaintiff which seeks to limit the introduction of this evidence.

c.     <u>Merrimack College Academic Record of Brett Godette</u>

Godette objects to the admission of this document at trial because the written statements contained therein constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802.  The records do not assist the jury in assessing either liability or damages.  Moreover, it is entirely irrelevant to any material fact in dispute in this case and is therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.  Godette intends to address the issue more fully in his Motion *In Limine* To Preclude (1) The Admission of Godette's Merrimack College Medical Records And (2) The Admission of Godette's Merrimack College Academic Record.

The Merrimack College Defendants contend that despite the dismissal of Plaintiff's emotional distress claims Plaintiff intends to offer evidence of Plaintiff's alleged post-incident distress in support of the remaining claims.  Plaintiff's academic record reveals consistency in his performance before and after the incident and is relevant to rebut evidence Plaintiff intends to offer concerning purported issues of material fact raised in this cause of action.  The Merrimack College Defendants intend to oppose any motion *in limine* filed by Plaintiff which seeks to limit the introduction of this evidence.

d.     Merrimack College Statement on Diversity; Diversity Event Planning; Diversity
       <u>Recruitment Resource Guide; and Step-by-Step Diversity Recruitment Strategy</u>

Godette objects to the admission of these documents at trial because the written statements contained therein constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802.  Moreover, they are entirely irrelevant to any material fact in dispute in this case and are therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403. The documents appear to be undated, and so there is no way for Godette to determine when the documents were in effect, if at all.  Additionally, the documents were not produced until March

19, 2007, long after automatic disclosures were due and after the depositions of Mr. Riordan and

former Chief Mayrose. As a result, Godette is unfairly prejudiced by the late production.

Moreover, the documents are not relevant to the manner in which Godette was treated on the date

of his arrest.  Godette intends to address the issue more fully in his Motion *In Limine* To

Preclude Testimony Or Documents Relating To Any And All Diversity Initiatives And/Or

Programs Run By Merrimack College.

The Merrimack College Defendants contend that because Plaintiff intends to offer

evidence of the racial discrimination and race relations on campus in support of his breach of

contract and breach of implied covenant of good faith and fair dealings claim, the testimony of

Merrimack College's diversity initiatives are relevant to rebut evidence Plaintiff intends to offer

concerning purported issues of material fact raised in this cause of action.  The Merrimack

College Defendants intend to oppose any motion *in limine* filed by Plaintiff which seeks to limit

the introduction of this evidence.

      e.     Merrimack College Police Department Incident Report Number 2002-09-248-IR
           concerning theft of textbooks

Godette objects to the admission of this document at trial because the written statements

contained therein constitute inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802.

Moreover, it is entirely irrelevant to any material fact in dispute in this case and is therefore

inadmissible pursuant to Fed. R. Evid. 401 and 402.  Additionally, the probative value of the

information contained in the report, which relates to an incident completely unrelated to the case

at bar, is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid.

403.  The document also constitutes impermissible character evidence pursuant to Fed. R. Evid.

404 and 608.  Additionally, the document was not produced until March 19, 2007, long after

automatic disclosures were due and after the depositions of Mr. Riordan and former Chief

Mayrose. As a result, Godette is unfairly prejudiced by the late production. Such evidence would

constitute impermissible character evidence.  Godette intends to address the issue more fully in

his Motion *In Limine* To Preclude Any Evidence Concerning An Alleged Theft of Textbooks, Or

Any Other Alleged Bad Acts, By Godette.

The Merrimack College Defendants contend that evidence of Plaintiff's prior incident of

theft on campus which was investigated and resolved by Michael Riordan is not inadmissible

character evidence, but rather evidence offered to establish Riordan's intent and knowledge

expressly admissible pursuant to Federal Rule of Evidence 404(b).  See FED.R.EVI. 404.  The

incident report of the textbooks constitutes a business record admissible pursuant to the Rules of

Evidence.  See FED.R.EVI. 806(3).  Plaintiff's is not unfairly prejudiced by the admission of the

incident report because Plaintiff testified concerning the incident at his own deposition in

October 2006.  Furthermore, Plaintiff deposed Riordan concerning the incident.  The Merrimack

College Defendants intend to oppose any motion *in limine* filed by Plaintiff which seeks to limit

the introduction of this evidence.

