UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| BRETT S. GODETTE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD STANLEY, *et. al.*,<br>    Defendants. | )<br>)<br>)<br>)   Civil Action No. 05-11354JLT<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF BRETT S. GODETTE'S MOTION *IN LIMINE*
TO PRECLUDE (1) THE ADMISSION OF GODETTE'S MERRIMACK COLLEGE
MEDICAL RECORDS AND (2) THE ADMISSION OF GODETTE'S MERRIMACK
COLLEGE ACADEMIC RECORD**

Plaintiff Brett S. Godette hereby moves this Honorable Court *in limine* to preclude (1) the admission of Godette's Merrimack College medical records and (2) the admission of Godette's Merrimack College academic record where, among other things, such records are irrelevant to the issues raised in the case at bar and contain inadmissible hearsay. As to the academic Godette relies upon the following reasons:

1. In the within action, Godette proceeds to trial pursuing negligence, breach of privacy, breach of contract and breach of good faith and fair dealing claims against Defendants Merrimack College and Michael Riordan (hereinafter, collectively, "Merrimack").

2. Merrimack seeks to introduce the following two documents, among others, at trial: (1) Certified Medical Records of Brett Godette from Merrimack College Hammel Health Center; and (2) Merrimack College Academic Record of Brett Godette.

3. Upon information and belief, Merrimack College seeks to introduce these documents to demonstrate that Godette did not suffer emotional distress damages.

4. **The Medical Records.** The Merrimack College medical records adduced in the within case do not demonstrate that Godette suffered from any emotional distress from his wrongful arrest. (Plaintiff will provide a copy of the medical records to the Court at the hearing on the within motion, if requested). As such, the medical records are irrelevant to the issues raised in the case at bar. Godette believes that Defendants may seek to introduce such records in order seek to confirm that Godette suffered no emotional distress as a result of his arrest. First, the mere absence of a reference to the arrest, or to any emotional distress stemming therefrom, in the medical records does not mean that Godette suffered no emotional distress. Such an absence simply means that Godette did not seek treatment for emotional distress relating to the arrest from the college infirmary (as opposed to the counseling services). Secondly, and more importantly, Godette did speak to a counselor at Merrimack in the wake of his arrest regarding the emotional aspects of his arrest, and Merrimack has been unable to produce those records because the Merrimack counselor destroyed the records. It would be unduly prejudicial to Godette for the jury to hear testimony that Godette sought counseling at Merrimack but then for Merrimack to present medical records to the jury (which the jury may confuse with counseling records) which include no reference to emotional distress. See Fed.R.Evid. 403. Merrimack should not be permitted to benefit from the loss of the counseling records. The unfairness is created by Merrimack's own negligence or other wrongful conduct in permitting Godette's counseling records to be destroyed by the counselor. The loss of those records prevents the jury from receiving a complete picture of Godette's emotional distress, and it unfairly distorts the issue. As a result, the medical records are entirely irrelevant to the issues raised in the case at bar pursuant to Fed.R.Evid. 401 and 402.

5.      **The Academic Record**.  Merrimack seeks to introduce Godette's academic record in an effort to demonstrate, apparently, that Godette did not suffer significant emotional distress damages as a result of his arrest.  Upon information and belief, Merrimack has not produced Godette's academic record to Godette's counsel thus far, and Merrimack did not list the academic record in its automatic disclosures.  Godette's counsel has not yet had an opportunity to review the academic record.

6.      Merrimack has not identified any expert or other witness who will testify regarding the relationship between emotional distress and scholastic performance. Merrimack has not identified any expert or other witness who will demonstrate that the level of difficulty of Godette's courseload at Merrimack remained constant in his junior year (when he was arrested) and in his senior year.  As a result, such records would not assist the jury in determining issues of

liability or damages in the within matter, and, as such, the documents are irrelevant to the issues raised in the case at bar. See Fed.R.Evid. 401 and 402. The records also constitute hearsay.

**WHEREFORE**, Plaintiff Brett S. Godette hereby requests that this Honorable Court GRANT the within motion and preclude (1) the admission of Godette's Merrimack College medical records and (2) the admission of Godette's Merrimack College academic record.

> Plaintiff
> Brett S. Godette
> By his Attorneys,
>
> */s/ Paul J. Klehm*
> James B. Krasnoo (BBO#279300)
> *james@krasnooklehm.com*
> Paul J. Klehm (BBO#561605)
> *pklehm@krasnooklehm.com*
> Benjamin L. Falkner (BBO#667951)
> *bfalkner@krasnooklehm.com*
> Krasnoo | Klehm LLP
> 23 Main Street, Suite 6
> Andover, MA 01810
> (978) 475-9955

Dated: May 29, 2007

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

On May 23, 2007, I spoke by telephone with Attorneys Robert Smith and Allison Ayer, counsel to the Merrimack College Defendants, regarding the filing of the within motion.

> */s/ Paul J. Klehm*
> Paul J. Klehm

### CERTIFICATE OF SERVICE

I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on May 29, 2007.

> */s/ Paul J. Klehm*
> Paul J. Klehm