UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRETT S. GODETTE, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-11354JLT |
| v. | ) | |
| | ) | |
| RICHARD STANLEY, *et. al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUEST FOR VOIR DIRE OF PROSPECTIVE JURORS**

Plaintiff Brett Godette hereby moves this Honorable Court to permit counsel for the plaintiffs, or that the Court itself, examine prospective jurors for the purpose of determining the person's indifference as to other matters peculiarly and specially related to the trial of this case.

1. Have you been encouraged to not sit on a jury by any person either at work or at home?

2. If the Court were to order stricken some testimony which somehow came before you, could you impartially discard that information from your deliberations?

3. During deliberations, if you formed an opinion, would you keep an open mind and listen to the opinion of others?

4. If other jurors were of a different opinion than you, would you be willing to change your opinion to conform to theirs?

5. If you come to the conclusion that the plaintiffs had proven any or all of their claims by a preponderance of the evidence, and you found that a majority of the jurors believed otherwise, would you change your verdict only because you were in the minority?

6. Have you or any members of your immediate family or close friends ever had any dealings whatsoever with any of the named Defendants?

7. Have you or any members of your immediate family or close friends ever attended or been employed by Merrimack College?

8. Would you tend to believe the testimony of a police officer over that of other witnesses?

9. Have you ever attended any college or university?

10. Have you or any members of your immediate family or close friends ever been employed as a police officer or other law enforcement agent or official?

11. Would you believe the testimony of a white police officer over that of an African-American witness?

12. Do you have any reservations about serving on a jury in a case that involves allegations of racial discrimination?

13. Are you or any members of your immediate family or close friends employed at a college or university?

14. Is there anything about the nature of the plaintiff's allegations against the defendants which would make it difficult for you to render a fair and impartial verdict?

15. Are you a sole proprietor or owner of a business which would be financially hurt by your sitting on this jury?

16. Do you have small children for whom your being away while on this jury would result in a hardship to you or your family?

17.     Do you have any personal difficulties which you feel may affect your ability to concentrate upon the case before you?

18.     Is there anything in any of the questions that I have asked you which causes doubt in your mind as to your ability to reach a verdict based upon the evidence offered in this Courtroom alone?

19.     Do you have any personal difficulties which you feel may affect your ability to concentrate upon the case before you?

20.     Please describe your hobbies and tell us the magazines, periodicals and newspapers to which you subscribe or which you read.

21.     Please tell us the television and/or radio stations you watch and the T.V. broadcasters to whom you listen and from whom you receive your news broadcasts.

22.     In what recreational activities do you engage?

Plaintiff further moves that such questions as noted herein or otherwise posed to the jury be done in a series of at least three (3) questions before the jurors are asked for a positive response. Counsel states that jurors may be reluctant to notify the court of their answers to questions relating to interest and bias when a single question is asked and a response required. The method proposed by counsel obviates any requirement of the venire person to answer specific questions and declare himself or herself as to any particular inquiry. Counsel notes that some of the posed questions, because of plaintiff's need to obtain a fair and impartial jury, intrude upon potential jurors' private beliefs and personal experiences, the disclosure of which

could expose the jurors to personal embarrassment.

          Plaintiff
          Brett S. Godette
          By his Attorneys,


          */s/ Paul J. Klehm*
          James B. Krasnoo (BBO#279300)
          *james@krasnooklehm.com*
          Paul J. Klehm (BBO#561605)
          *pklehm@krasnooklehm.com*
          Benjamin L. Falkner (BBO#667951)
          *bfalkner@krasnooklehm.com*
          Krasnoo | Klehm LLP
          23 Main Street, Suite 6
          Andover, MA 01810
          (978) 475-9955

Dated:  May 29, 2007


**CERTIFICATE OF SERVICE**

    I, Paul J. Klehm, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on May 29, 2007.


          */s/ Paul J. Klehm*
Paul J. Klehm