UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRETT S. GODETTE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD STANLEY, *et. al.*,<br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 05-11354JLT<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF BRETT S. GODETTE'S OPPOSITION TO MOTION *IN LIMINE* OF MERRIMACK COLLEGE AND MICHAEL RIORDAN TO PRECLUDE PLAINTIFF FROM OFFERING THE TESTIMONY OF RICHARD SANTIGATI**

Plaintiff Brett S. Godette (hereinafter, "Godette") hereby opposes the motion *in limine* of Defendants Merrimack College and Michael Riordan (hereinafter, collectively, "Merrimack") to exclude the testimony of the President of Merrimack College, Richard Santigati, where (1) such testimony is relevant to the issues raised in the case at bar and (2) such testimony does not, in any way, constitute a subsequent remedial measure pursuant to Fed.R.Evid. 407. Godette relies upon the reasons set forth below:

1.    President Santigati met with Godette for lunch approximately one day after Godette's wrongful arrest. (Doc. No. 79, at p. 23). During the lunch, Santiagati apologized to Godette, and, further, told Godette, in essence, that the individual accountable for the wrongdoing would be disciplined. *Id.* Santigati also told Godette, falsely, that Merrimack College Public Safety had nothing to do with the arrest and that the arrest was the result of all outside police work. (Doc. No. 79, at p. 23).

2.    Santigati's statements to Godette were not mere "expressions of sympathy," as Defendants allege, but something more, thus taking this case out of the limitations of M.G.L. c. 233 §23D. *See also Denton v. Park Hotel, Inc.*, 343 Mass. 524, 528 (1968) (statement that

person was sorry that incident happened should have been excluded).  Santigati went so far as to assure Godette that the wrongdoer would be punished, and he falsely stated that the Merrimack police force was not involved in the incident. The statements are admissible as admissions of a party-opponent under Fed.R.Evid. 801(d)(2).  As President of Merrimack College, Santigati's statements, and in particular his misstatement concerning Merrimack's involvement, are relevant on the issue of the negligence and breach of contract of Merrimack.  Such evidence is probative of a cover-up of the wrongdoing in an effort to keep Godette from alleging claims against Merrimack.

      3.     Merrimack seeks to exclude Santigati's statements as "subsequent remedial measures" pursuant to Fed.R.Evid. 407.  That rule provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

      4.     Merrimack relies upon *Specht v. Jensen*, 863 F.2d 700 (10 Cir. 1988), a Tenth Circuit case, and *Gilanian v. City of Boston*, 431 F.Supp.2d 172 (D.Mass. 2006), to support its argument.   In so doing, Merrimack fails to acknowledge the First Circuit case of *Prentiss & Carlisle Co., Inc. v. Koehring-Waterous of Timberjack, Inc.*, 972 F.2d 6, 9-10 (1st Cir. 1992), in which the First Circuit found that a manufacturer's post-incident memorandum was admissible where Rule 407 prohibits evidence of subsequent remedial measures taken, not evidence of a party's analysis of its own product. In fact, a District Court judge acknowledged that "[a] split in the case law exists concerning whether the conclusions of a post-accident investigation are admissible under Rule 407." *Villalba v. Consol. Freightways Corp. of Delaware*, 2000 WL

1154073 (N.D.Ill. Aug 14, 2000)(citing *Specht* and *Prentiss*). Applying the *Prentiss* analysis here, it is clear that Santigati's statements constituted his analysis of the incident and what would be done; his statements did not constitute evidence of what measures were taken. See also *Hochen v. Bobst Group, Inc.,* 193 F.R.D. 22, 25 (D. Mass. 2000)(Relying upon *Prentiss*, Court found post-accident report, testimony regarding report, and findings of persons who worked on press admissible where Rule 407 only barred evidence regarding subsequent remedial repairs made by technicians). In fact, in this case the evidence has shown that no such disciplinary actions (no such subsequent remedial measures) occurred. Moreover, even if Santigati performed his promised actions, he did not make the wrongful arrest of Godette less likely to occur under Fed.R.Evid. 407, as that rule requires the post-injury measures to make the injury less likely to occur. Telling Godette that the wrongdoers would be punished and that Merrimack had nothing to do with the arrest does not make the injury less likely to occur in the future. Thus, Fed.R.Evid. 407 does not preclude the introduction of Santigati's post-incident statements to Godette.

5. Additionally, Santigati's testimony would be relevant on the terms of the contract between Godette, as a Merrimack student, and Merrimack College. For instance, Santigati would be able to testify as to the existence of a policy of non-discrimination on campus and as to whether such policy formed a part of Godette's contract with the school.

6. The probative value of Santigati's testimony would not be substantially outweighed by its prejudicial effect pursuant to Fed.R.Evid. 403. As shown above, the statement regarding what the school would do in response to what happened to Godette (which the school never did follow through upon), the statement of apology and the statement regarding the alleged lack of involvement of the Merrimack police are relevant to the issues presented here.

Merrimack has not presented a sufficient argument as to how such evidence would be prejudicial.

    7.    Godette respectfully requests that this Court deny Merrimack's motion *in limine* to exclude testimony of Merrimack College President Richard Santigati.

    **WHEREFORE**, for the above reasons, Godette respectfully requests that this Court DENY Merrimack's motion *in limine* to exclude testimony of Merrimack College President Richard Santigati.

    Plaintiff
Brett S. Godette
By his Attorneys,

*/s/ Paul J. Klehm*
James B. Krasnoo (BBO#279300)
*james@krasnooklehm.com*
Paul J. Klehm (BBO#561605)
*pklehm@krasnooklehm.com*
Benjamin L. Falkner (BBO#667951)
*bfalkner@krasnooklehm.com*
Krasnoo | Klehm LLP
23 Main Street, Suite 6
Andover, MA 01810
(978) 475-9955

Dated: June 4, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF on June 4, 2007.

*/s/ Paul J. Klehm*
Paul J. Klehm