UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRETT S. GODETTE,<br>  Plaintiff,<br>v.<br>RICHARD STANLEY, *et. al.*,<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11354JLT |

**PLAINTIFF BRETT S. GODETTE'S OPPOSITION TO MOTION *IN LIMINE* OF MERRIMACK COLLEGE AND MICHAEL RIORDAN TO EXCLUDE TESTIMONY OF LINDA GODETTE AND OTHER FAMILY AND FRIENDS**

  Plaintiff Brett S. Godette (hereinafter, "Godette") hereby opposes the motion *in limine* of Defendants Merrimack College and Michael Riordan (hereinafter, collectively, "Merrimack") to exclude testimony of Godette's mother Linda and unidentified "other family and friends" where (1) mental anguish and emotional distress damages are reasonably foreseeable as a result of the negligence of, and breach of contract by, Merrimack and (2) where the testimony of these witnesses is relevant on the issue of damages.

  1.  On March 26, 2003, the North Andover police, based upon erroneous information provided by Merrimack, wrongfully arrested Godette, a Merrimack College student, on the Merrimack College campus on suspicion of bank robbery.

  2.  Godette has listed his mother Linda Godette as a witness in this matter. Linda Godette would be able to testify regarding her telephone conversations with her son and her observations of her son in the wake of the wrongful arrest. Even if this Court sustains a Merrimack objection as to the contents of her conversations with her son on the basis of hearsay, Linda can still testify as to, among other things, her son's tone of voice and her physical

observations of her son over time.  She can compare her observations of her son from before and after his wrongful arrest.  Such evidence is entirely relevant on the issue of damages.

3. Merrimack argues that such evidence is irrelevant since this Court entered summary judgment on the intentional/negligent infliction of emotional distress claims.

4. The Court did not enter summary judgment on the remaining negligence claim against Merrimack.  In that claim, Godette argues, in essence, that Merrimack negligently failed (1) to take reasonable, and simple, steps to confirm Godette's whereabouts before contacting the local municipal police and (2) to prevent harm to Godette.

5. In his negligence claim, Godette is entitled to recover reasonably foreseeable damages.  It is foreseeable that calling the police to accuse a student of engaging in felonious conduct would lead to "a police investigation, escalation of the conflict, and arrest, all of which would cause emotional distress." *Pool v. City of Oakland*, 42 Cal.3d 1051,1064, 232 Cal.Rptr. 528 (1986)(store accusing customer)(See, *e.g., Harrer v. Montgomery Ward & Co.,* 221 P.2d 428 (1950)).  In *Pool*, the Court found emotional distress damages to be recoverable.  Pool, 42 Cal.3d at 1064.

6. In the case at bar, Godette was falsely imprisoned as a result of Merrimack's wrongful conduct.  As a result, Godette felt betrayed, embarrassed and depressed.  (See Doc. No. 79, at p. 23).  He was embarrassed when students asked him about the incident.  (*Id.* at p. 23-24). Even Chief Mayrose acknowledged that Godette was "understandably, unsettled and embarrassed by the experience of being handcuffed in front of fellow students." (*Id.* at p. 24). Mayrose even wrote that rumors had circulated at campus regarding his arrest, thus causing further embarrassment and frustration. (*Id*).

7. False imprisonment, therefore, is one of the reasonably foreseeable consequences of Merrimack's wrongful conduct. "It follows that upon proving false imprisonment, the plaintiff can recover damages for mental suffering, humiliation, and the like cause [*sic*] by the defendant's conduct." 14C *Mass. Practice* §20.27 (citation omitted). As a result, Godette can recover for the mental suffering and humiliation he suffered as a result of Merrimack's negligence. In turn, then, his mother and "other friends and family" can also testify on the issue of damages.

8. Even if this Court were to prohibit Linda Godette and others from testifying to damages relating to the negligence claim, these witnesses could still testify on the breach of contract and breach of covenant of good faith and fair dealing claims.

9. "In a contract action, a plaintiff may recover the damages that follow as a natural consequence of the defendant's breach of duty, and that are approximately caused by the defendant's breach.... The fundamental damages principle is that when a contract has been breached the injured party shall be put in the same position he would have been in had the contract been fully performed." 43 *Mass. Practice* §18.1.

10. If the emotional distress is a reasonably foreseeable consequence of a breach of contact, compensatory damages for a breach of contract may include emotional distress damages. *Occean v. Marriott Corp.*, 1994 WL 878962 (Mass.Super.,1994) (emotional distress damages recoverable where breach of agreement to settle discrimination claim); *Sullivan v. O'Connor*, 363 Mass. 579 (1973)(plaintiff awarded damages for emotional distress as well as out-of-pocket expenses in breach of contract action against physician). As noted in *Sullivan*, the Supreme Judicial Court stated that "there is no general rule barring [recovery for mental distress] for

breach of contract. It is all a question of the subject matter and background of the contract." *Id*. at 587.

11. Here, it is reasonably foreseeable, as in *Pool*, that a wrongful arrest would lead to mental anguish and emotional distress to Godette. Therefore, as above, the testimony of Linda Godette and others is entirely relevant on the issue of damages.

12. Godette respectfully requests that this Court deny Merrimack's motion *in limine* to exclude testimony of Godette's mother Linda and "other family and friends."

**WHEREFORE**, for the above reasons, Godette respectfully requests that this Court DENY Merrimack's motion *in limine* to exclude testimony of Godette's mother Linda and "other family and friends."

          Plaintiff
          Brett S. Godette
          By his Attorneys,

          */s/ Paul J. Klehm*
          James B. Krasnoo (BBO#279300)
          *james@krasnooklehm.com*
          Paul J. Klehm (BBO#561605)
          *pklehm@krasnooklehm.com*
          Benjamin L. Falkner (BBO#667951)
          *bfalkner@krasnooklehm.com*
          Krasnoo | Klehm LLP
          23 Main Street, Suite 6
          Andover, MA 01810
          (978) 475-9955

Dated: June 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via ECF on June 4, 2007.

          */s/ Paul J. Klehm*
          Paul J. Klehm