UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| BRETT S. GODETTE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-11354-JLT |
| | * | |
| RICHARD STANLEY, DIANE HEFFERNAN, | * | |
| DANIEL CRONIN, and PAUL GALLAGHER, | * | |
| Individually and as Police Officers of their | * | |
| Respective Municipalities, the TOWN OF | * | |
| NORTH ANDOVER, MICHAEL RIORDAN | * | |
| and MERRIMACK COLLEGE, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

June 13, 2007

TAURO, J.

Presently at issue are Plaintiff's <u>Motion for Reconsideration</u> [#105] and Defendants' <u>Motion for Summary Judgment as to All Remaining Counts</u> [#102].

A.   MOTION FOR RECONSIDERATION

After consideration of the Commonwealth's standard of probable cause, and upon further consideration of the same facts relevant to this court's May 16, 2007, determination of probable cause, this court concludes as a matter of law that probable cause existed under both the Federal and State Constitutions. The facts and circumstances within the knowledge of the arresting officers were sufficient to warrant them in believing that the person arrested had committed a

crime.[1]

It is unfortunate that Plaintiff's medical records from his visit with a Merrimack College counselor no longer exist. But, regardless of these records, Plaintiff's failure to allege sufficient physical manifestations of emotional distress is fatal to his claim of negligent infliction of emotional distress. Plaintiff does not aver any specific physical ailments such as headaches, nausea, nightmares, or weight-loss, that might allow such a claim to survive summary judgment.[2] In the absence of medical records, Plaintiff could have supplied his own sworn statements attesting to his physical manifestations. He did not.

Accordingly, Plaintiff Brett S. Godette's Motion to Reconsider this Court's Order and Memorandum Dated May 16, 2007 [Doc. Nos. 98, 99] Allowing Summary Judgment in Favor of the North Andover Defendants on All Counts and in Favor of the Merrimack College Defendants on Counts V, VI, VIII, IX and X [#105] is DENIED.

B.  MOTION FOR SUMMARY JUDGMENT AS TO ALL REMAINING COUNTS

   COUNT XI - NEGLIGENCE

Plaintiff asserts that Defendants Michael Riordan and Merrimack College were negligent in that they breached their duty to exercise due care in reporting Plaintiff to the North Andover

---

[1] See Commonwealth v. Hernandez, 863 N.E.2d 930, 934 (Mass. 2007); See also Commonwealth v. Wilkerson, 763 N.E.2d 508, 510 (Mass. 2002) ("Probable cause to arrest is not vitiated when the basis on which the police officer acted is shown after the fact to have been erroneous, because the existence of probable cause is determined 'at the moment of arrest,' not in light of subsequent events.").

[2] As previously noted by this court in its May 16, 2007, Memorandum, Plaintiff's statements that he experienced "physical and mental suffering" and that he felt depressed are insufficient physical manifestations of emotional distress.

police. In determining whether a defendant owed a duty of care to the plaintiff, the court may refer to social values, customs, and considerations of public policy.[3] "[C]ourts will find a duty where, in general, reasonable persons would recognize it and agree that it exists."[4] Whether a defendant exercised reasonable care is generally "the special province of the jury."[5]

Massachusetts courts have not addressed whether a party has a duty to exercise due care in reporting suspicions of felonious conduct to the police. Plaintiff requests that this court certify this question of law to the Supreme Judicial Court of Massachusetts. The court declines Plaintiff's request.

Plaintiff asserts that Michael Riordan did not exercise due care in contacting the police because, prior to doing so, Riordan did not review Plaintiff's class schedule via a computer, or contact the registrar, or contact Plaintiff's professor to verify his presence in class during the time of the bank robbery. As discussed below, even if Massachusetts tort law did impose a general duty to exercise due care in reporting suspicions of felonious conduct, this duty would not extend to the point of requiring Riordan to take such actions before contacting the police. Believing that he had seen an individual who was similar to, or matched, the description of the armed bank robber, Riordan had no duty to review Plaintiff's schedule or call Plaintiff's professors or administrators prior to contacting the police.

Plaintiff argues that Riordan's conduct was equivalent to that of the cashier in Pool v. City

---

[3] Luoni v. Berube, 729 N.E.2d 1108, 1110 (Mass. 2000).

[4] Jupin v. Kask, 849 N.E.2d 829, 835 (Mass. 2006).

[5] Id.

3

of Oakland.[6] In that case, the California Supreme Court found that a grocery store could be negligent where a customer spent the night in jail after a store clerk called the police to incorrectly report that the customer attempted to pass counterfeit currency. In reaching its determination, the court noted that a six-minute phone call to review the serial numbers of the $100 bill would have confirmed that the bill was in fact genuine United States currency.[7]

Here, Plaintiff argues that Merrimack College and Riordan could have quickly eliminated Plaintiff as a suspect by calling the registrar and confirming his class schedule–which would have revealed he had class at the same time as the bank robbery. But merely because Godette was scheduled to be in class at a certain time would not mean that he attended that class. Similarly, determining which professor taught Plaintiff's class, tracking that professor down and seeing if he recalled Plaintiff's presence that morning may, in hindsight, have been helpful, but was also potentially time consuming and unreliable.