> **2.** **Merrimack College's and Riordan's remaining objections:**

> a.    Testimony of Linda Godette:

The Defendants object to any testimony by Linda Godette because she was not a

percipient witness to the incident on March 26, 2003 which forms the factual basis of this

lawsuit.  Accordingly, she lacks personal knowledge of material facts in dispute and is not

competent to testify pursuant to Federal Rule of Evidence 602.  To the extent plaintiff plans to

call Ms. Godette to testify concerning her communications with the plaintiff after the incident,

such testimony constitutes inadmissible hearsay pursuant to Federal Rules of Evidence 801 and

802.  Finally, Ms. Godette's likely testimony is also character propensity evidence inadmissible pursuant to Federal Rules of Evidence 404 and 608.

Godette contends that the testimony of Linda Godette, Brett Godette's mother, is admissible because her testimony will be directly relevant to the issue, among others, of Godette's damages.  She may testify as to, among other things, (1) her observations of Brett Godette's demeanor and tone of voice and (2) communications she received from Brett Godette after March 26, 2003 which describe Brett Godette's state of mind.  Godette intends to oppose any motion *in limine* filed by Merrimack College and Riordan which seeks to limit her testimony.

    b.    Testimony of Richard Santagati:

The Defendants object to any testimony by Richard Santagati because he was not a percipient witness to the incident on March 26, 2003 which forms the factual basis of this lawsuit.  Accordingly, he lacks personal knowledge of material facts in dispute and is not competent to testify pursuant to Federal Rule of Evidence 602.  Moreover, Richard Santagati's alleged apology to the plaintiff is privileged pursuant to Massachusetts law.

Godette contends that the testimony of Richard Santagati is admissible because his testimony will be directly relevant to the issue, among others, of whether Merrimack College and/or Riordan breached any duty to Godette.  Moreover, to the extent that Santagati's apology constituted neither a compromise nor an offer to compromise a civil lawsuit, the testimony is neither barred by Fed. R. Evid. 408 nor privileged.  The testimony constitutes an admission on the part of Merrimack.  Godette intends to oppose any motion *in limine* filed by Merrimack College and Riordan which seeks to limit his testimony.

c.    Memorandum of Chief William Mayrose dated April 11, 2003:

The Defendants object to the admission of this memorandum as an exhibit at trial because this document constitutes a subsequent remedial measure inadmissible pursuant to Federal Rule of Evidence 407. Moreover, the memorandum and the contents thereof constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802.

Godette contends that this document is admissible nonhearsay because it is the admission of a party opponent, where the statement was made by Chief William Mayrose as an agent of Merrimack College concerning a matter within the scope of his employment as the chief of the Merrimack College police services. Fed. R. Evid. 801(d)(2)(D). In essence, he admits in the memorandum that Merrimack could have avoided Godette's arrest by simply checking his class schedule. The document also constitutes a business record. Moreover, the document is directly relevant to the issues, among others, of (1) whether Merrimack College and/or Riordan breached a duty to Godette and (2) whether Godette suffered damages as a result of Merrimack College's and/or Riordan's respective breaches of duty. Finally, the document does not constitute inadmissible hearsay. Godette intends to oppose any motion *in limine* filed by Merrimack College and Riordan which seeks to limit his testimony.

| | |
|---|---|
| Plaintiff | Defendants Merrimack College and |
| Brett S. Godette | Michael Riordan |
| By his Attorneys, | By their Attorneys, |
| | |
| | |
| */s/ Paul J. Klehm* | */s/ Robert B. Smith* (by PJK with permission) |
| James B. Krasnoo (BBO#279300) | Robert B. Smith (BBO#546580) |
| *james@krasnooklehm.com* | *rsmith@nkms.com* |
| Paul J. Klehm (BBO#561605) | Allison C. Ayer (BBO#660665) |
| *pklehm@krasnooklehm.com* | *aayer@nkms.com* |
| Benjamin L. Falkner (BBO#667951) | Nelson, Kinder, Mosseau & Saturley, P.C. |
| *bfalkner@krasnooklehm.com* | 45 Milk Street, 7th Floor |

Krasnoo | Klehm LLP                     Boston, MA  02109
23 Main Street, Suite 6                 (617) 778-7500
Andover, MA 01810
(978) 475-9955

Dated:  May 29, 2007                    Dated:  May 29, 2007

## CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on May 29, 2007.

/s/ Paul J. Klehm
Paul J. Klehm