The nature of the underlying crimes also distinguishes Pool from the present matter. In that case, the alleged activity involved the nonviolent crime of counterfeiting.[8] Here, in contrast, an armed bank robber presented a potential danger to the community. Riordan believed that he had seen a person who was similar to or matched the description of the bank robber on the Merrimack campus.

Riordan's behavior is also consistent with legal precedent which holds that institutions of

---

[6] 728 P.2d 1163 (Cal. 1986)

[7] Id. at 1168.

[8] Id. at 1164.

higher education have a duty to protect their students against criminal acts of third parties.[9] "Adequate security is an indispensable part of the bundle of services which colleges . . . afford their students."[10] Merrimack College had a duty to protect its student body. If an armed bank robber was indeed on campus, Riordan would have exposed Merrimack to potential liability if he had not contacted the police, or if he had waited too long to do so.

Even if, under Massachusetts law, Riordan and Merrimack College had a duty to use reasonable care before contacting the police, that duty would not extend to taking the steps that Plaintiff asserts were required. While some duty might be appropriate, the court finds it would be against public policy to impose upon Riordan the obligation to take the suggested unreliable and cumbersome measures in an attempt to disprove his suspicions that a violent felon was loose on campus.

Under the circumstances, Riordan had no duty to investigate Plaintiff's class schedule or attendance before contacting the police. Summary Judgment as to Count XII is ALLOWED.

COUNT XII - VIOLATION OF PRIVACY RIGHTS PURSUANT TO M.G.L. ch. 214

Plaintiff does not oppose Merrimack College's Motion for Summary Judgment on this count.[11] Summary Judgment is therefore granted as to Count XII.

COUNT XIII - BREACH OF CONTRACT

Plaintiff asserts that Defendants Riordan and Merrimack College breached the terms of

---

[9] Mullins v. Pine Manor Coll., 449 N.E.2d 331, 336 (Mass. 1983) (finding a college negligent for providing inadequate security where a student was raped).

[10] Id.

[11] Pl.'s Opp. 1.

their contract with Plaintiff by (a) discriminating against Plaintiff on the basis of his race (b) failing to protect and maintain Plaintiff's privacy and confidentiality; (c) assisting in causing a seizure and or arrest without probable cause; and (d) by failing to afford Plaintiff due process.[12]

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'"[13]  Plaintiff does not provide specific facts sufficient to establish a breach of contract due to any discrimination by Defendants Riordan or Merrimack College.  Plaintiff fails to allege facts to show that any discrimination was intentional, or that any discrimination was a substantial or motivating factor of the Defendants' actions.  Defendant Riordan contacted the North Andover police because he believed that Plaintiff matched, or was similar to, the description of the armed bank robber.  Based on this evidence, no reasonable jury could conclude that Defendants discriminated against Plaintiff.  Defendants, therefore, did not breach any alleged contractual obligation of non-discrimination.[14]

Plaintiff also asserts that the Defendants breached a contract to protect Plaintiff's privacy. This breach of contract claim appears to be similar in nature to Plaintiff's M.G.L. ch. 214 § B right of privacy claim upon which Plaintiff does not oppose summary judgment.  Like the state

---

[12] Pl.'s Comp. ¶ 131.

[13] Barbour v. Dynamics Research Corp. 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

[14] Because this claim is resolved on other grounds, it is unnecessary to address Plaintiff's position that Defendant Merrimack College entered an enforceable contract with Plaintiff that prohibited Merrimack College from discriminating against Plaintiff.

right of privacy claim, this claim also does not survive. No enforceable contract barred Riordan from providing Defendant's information to the police when he believed this information was relevant to solving the bank robbery. Summary judgment shall enter as to part (b).

The court has previously determined that the arrest was made with probable cause. Accordingly, part (c) is dismissed as a matter of law.

Plaintiff's final breach of contract claim is equally flawed. Considering the legality of the arrest, this court sees no evidence that Defendants violated Plaintiff's right of due process, or that they breached a contractual promise to afford Plaintiff his due process rights. Count XIII does not survive summary judgment.

COUNT XIV - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Even with all reasonable inferences in Plaintiff's favor, this court sees no evidence that Defendants breached any implied covenant of good faith and fair dealing. To defeat summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."[15] Plaintiff has not. As a result, summary judgment shall enter on Count XIV.

For these reasons, <u>Defendants Merrimack College and Michael Riordan's Motion for Summary Judgment as to All Remaining Counts</u> [#102] is ALLOWED. No counts remain against Defendants. Accordingly, this case is closed.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[15] Fed. R. Civ. P. 56(e).